UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : CIVIL ACTION NO. 3:01CV1913(DJS) (TPS) |
| Plaintiff, | : |
| V. | : |
| LARRY LYNCH & WILLIAM KAMINSKI | : |
| Defendants. | : FEBRUARY 24, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**I.   FACTS**

The pro-se plaintiff, who is presently incarcerated by the Connecticut Department of Corrections, has brought this action against Larry Lynch and William Kaminski, both members of the New Milford Police Department, arising from his arrest and conviction for an incident that occurred on February 29, 2000, criminal action No. CR-00-100901. Although the plaintiff's claims are difficult to decipher, they all appear to arise from his February 29, 2000 arrest. Because the plaintiff was convicted, he is unable to maintain this civil action and it should be dismissed.

352950

**II.   LAW AND ARGUMENT**

    **A.   A CONVICTION CONCLUSIVELY ESTABLISHES PROBABLE CAUSE AND THEREFORE BARS ANY CLAIM OF FALSE ARREST, FALSE IMPRISONMENT, OR MALICIOUS PROSECUTION**

"A valid judgment of conviction upon the charge instituted is a conclusive defense." McMahon v. Florio, 137 Conn. 704, 706 (1960). The Restatement (Second) of Torts, views a conviction, even if later overturned, as "conclusively establishing the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." Restatement (Second) of Torts § 667 (1) (1977). The rationale given is that a guilty verdict establishes "that a person who initiated the proceedings had reasonable grounds for so doing." Id. at 667.

Moreover, existence of probable cause for an arrest totally precludes a Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution. Mark v. Furay, 769 F.2d 1266, 1269 (7th Cir. 1985). Under Connecticut law, a police officer can make a felony arrest of "any person who such officer has reasonable grounds to believe has committed or is committing a felony." Conn. Gen. Stat. Ann. § 54-1f(b). "[I]n action for false imprisonment, the defendant is entitled to prevail if he can establish that there was probable cause for the arrest". Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986).

"It cannot be said that a claim for false arrest will not stand where the arresting officer had probable cause." Weyant v. Okst, 101 F.3d 845, 852 (2nd Cir. 1996). "It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution." Peterson v. County of Nassau, 995 F.Supp. 305, 313 E.D.N.Y. (1998), citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under Section 1983." Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999).

Finally, to establish a claim for malicious prosecution under Connecticut law, the plaintiff must prove that:

> (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982).

Inasmuch as the pleadings only state the first element of a malicious prosecution claim, any potential action for malicious prosecution must fail.

Plaintiff alleges various violations of his federal constitutional rights. Such constitutional claims are precluded under Heck v. Humphrey, 512 U.S. 477 (1994). "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

352950

actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a Federal Court's issuance of a writ of habeas corpus." Here, plaintiff's primary complaint appears to be that he was arrested and convicted, while his domestic partner was not. Simply put, the complaint fails to state a claim upon which relief can be granted.

### III.  CONCLUSION

Because plaintiff was convicted, any claim that he makes for false arrest or any potential claim that might be construed in a liberal reading of the complaint, for false imprisonment or malicious prosecution against the defendants should be stricken.

RESPECTFULLY SUBMITTED,
DEFENDANTS,
LARRY LYNCH and
WILLIAM KAMINSKI

By: _____
JAMES N. TALLBERG, ESQ.
Federal Bar No. ct17849
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123
Tel. No. (860) 548-2600

352950

4

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing has been mailed, postage prepaid this 24th day of February 2004, to the following pro se party and counsel of record:

Howard John Gombert, Jr. #108050
1153 East Street South
Suffield, CT 06080

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

352950

5