UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 17  P 5: 36

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Howard John Gombert Jr.#108050

Vs.
Investigator Larry Lynch &
Patrolman William Kaminski

CIV.NO.3:01CV1913(DJS)(TPS)

DATE, March 13,2004

### PLAINTIFF'S "SECOND" RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT.

As with the plaintiff's last response to the defendant's motion to dismiss,The plaintiff respectfully asks that the court deny their motion to dismiss the plaintiff's complaint.

1) First off,the plaintiff wants the court to know that he still has **not** recieved a copy of the defendant's motion to dismiss from the defendant's.That the plaintiff only recieved a copy from the COURT! after asking the court for a copy.This also shows that there is no problems with the U.S Post Office in delivering mail to the plaintiff.So that can only leave one conclusion,and that is that the defendant's certification claiming that they mailed the plaintiff a copy of their motion to dismiss is untrue.
 So the plaintifff respectfully asks that the court deny the motion to dismiss on their failure to get the plaintiff a copy of their motion to dismiss,and also asks that the court order that the defendant's mail their motion's return rereipt,in order to prove that they do infact send to the plaintiff copy's of any motion they file in this case from this point on,to insure that the plaintiff does recieve a copy of the defendant's motion's in the future.

2) The plaintiff's complaint is **NOT** about being,nor does it claim that the plaintiff was,**Falsely arrested,or falsely imprisoned.**
 What the plaintiff's complaint ,or part of it is about,is how differently he was treated than his Ex,that even though there was just as much evidence,if not more to support bringing charges against his Ex.The plaintiff was denied the right to file such charges because he is a man,and his Ex is a woman.
 The plaintiff will show how the domestic assaults against him by his ex,were repeated over several days,that the plaintiff told the defendant's of this,and that the plaintiff made it clear to the defendant's that he wanted to file charges.The defendant's never filed the charges against the plaintiff's ex,infact they ignored any and all evidence that could be used against the plaintiff's ex to support what the plaintiff said actualy happened,and in doing so the defendant's denied the plaintiff his rights,and protections that the Constitution of the United States,and the states Laws guarantee the plaintiff.

Pg.1

3) The second part of the plaintiff's complaint is about how property of the plaintiff was illegaly searched and seized, from his vehicle,(which had nothing to do with the domestic case that the plaintiff had been arrested on,or convicted of) As well as searches of his basement,and the seizure of property from the basement,which was done without a searchwarrent,and done under false pretences,the defendant's claimed it was a crime scene,yet no crime was commited there ,nor did they ever charge the plaintiff of any crime in that search.

This was done illegaly,nor did the defendant's or anyone else have the right   to  remove,or take any of the plaintiff's belongings, the plaintiff still has not even been told what was removed by the defendant's or other law enforcement agents working with the defendant's.

This was done in both cases illegaly in violation of the plaintiff's right's against illegal searches and seizure as well as violation of the plaintiff's right's to privacy.

a) Property taken from the plaintiff's vehicle (which once again had nothing to do with the plaintiff's arrest) that the defendant's had no illegal right in seizing,or any legal reason,(PHOTO'S) these photo's were extremely privite,so privite that the plaintiff had them in a locked box.These photo's were of the plaintiff and some of his girlfriends nude and engaged in privite acts,there was also a vidio tape.This property was shown to many people both in and out of law enforcement,people who had no reason or right to see these things belonging to the plaintiff.Once again these photo's were in NO way evidence of any crime,nor was there any legal reason for the defendant's seize or to show the plaintiff's private vidiotape and photo's to anyone.

The defendant's actions with these photo's and vidio tape are a clear violation of the plaintiff's rights to privacy,and once again have NOTHING to do with his conviction in the domestic case that he was arrested for.

3) The third part of the plaintiff's complaint once again has nothing to do with the plaintiff's arrest,or with his conviction but is about the belongings of the plaintiff that after the defendants had gone threw and taken what they wanted to,once again illegaly.

When then the plaintiff's exgirlfriend kept the plaintiff from retrieveing his belongings,she thenmoved from the residence in which the plaintiff and she had ohce shared,all of the plaintiff's belongings had disappired.When the plaintiff asked the defendant's with a notarized letter to take actions against his ex for taking every thing that the plaintiff owned,the defendant's did nothing,yet when his ex claimed that she was missing somthing that she never had in the first place,just reading what she claimed to be missing,a fool could tell that her statement was a compleat lie.The defendant's tryed every thing to charge the plaintiff with a crime,even though no crime had been comitted by the plaintiff,but had been by his ex,

yet once again the defendant's ignored all evidence,and refused to charge the plaintiff's exgirlfriend with any crime(s) that she was committing against the plaintiff.As a result of the defendants actions the plaintiff has lost every thing that he ever owned,alot which could never be replaced,and now there is no hope of recovering any of his things,where if the defendant's had acted when the plaintiff made his complaint to them,some of the plaintiff's belonging's could have been recovered.
   The defendant's denied the plaintiff any and all protection under the law,and that are given to the plaintiff under the Constitution of the United States of America.

   **4)** The defendant's motion to dismiss wants the court to think that once the plaintiff was convicted,that made it all right what the defendant's did in violating the plaintiff's rights,that the complaint is only about his arrest and things that the plaintiff was convicted of,which is **NOT** the case,infact most of the plaintiff's complaint against the defendant's has nothing to do with the plaintiff's arrest or conviction.This complaint is about the defendant's actions,and wrong doings,not the plaintiff's.The defendant's motion states no factual reason to dismiss the plaintiff's complaint against them,they want the court to forget what they did to the plaintiff because he plead guilty for his part in the domestic violence that happened between him and his girlfriend, they want the court to believe that  the plaintiff's case is over **False arrest,False imprisonment,or malicious prosecution**, which is not the case,No where in the plaintiff's complaint is any such claims made.So there for the plaintiff once again asks that the court deny the defendant's motion to dismiss the plaintiff's complaint.

   The plaintiff also hopes the the court will remember that the plaintiff has no real legal knowledge and is doing his best to get his constitutional rights enforced,and those that the defendant's took back.The plaintiff can only use common sense when he answers the defendants motions and the truth and hopes that is good enough for the court.That the court will deny the defendant's motion to dismiss the plaintiff's complaint,and will not allow the defendant's to further deny the plaintiff his constitutional rights.

                                             RESPECTFULLY SUBMITTED,
                                             BY THE PLAINTIFF.

                                             *Howard John Gombert Jr.*
                                             Howard John Gombert Jr.#108050
                                             1153 East Street South
                                             Suffield,Ct.06080

### CERTIFICATION

This is to certify that a copy of the foregoing motion, has been mailed, postage prepaid this 13th day of March 2004, to the defendant's counsel of record, Mr. James N. Tallberg, at One State Street, Hartford Ct, o6123.

The Plaintiff.

*Howard John Gombert Jr.*
Howard J. Gombert Jr. #108050
1153 East Street South
Suffield, Ct. 06080