UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*FILED*

2004 JUN 14 A 9 31

U.S. DISTRICT COURT
HARTFORD, CT.

HOWARD JOHN GOMBERT, JR.        :
                                :              PRISONER
        v.                      :     Case No. 3:01CV1913 (DJS)
                                :
LARRY LYNCH and                 :
WILLIAM KAMINSKI                :


RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Howard John Gombert, Jr. ("Gombert") is currently
confined at the MacDougall-Walker Correctional Institution in
Suffield, Connecticut.  He brings this civil rights action pro se
pursuant to 28 U.S.C. § 1915.  Gombert asserts several claims
related to his arrest on February 29, 2000.  Defendants have
filed a motion to dismiss on the ground that Gombert's conviction
precluded his claims.  For the reasons that follow, the motion to
dismiss is denied.

I.    Standard of Review

When considering a Rule 12(b) motion to dismiss, the court
accepts as true all factual allegations in the complaint and
draws inferences from these allegations in the light most
favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232,
236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir.

1998).  Dismissal is warranted only if, under any set of facts

that the plaintiff can prove consistent with the allegations, it

is clear that no relief can be granted.  See Tarshis v. Riese

Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d

433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is

not whether the plaintiff will prevail, but whether the plaintiff

is entitled to offer evidence to support his or her claims."

Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting

Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.

1995) (internal quotations omitted)).  In its review of a motion

to dismiss, the court may consider "only the facts alleged in the

pleadings, documents attached as exhibits or incorporated by

reference in the pleadings and matters of which judicial notice

may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12,

15 (2d Cir. 1993).  The Second Circuit "ordinarily require[s] the

district courts to give substantial leeway to pro se litigants."

Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II.  Facts

     The court accepts as true the following allegations taken

from the amended complaint.

     On February 29, 2000, Gombert and his girlfriend were

involved in a domestic dispute.  Defendants, members of the New

Milford, Connecticut, police department, responded to the scene

2

and arrested Gombert without conducting any investigation.
Despite the fact that Gombert's statement to police and injuries
supported his claim that his girlfriend assaulted him, defendants
did not charge his girlfriend as a result of the incident.  Even
when his girlfriend admitted in court that she had assaulted
Gombert, no charges were filed against her.

In addition, defendants searched Gombert's car and removed
personal property unrelated to the domestic dispute without a
warrant.    Defendant Lynch has repeatedly refused to comply with
a court order that he release the personal items to Gombert's
attorney.

III. Discussion

Defendants characterize the amended complaint as asserting
claims of false arrest, false imprisonment and malicious
prosecution.  They contend that none of these claims are
cognizable because Gombert was convicted of the charges.  In
addition, they contend that any other claims are barred by the
Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).
In response, Gombert asks the court to deny the motion to dismiss
because defendants never served him with a copy of the motion.
In addition, he argues that defendants have mischaracterized the
claims set forth in the amended complaint.

3

A.    Service on Gombert

In his first response to the motion to dismiss, Gombert
states that defendants did not mail him a copy of the motion.  He
has attached copies of prison records documenting all of the
legal mail he received during the relevant period to show that
nothing was received from defendants.  He did not know that the
motion had been filed until the court issued a notice informing
him that he was required to respond to the motion.  Defendants
did not send Gombert another copy of the motion to ensure
service.  Instead, the court had to send a copy of the motion to
Gombert to enable him to respond to the merits of the motion.

Rule 5, Fed. R. Civ. P., requires that service be made on
opposing parties.  Although Gombert's request that the motion to
dismiss be denied because defendants failed to send him a copy of
their motion is denied, defendants are requested to ensure that
all future filing are sent to Gombert.

B.    False Arrest, False Imprisonment, Malicious Prosecution

Defendants argue that Gombert's claims for false arrest,
false imprisonment and malicious prosecution are not cognizable
because he was convicted on the charge for which he was arrested.
In response, Gombert states that he has not included claims for
false arrest, false imprisonment or malicious prosecution.

When reviewing a pro se complaint, the court must liberally

4

construe the pleading and consider all possible claims that are
cognizable under the factual scenario alleged.  Gombert alleges
that defendants violated his right to equal protection of the
laws when he was arrested but his girlfriend was not.   In
addition, he asserts Fourth Amendment claims for illegal search
and seizure of property unrelated to the charges for which he was
arrested.   These are the claims identified by Gombert in response
to the motion to dismiss.

Because Gombert states that he does not assert claims of
false arrest, false imprisonment or malicious prosecution in this
action, defendants' motion to dismiss is denied on this ground.

C.   Other Constitutional Claims

Defendants also argue that any other constitutional claims
are barred by Heck v. Humphrey, 512 U.S. 477 (1994).   In Heck v.
Humphrey, the Supreme Court determined that where a judgment in
favor of the plaintiff would necessarily implicate the validity
of the plaintiff's conviction or the length of his sentence, a
cause of action under section 1983 is not cognizable unless the
plaintiff can show that his underlying "conviction or sentence
had been reversed on direct appeal, declared invalid by a state
tribunal authorized to make such a determination, or called into
question by the issuance of a federal writ of habeas corpus."
Id. at 487.

5

Gombert argues, and it appears from the allegations in the amended complaint, that his Fourth Amendment claims are unrelated to the charges underlying his conviction.  Thus, a ruling in his favor would not implicate the validity of his conviction. Defendants' motion to dismiss is denied on this ground as well.

IV.  Conclusion

Defendants' Motion to Dismiss [**doc. #31**] is **DENIED**. Defendants are directed to file their answer within **twenty (20)** days from the date of this order.  The parties are directed to conclude discovery in this case, which has been pending for over two years, within **sixty (60)** days from the date of this order and to file any dispositive motions within **ninety (90)** days from the date of this order.

**SO ORDERED** this 10th day of June, 2004, at Hartford, Connecticut.

Dominic J. Squatrito
United States District Judge

6