UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050
    Vs.
Investigator Larry Lynch &
Patrolman William Kaminski

FILED
2004 AUG -4 A 9:23
PRISONER
CIV.NO. 301CV1913(DJS)(TPS)

DATE: July 25, 2004

-MOTION TO COMPEL DEFENDANTS TO GIVE THE PLAINTIFF
UNMOLESTED COPIES OF THE FOREGOING DISCOVERY MATERIALS-

    The Plaintiff respectfully asks that the Court Order the Defendants to produce and turn over to the Plaintiff unmolested of the foregoing listed Discovery materials, that are important to the Plaintiff's case against the Defendant's. The Plaintiff asks for this Order for the following reasons;

1) On June 30, 2003, the Plaintiff sent the Defendant's attorney of record, Mr James N. Tallberg, a copy of a "**MOTION FOR DISCOVERY**" Which was ignored by the defendant's.

2) On June 17, 2004, The Plaintiff once again sent the Defendant's attorney of record, Mr. James N. Tallberg, a copy of a "**MOTION FOR DISCOVERY**", in an attempt to get Discovery materials the Plaintiff will need in order to go forward with this case.

3) On July 12, 2004, the Defendant's send the Plaintiff a "**NOTICE OF DEPOSITION**" while still ignoring the Plaintiff's attempts at getting Discovery materials from them.

4) On July 15, 2004, the Plaintiff sent the Defendant's a "**RESPONSE TO DEFENDANT'S NOTICE OF DEPOSITION**" it in principal stated that because the Defendant's had ignored the Plaintiff's attemp's at Discovery, as well as the Plaintiff's attemp at "**ADMISSIONS**".
    **The plaintiff was not in the position to give a Deposition, and** would not be able to untill the Defendant's answered the Plaintiff's request's.

(1)

5) On July 16,2004, the Defendant's sent the Plaintiff a"RESPONSES TO THE PLAINTIFF'S MOTION FOR DISCOVERY"and"PRIVILEGE LOG"and a "DEFENDANT'S SET OF INTERROGATORIES AND A REQUEST FOR PRODUCTION TO PLAINTIFF",as well as a bunch of copied documents,alot of which had parts of them blacked out,and they sent black and white photo copies of what photo's they choose to send,which even them are useless,because they are not clear enough to see any kind of detail, of which the plaintiff is looking to show evidence that the defendant's choose to ignor because it supported his complaints against his Exgirl friend.

The Defendant's did not even send the Plaintiff photo copies of "ALL" the photo's taken at 332a Aspetuck ridge road,New Milford, Ct.or of the Plaintiff.They only sent the ones that they wanted to send,knowing that they were useless to the Plaintiff.

Even with the Document's, they only sent what they wanted to,and did not really send any thing that the Plaintiff requested from them in his Discovery Motion.

Out of every thing that they sent the plaintiff,the only two things that could be called Discovery Materials,was a copy of a release to a New York police officer,and a copy of the search warrent on the property that was illegaly seized by the defendant's, otherwise they really did not sent the plaintiff the requested for Discovery materials.

As for the Defendant's blacking out parts of the document's before giving copies to the plaintiff.The defendant's have "NO" legitimate for doing this,unless they are trying to hide some thing that they know they did wrong to the plaintiff.Because"ALL" the criminal cases against the plaintiff are over with,and the the plaintiff knows his Ex girlfriend's name and address,as well as the names of the people he talked to on the phone,Mrs Jill Kalinski,Mrs Susan Haslam,and Mrs Sharon Darden.So there is no valid reason for the Defendant's to mark,or to tamper with any of the possible evidence in this case that is against them.The Plaintiff askes the Court to order that the Defendant's to produce unmolested copies of all Discovery Materials.

(2)

6) As for the Defendants "PRIVILEGE LOG" Dated July 16,2004.The defendants have"**NO**" legitimate reason for keeping the documents on their Privilege log from the Plaintiff.The only real reason why the defendant's want to keep those documents from the plaintiff is because those documents,will support the plaintiff's claims against the Defendants in this case.

The Plaintiff requests that the Court Order the Defendant's to turn over all document's in their privilege log.After all these documents are 3 years old,and their use in the investigation that the defendant's gained them in,is long over with.The cases are closed,and all those documents should have been turned over to the plaintiff's criminal attorney along time ago,not hidden like they were!

Document Number one and Number two,should have been given to the plaintiff along time ago,sence it was his belongings that were searched ( Note it was not his consent that was given.)

Document Number three,return for Inventory;The plaintiff has the right to know what belonging to him was seized and by who,and why,as well as well as who was allowed to take possion of the plaintiff's property while it was at the New Milford police Dept.

Number Six,pictures of 332a Aspetuck Ridge road,New Milford, and of the plaintiff's Ex at the hospital.Thereis absolutely"**NO**" legit reason for the defendant's to keep photo's of 332a Aspetuck Ridge road,New Milford,from the plaintiff,after all it was the plaintiff's place of residence at the time that the photo's were taken.

