UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 13 P 3: 33

U.S. DISTRICT COURT

Howard John Gombert Jr.#108050
    plaintiff,
Vs.
Investigator Larry Lynch &
Patrolman William Kaminski
    defendant's

Prisoner.
CIV.NO.3:01CV1913(DJS)(TPS)

Date; August 8th, 2004

-PLAINTIFF'S RESPONSE TO THE DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY-

    The Plaintiff hereby states in Response to the Defendant's Response to the Plaintiff's Motion to Compel Discovery,that even though the Defendant's did send the Plaintiff some Documents,as well as some photo copies of a **FEW** of the photo's requested in the Plaintiff's Discovery Motion.What the Defendant's did send to the Plaintiff is not even close to what the Plaintiff requested from the Defendant's in Discovery Materials.
    The Defendant's picked a few document's that they knew the Plaintiff really could not use against them,so that now they could try to claim that they had answered the Plaintiff's request for Discovery,without actually answering the Plaintiff's requests.
    The Defendant's are not turning some of the requested Discovery Materials,Because they claim that the Materials are part of an on going investigation,this they know is not true,and is it not odd that the Materials that the Defendant's are trying to keep from the Plaintiff under this alleged investigation is the same materials that will support the Plaintiff's complaint against the Defendant's?
    The Defendant's also know that the Discovery materials that the Plaintiff is trying to get from the Defendant's will show that during the Defendant's own investigation they became aware of

Pg.1

crimes that were being committed against the Plaintiff, They knew that the Plaintiff wanted to file a complaint, and was trying to file a complaint, yet the Defendant's did nothing, infact they ignored and even hid from the plaintiff evidence that supported the Plaintiff's complaint's.

That is the real reason why the Defendant's are doing all they can to not give the Plaintiff the Discovery Materials that the Plaintiff has requested. So therefor the Plaintiff has requested, and is why the Defendant's don't want the Court to "**Compel Discovery**," But the Plaintiff once again asks the Court to "**Grant**" the Plaintiff's **Motion to Compel Discovery**."

The Defendant's actions are what made the Plaintiff file a **"MOTION TO COMPEL DEFENDANT'S TO GIVE THE PLAINTIFF UNMOLESTED COPIES OF THE FOREGOING DISCOVERY MATERIALS",** that was dated July 25, 2004.

That not only asked the court to Compel Discovery, But also asked that the Court Order that the Defendant's not tamper with Discovery materials, when they do give the Plaintiff requested Discovery Materials.

In **"DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY"**, the Defendant's state "the Discovery sought by the Plaintiff was provided to him on or about the date he filed the present motion to compel." The Defendant's gave to the Plaintiff only what they wanted to, not what the Plaintiff actually asked for from the Defendant's.

The Following is what the Plaintiff asked for in discovery Materials from the Defendant's, and what the Defendant's gave

1) Copies of all police notes referring to either Mr. Gombert or Miss Gunderman, on or after February 26, 2000.
    a) The Defendant's Response, Assuming Plaintiff is referencing the February 26, 2000 incident, see attached documents.
    b) The Plaintiff asked for **"ALL"** police notes referring to Mr. Gombert or Miss Gunderman! <u>Recieved</u> **"NO POLICE NOTES"**

Pg.2

2) Copies of all statements referring to Mr.Gombert in any way taken by,or with any officer within the New Milford police Department on or after February 26,2000.

    a) The Defendant's Response,Assuming Plaintiff referencing the Febuary 26,2000 incident,see attached documents.

    b) The Plaintiff asked for "ALL" statements referring to Mr. Gombert in <u>any way</u> taken by,or with any officer within the New MilFord police Department. The Plaintiff was only given one statement made by Miss Gunderman,It is Known that she gave many false statements and that there were other statements made by other people that are in the control of the defendant's.None of these Statement's were turned over to the Plaintiff,and the Plaintiff respectfully asks that the Court order that the Defendant's do so.

3) Copies of any and all search warrants used to search and seize any of Mr.Gombert's property or belongings,either from his 1984 Firebird Reg.#234NSS,or at the residence at 322a Asptuck ridge rd, New Milford,Ct.or the residence of his father'sMr.Howard J.Gombert Sr.at 9 Elmwood Rd,New Fair Field,Ct.

    a) The Defendant's Response,See attached documents.

    b) The Defendant's gave the Plaintiff a copy of a search warrant for the residence at 322a Asptuck ridge Rd,New Milford,Ct and a copy of a search warrant for the Plaintiff's belongings that were illegally sieze from the Plaintiff's 1984 Firebird Reg#234NSS, that was dated well after the property was seized.

    c) The Plaintiff is satisfied with this part of his request for Discovery as long as the Defendant's do not try to claim they had any other search warrant at a later date.

4) Copies of any thing signed by anyone giving permission to search any thing that contained belongings of Mr.Gombert's,that was searched without a search warrant.

    a) The Defendant's Response,See attached documents.

    b) The Defendant's showed the Plaintiff a copy of a document that Miss Gunderman gave them permission to search,322a Asptuck Ridge

road, New Milford, Ct.

    c) If this is in fact what was used by the Defendant's, and they do not try at a later date to claim that they have any other document giving the Defendant's permission to search anything that contained belongings of Mr. Gombert, then the plaintiff is satisfied with this part of his request for discovery.

