UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT, JR.    : PRISONER
                            : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS)
    Plaintiff,              :
V.                          :
                            :
LARRY LYNCH & WILLIAM KAMINSKI :
                            :
    Defendants.             : NOVEMBER 23, 2004

### AFFIDAVIT OF LARRY E. LYNCH

I, LARRY E. LYNCH, being of sound mind and legal age, and having been duly sworn, do hereby depose and say:

1. I am over the age of eighteen (18) years and understand and believe in the obligations of an oath.

2. I make this affidavit based on my personal knowledge and based on my review of records created and maintained by the New Milford Police Department in the ordinary course of business.

3. At all times relevant to the complaint in this action, I was a member of the New Milford Police Department acting in my capacity as a member of said Department.

4. On February 29, 2000, at approximately 5:46 p.m., Officer Kaminski, Sgt. Duda, Sgt. Buckley, Officer Marino, Officer Nunnink, traveled to 322A Aspetuck Ridge Road, New Milford,

380779

and arrested plaintiff Howard J. Gombert, Jr., based upon an investigation conducted earlier that day by Officer Kaminski. I arrived later to process the scene.

5. The victim of the plaintiff's crime was his live in girlfriend, who will be referred to in the affidavit as "J."

6. J complained that the plaintiff had sexually assaulted her on Sunday, February 27, 2000.

7. J complained that the plaintiff had bitten the nipple of her left breast hard enough to draw blood.

8. J had a blackened right eye.

9. The plaintiff was confronted by the police outside 322A Aspetuck Ridge Road. He fled on foot but was captured.

10. The plaintiff admitted to us that he bit J on her breast.

11. The plaintiff never told me that he wanted J charged with any crimes.

12. The plaintiff was charged with sexual assault in a cohabiting relationship in violation of Connecticut General Statutes § 53a-70b; risk of injury to a minor in violation of Connecticut General Statutes § 53-21; and assault in violation of Connecticut General Statutes § 53a-61.

13. The plaintiff later pleaded guilty under the Alford doctrine to the charges against him.

14. On March 1, 2000, the day after the plaintiff was arrested, we obtained a search warrant and consent from J and searched the plaintiff's house.

15. A copy of the Consent to Search Form signed by J, dated March 1, 2000, is attached hereto as Exhibit 1.

16. A copy of the Search Warrant, dated March 1, 2000, is attached hereto as Exhibit 2.

17. The evidence we seized was photographed and catalogued. A listing of the evidence seized from 322A Aspetuck Road, New Milford, on March 1, 2000, is attached hereto as Exhibit 3.

18. Among the items of evidence that we seized were items that were in plain view in a motor vehicle bearing Connecticut Registration No. 234NSS, a white Pontiac Firebird, registered to the plaintiff.

19. The vehicle was in the driveway of 322A Aspetuck Ridge Road with the hood up and the rear hatch opened.

20. We seized from the vehicle the following: one black sports cam bag; one maroon premier collection bag with brown trim; one brown leather bag with Winston rodeo awards label; one Bradlees shopping bag; one brown strongbox; one gray briefcase; one black nylon case ("Case Logic"); and one gray/black Jordash travel type bag.

21. These items were placed in the New Milford Police Evidence Room for safe keeping because the plaintiff was incarcerated and the victim, J, had elected not to stay at the residence.

22. While the plaintiff was incarcerated on the charges arising from his February 29, 2000 arrest, he also was a suspect in a case of a missing woman named in New York whose first name was Robin.

23. An investigator from the Carmel, New York Police Department visited the New Milford Police Department, seeking our cooperation in the investigation of the missing woman.

24. On or about March 3, 2000, and on other occasions, members of the Carmel Police Department contacted members of the New Milford Police Department, seeking evidence and information regarding their missing person case.

25. Attached as Exhibit 4 is a Possessed Property Receipt for a necklace seized from the plaintiff's belongings that was released from the New Milford Police Department to the Carmel Police Department, as part of their investigation of their missing person case.

26. On or about April 17, 2000, J made a new complaint that she was missing gold jewelry and other items of personal property.

