UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050
( Plaintiff )

Vs.

Investigator Larry Lynch &
Patrolman William Kaminski
( Defandant's )

FILED
2004 DEC 20 P 4: 19
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
CIV.NO.3:01CV1913 (DJS)(TPS)

DATE: December 6, 2004

### PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Respectfully asks that the Court Deny the Defendant's Motion for Summary Judgment.The Defendant's Motion is "NOT" based on undisputed facts,infact the Plaintiff disputes most of the Defendant's undisputed facts,and the Defendant's are not entitled to any Qualified immunity,when they knowingly violate a citizens civil rights and violate the same laws that they as police officers are sworn to uphold.Therefore the Defendant's are not entitled to a summary judgment.

The Plaintiff will show threw a statement of facts,an affidavit, and supporting documents,that the Defendant's not only violated the Plaintiff's civil right's to equal protection,and against illegal search and seizure,but also violated state statue Sec.54-36F more than once,and possibly tampered with witnesses.

The Defendant's didnot have a search warrent when they searched and seized property from the plaintiff's vehicle,nor did the have any legal reason to search the Plaintiff's vehicle.The Vehicle was not involved in any crime,the vehicle was legally parked at the Plaintiff's residence,off any public road,was registered solely to the Plaintiff.

Pg 1

The Defendant's did not tell the Plaintiff that they had seized his belongings from his vehicle, nor did they give the Plaintiff a receipt for his property as state statue Sec.54-36f clearly states they are suppose to do. At this time the Defendant's knew that the Plaintiff was the sole legal owner of the vehicle.
( See Plaintiff's Exhibit # 4 )

When the Plaintiff found out that the Defendant's had his belongings, and tryed to retrieve his belongings from the Defendant's, the Defendant Investigator Larry Lynch refused to return the Plaintiff's belongings. ( See Plaintiff's Exhibit # 5 )

The defendant had no legal reason or right to with hold the Plaintiff's belongings from him. The Defendant held the Plaintiff's belongings for 69 days before trying and getting a search warrent, the Plaintiff's belongings were illegally seized on February 29,2000 and the Defendant's filed for a search warrent on May 8,2000.
( See Plaintiff's Exhibit # 6 )

The Defendant's used an affidavit from Miss Jane Gunderman that was false and there was nothing belonging to Miss Gunderman found in the Plaintiff's belonging's, yet the Defendant's still refused to return the Plaintiff's belongings.

On Janruary 23,2002 the Litchfield Superior Court ordered that the Plaintiff's belongings be returned to him. Even so the Defendant refused to return the Plaintiff's belongings.
( See Plaintiff's Exhibit # 7 )

On April 18,2002 the Plaintiff had to have a " Renewed Motion for the return of seized property filed in the Litchfield Superior Court.
( See Plaintiff's Exhibit # 8 )

On May 6,2003 the Litchfield Superior Court ordered for the "second" time that the Plaintiff's belongings be returned, and this time most of the Plaintiff's belongings were findly returned to him. ( **See Plaintiff's Exhibit # 9** )

Even though most of the Plaintiff's belonging's were findly returned to him, Does not make the fact that the Plaintiff's Right's against illegal search and seizure were any less violated by the Defendant's.

On the Plaintiff's claim that he was denied equal protection by the Defendant's. The Plaintiff has made several criminal complaints against his exgirlfriend to the Defendant's. One complaint was about being assaulted by Miss Gunderman on the night of february 27,2000 as well as being assaulted on February 28,2000, the Plaintiff has also made the complaint of the theft of belongings by Miss Gunderman, in which the defendant's have refused to act on any crime that Miss Gunderman has committed against the Plaintiff. Thus the Defendant's have denied the Plaintiff any protection under the law, violating the Plaintiff's civil rights.

Therefore the Plaintiff respectfully asks that the Court deny the Defendant's Motion for summary judgment.

Respectfully;

*Howard John Gombert Jr.*
Howard John Gombert Jr. 108050
1153 East street south
Suffield, Ct. 06080

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first class postage prepaid to the Defendant's attorney of record Mr. James Tallberg, at One state street, Hartford, Ct. On this the \_\_6th\_\_ day of \_\_December\_\_ 2004.

The Plaintiff;

*Howard John Gombert Jr.*
Howard John Gombert Jr. #108050
1153 East street south
Suffield, Ct. 06080