As far as the pictures of Miss Gunderman goes,she is the mother to the plaintiff's child,so there is no reason the plaintiff can't see any photo that the defendant's can!It's not like there's the possiblity that the plaintiff might see apart of Miss Gunderman that he has not seen before!

Number Five,is the taped phone calls between the plaintiff and Mrs.Jill

Kalinoski.In those conversations things are talked about that will go along way in showing that the defendant's knew what was going on,and that they did nothing about it,thus dening the plaintiff his rights.

As for the defendant's claim that the stuff requested by the plaintiff is a part of an on going investigation,is totaly untrue, for that case is done and over with.This is just another attempt by by the defendant's to decieve the Court.

The Plaintiff asks that the Court Order the Defendant's to produce and give copies to the plaintiff the following listed Discovery Materials in a timely fashion.

1) Copies of"**ALL**"photos taken of Mr Gombert by police,with and without his shirt on.35mm,as well as polaroid photo's (NOT PHOTO COPIES,but actual copies of the photo's)

2) Copies of "**ALL**"photo's taken by police of Miss Gunderman ( Same as above )

3) Copies of "**ALL**"photo's taken at 322a Aspetuck Ridge road, New Milford ( Same as above )

4) Copies of "**ALL**"photo's taken of Mr Gombert's White 1984 Firebird,that was legaly parked at the plaintiff's residence at the time it was illegaly searched,

5) Copies of "**ANY**"and"**ALL**" reciepts for the property of Mr. Gombert's that was seized by the defendant's,as under Sec.54-36F should have been given.

6) Copies of"**ANYTHING**" and **EVERYTHING**"giving permission to New Milford police or any other police officer,to search and seize property belonging to the plaintiff,from the plaintiff's 1984 white Firebird.

7) Copies of "**ANY**" Court Order,or Search warrent giving the Defendant's the right to open any of the plaintiff's mail that came to 322a Aspetuck ridge road,New Milford,CT.

8) Copies of the evidence room log that shows <u>everyone that had any kind of contact</u> with the plaintiff's belongings while they were at the New Milford police Department.

9) Copies of the warrent or Court Order that allowed property belonging to the plaintiff to be given to Det.Dan Elmendorf of the state police troop L.

10) Copies of the warrent or Court Order that allowed property belonging to the plaintiff, that was in the defendant's possion, to be given to Officer Rondy Tomkins of the Carmel N.Y. police Dept.

11) Copies of "All" statement or Affidavits made by Mr. Gombert to the New Milford Police Dept.

12) Copies of "All" Statements or Affidavits made by Miss Gunderman involving Mr. Gombert to the New Milford Police.

13) Copies of "All" statements or affidavits made by Mrs Jill involving the plaintiff to the New milford police.

14) Copies of "All" Statements or affidavits made by Mrs Susan involving the plaintiff to the New Milford Police.

15) Copies of "All" transcripts of phone calls between the plaintiff and Mrs Jill Kalinoski, between Feb 29, 2000 and July 30, 2000.

16) Copies of "all" transcripts of phone calls between the plaintiff and Mrs Susan Haslam.

17) Copies of "all" transcripts of phone calls between the plaintiff and Mrs Depreceni.

18) Copies of the incoming and outgoing phone calls at the plaintiff's residence at the time of his arrest, phone number 860-354-0276 for the time period of Feb 24, 2000-Feb 29, 2000.

19) Copies of "all" notes taken by patrolman William Kaminski involving the Plaintiff.

20) Copies of "all" notes taken by Investigator Larry Lynch involving the plaintiff.

21) Copies of "all" notes taken by Investigator Wheeler involving the plaintiff.

22) Copies of "all" notes taken by Investigator Mullin involving the plaintiff.

23) Copies of the consents to search Dated 3-1-00 and 4-17-00.

24) Copies of the supplemental report dated 4-20-01.

25) Copies of the return for inventory;property seized on search and seizure warrent dated 3-1-00.

The plaintiff has listed as plain as possible the Discovery Materials that he is asking the Court to Order the defendants to turn over unmolested copies to the plaintiff.So that Discovery will have been made,and the plaintiff will be able to answer the defendant's first set of Interrogatories and request for production
Which untill the defendant's turn over the foregoing Discovery materials the plaintiff can not do.So once again the plaintiff respectfully asks the Court to Compel Discovery.

RESPECTFULLY SUBMITTED BY
THE PLAINTIFF:

*Howard John Gombert Jr.*
Howard John Gombert Jr.#108050
1153 East Street South
Suffield,Ct.06080

### -ORDER-

After hearing the foregoing Motion to Compel Defendant's to give the plaintiff unmolested copies of the foregoing Discovery Materials, it is hereby ORDERED;

GRANTED / DENIED

_____    _____
DATE                      JUDGE / COURT CLERK

### -CERTIFICATION-

this is to certify that a copy of the foregoing was mailed to the defendant's attorney of record, Mr James N. Tallberg, at One State street, Hartford, Ct, 06123. On this 25 day of July 2004.

THE PLAINTIFF:

*Howard John Gombert Jr.*
Howard John Gombert Jr. #108050
1153 East Street South
Suffield, Ct. 06080