5) Copies of all receipts for Mr. Gombert's property or belongings that was either seized or taken into police custody for any reason, ( Per Connecticut State Statue Sec 54-36f.) from either his Firebird Reg # 234NSS or from 322a Asptuck Ridge road, New Milford, Ct. or from 9 Elmwood road, New Fairfield, Ct.

    a) The Defendant's Response, See attached documents.

    b) "NO" copies of any reciept for Mr. Gombert's belonging that were seized, was given to the Plaintiff by the Defendant's.

6) Copies of any and all paperwork allowing any other police or Government agency to take possession of Mr. Gombert's belonging's that were in the New Milford Police Department's possession.

    a) The Defendant's Response, **OBJECTION:** Defendant's counsel is in possession of certain police records marked "no secondary dissemination" which cannot be disclosed because they deal with a pending criminal investigation and they disclose confidential and privileged information. Those documents being withheld from production are identified on the attached **Privilege Log.**

    b) The defendant's attorney of record Mr James N. Tallberg showed the Plaintiff every thing that is in the Defendant's **Privilege Log** except for transcripts of recorded phone calls made by the plaintiff, and not only is the Defendant's Objection not factual, but their informatiom and or documents that the Plaintiff was requesting, was not included on the Defendant's **"Privilege Log"**. This part of the Plaintiff's Discovery Motion has **NOT** been answered by the Defendant's.

7) Copies of any and all paperwork that would show who was allowed to go through Mr. Gombert's belongings that were in police custody

at New Milford Police Department,as well as to under who's authority they were allowed to do so.

    a) The Defendant's Response,See attached documents.

    b) While the Defendant's did give the Plaintiff some tracking reports,they did "NOT" give anything that showed who was allowed to go through the Plaintiff's belonging's or who allowed them to do so,under who's authority they were allowed to do so!

    c) This part of the Plaintiff's **Discovery Motion** has "NOT" been answered by the defendants.

8) Copies of all photo's that were taken of Mr.Gombert and of Miss Jane M.Gunderman on or after February 26,2000.

    a) The Defendant's Response,"OBJECTION" Defendant's counsel is in possession of certain police records marked "no secondary dissemination"which cannot be disclosed because they deal with a pending criminal investigation and they disclose cofidential and privileged information.Those documents being withheld from production are identified on the attached **Privilege Log.**

    b) The Defendant's Objection is not valid,or based on any factual on going investigation,the photo's that the Plaintiff is asking for in Discovery were taken involoving a case that has already been settled in LitchField Superior Criminal Court.

    c) This part of the Plaintiff's request has "NOT" been fully answered by the Defendant's.

9) Copies of all photo's that were taken of the 1984 Firebird Reg. #234NSS that was parked behind the residence at 322a Asptuck Ridge Rd,New Milford,Ct.

a) The Defendant's Response, See attached documents.

b) No photo's at all of the 1984 Firebird Reg.#234NSS that was illegally searched and property of the Plaintiff's was seized from it, were given to the Plaintiff.

c) This part of the Plaintiff's Request for Discovery has "NOT" been answered by the defendant's.

10) Copies of all photo's that were taken inside the residence at 322a Asptuck Ridge Road, New Milford, Ct.

a) The Defendant's Response, See attached documents.

b) The Defendant's did send the Plaintiff some photo copies of photo's that were taken at 322a Asptuck Ridge Road, New Milford Ct. But these were not "ALL" of the photos that were taken, or was photo copies of the photo's clear.

c) The Defendant's did not send copies of "ALL" photo's that were taken of 322a Asptuck Ridge Road, New Milford, Ct, nor did they send copies. This part of the Plaintiff's request for Discovery has "NOT" been answered by the Defendant's.

11) Copies of any and all medical tests that were taken on either Mr.Gombert or Miss Jane M.Gunderman for the New Milford Police Department on or after February 26,2000.

a) The Defendant's Response, See attached documents.

b) The Defendant's Did "NOT" give the Plaintiff any kind of medical documentation at "ALL".

c) The Defendant's have not answered in "ANYWAY" this part of the Plaintiff's request for Discovery!

For the reasons stated the Plaintiff feels that the Court is going to have to "COMPEL DISCOVERY" in order for the plaintiff to get the Discovery Materials that the Plaintiff has requested from the Defendant's. So once again the Plaintiff would respectfully ask the Court to "GRANT" the Plaintiff's Motion to "COMPEL DISCOVERY"

For the same reasons stated by the Plaintiff, the Plaintiff would respectfully ask the Court to "GRANT" the Plaintiff's "MOTION TO COMPEL DEFENDANTS TO GIVE THE PLAINTIFF UNMOLESTED COPIES OF THE FOREGOING DISCOVERY MATERIALS" as well, so that any further problems may hopefully be avoided.

RESPECTFULLY SUBMITTED BY

THE PLAINTIFFF;

*Howard John Gombert Jr.*

Howard John Gombert Jr. #108050
1153 East Street South
Suffield, Ct. 06080

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid to the Defendant's Attorney of record, Mr. James N. Tallberg, At One State Street, Hartford, Ct. on this _28th_ day of _August_, 2004.

THE PLAINTIFF:

*Howard John Gombert Jr.*
Howard John Gombert Jr. #108050
1153 East Street South
Suffield, Ct. 06080