27. On or about April 17, 2000, J signed an additional Consent to Search form, allowing us to take evidence from her house that we believed may have been evidence of additional crimes committed by the plaintiff.

28. A copy of the Consent to Search form signed by S, dated April 17, 2000, is attached hereto as Exhibit 5.

29. J complained that she believed the plaintiff had stolen her gold jewelry and that she believed it was among the items taken by the police from the plaintiff's vehicle for safekeeping when the plaintiff was arrested.

30. On May 9, 2000, I sought and obtained a second search warrant in order to conduct a search of the aforementioned strongbox, briefcase and other bags of evidence that we had taken from the plaintiff's vehicle for safekeeping.

31. A copy of our May 9, 2000 Search Warrant is attached hereto as Exhibit 6.

32. A copy of our Evidence Seizure Form, dated May 9, 2000, which catalogues the evidence we gathered, is attached hereto as Exhibit 7.

33. We did not provide the plaintiff with a receipt for the evidence that we seized because the search warrants were sealed and he was incarcerated.

34. While the plaintiff was incarcerated on the charges arising from his February 29, 2000 arrest, he was charged with other crimes arising from an incident that occurred in July 1999.

35. In that other action, the plaintiff was convicted of attempt to commit sexual assault in the first degree in violation of General Statutes § 53a-49(a)(2); risk of injury to a child in violation of General Statutes § 53-21(a)(2); and threatening in violation of General Statutes § 53a-62.

36. Because the plaintiff was incarcerated and was under suspicion of having committed additional sex crimes, it was difficult to arrange for the disposition of his property.

37. On July 2, 2001, evidence seized from the plaintiff consisting primarily of pornographic videotapes and photographs was released by the New Milford Police Department to the Litchfield State's Attorney's Office. A copy of the Possessed Property Receipt, dated July 2, 2001, is attached hereto as Exhibit L8.

38. On July 6, 2001, two videotapes were released by the New Milford Police Department to the Litchfield State's Attorney's Office. A copy of the Possessed Property Receipt, dated July 6, 2001, is attached hereto as Exhibit L9.

39. On April 7, 2003, assorted pornographic magazines and photo albums seized from the plaintiff were released by the New Milford Police Department to the Litchfield State's Attorney's Office. A copy of the Possessed Property Receipt, dated April 7, 2003, is attached hereto as Exhibit L10.

40. Some of the evidence seized from the plaintiff, including pornographic photos and videos, was destroyed pursuant to orders of the criminal court.

41. Other property was returned to the plaintiff, although it was difficult to arrange since he was incarcerated.

42. A copy of the Court's Order (DiPentima, J.) dated May 6, 2003, and signed September 24, 2003, is attached hereto as Exhibit L11.

43. A copy of the Possessed Property Receipt, signed by the plaintiff's representative, Lou Panico, dated March 31, 2004, is attached hereto as Exhibit 12.

44. The Litchfield State's Attorney, Jim Fletcher, filed motions in Court regarding the disposition of the plaintiff's property. J also claimed that some of the seized property was hers. This complicated the release of the plaintiff's property but, at all times, I tried my best to comply with the Court's orders regarding the disposition of the plaintiff's property.

45. Since the filing of this action, we have released all of the plaintiff's property, except one camera.

46. That camera was reported stolen by the plaintiff's landlord, Angelo Selino, and was returned to Mr. Selino after he proved to the police that he was the rightful owner.

47. A copy of my memorandum, dated April 17, 2001, regarding Mr. Selino's claim to the camera, is attached hereto as Exhibit 13.

I have read the foregoing affidavit consisting of eight pages. It is true and accurate to the best of my knowledge.

*[signature]*
LARRY E. LYNCH
Affiant

Subscribed and sworn to before me
This 23rd day of November, 2004.

*[signature]*
Commissioner of the Superior Court
Notary Public/My Commission Expires: Sept 30, 2008

BRIAN C. BOLLARO
NOTARY PUBLIC
MY COMMISSION EXPIRES SEP. 30, 2008

380779