UNITED STATES DISTRICT COURT
District of Connecticut

FILED
2004 DEC 20 P 4: 19
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Howard John Gombert Jr.#108050 :
:
Vs. :     PRISONER
:     CIV.NO.3:01CV1913(DJS)(TPS)
Investigator Larry Lynch & :
Patrolman William Kaminski :
:     DATE: December 6,2004

### PLAINTIFF'S "Disputed Issues of material fact"

The Plaintiff asks that the Court remember that the Plaintiff does not have the legal training the Defendant's attorney enjoy's, or any for that matter,that the Plaintiff really does not understand the Rules of the Court,but that the Plaintiff is and will do his best to follow the Rules of the Court.The Plaintiff just asks that the Court understand if the Plaintiff does not get a Rule right.

The Plaintiff also wants the Court to know that the Defendant's have not been forth coming with the Plaintff's requested Discovery materials.The defendant's say they are going to mail the plaintiff different discovery materials,yet never send them to the plaintff, or they do send some,just bits and pieces and not what the Plaintff has asked for.As a result the defendant's have not turned over all Discovery that the Plaintiff needs to prove his case against the defendant's.But the Plaintiff will do his best to show the Court with what the Plaintiff has so far,that the Plaintiff does infact have a case against the defendant's.

The Plaintiff with corresponding numbers,will state the Facts that are in dispute with the Defendant's local 65(a)2.statement, as he will complete all the statements that the Plaintiff objected to because they were incomplete statements.

Pg.1

1) Number 1. was admitted.

2) Number 2. was admitted.

3) Number 3. was Denied--The Plaintiff and Miss Gunderman (J) were together almost two (2) and a half ($\frac{1}{2}$) years, but they only lived at 322a Aspetuck ridge road, New Milford, Ct, for around nine (9) months.
   **See Plaintiff's affidavit.**

4) Number 4. was Denied--Miss Gunderman did find the residence, and start moving in first, it was The plaintiff who finished setting up the residence, and was infact the first one who actually stayed at the residence, while Miss Gunderman was in the Hospital having the baby.

   While it was Miss gunderman who actually gave the money to land lord, the Plaintiff and Miss Gunderman (J) actually shared the bills, even the phone was in the plaintiff's name.
   **See Plaintiff's affidavit.**

5) Number 5. was admitted.

6) Number 6. was objected as being uncomplete--the defendant's fail to state that the plaintiff had only done one line of cocaine the morning of his arrest, and that five hours later when the plaintiff was arrested he was not on cocaine. But that the Morning the defendant's spoke with Miss Gunderman (J) she was not only on cocaine, but she was on paxil, vicadane, and codine, that are just afew of the drugs that the Plaintiff saw Miss Gunderman take that morning.
   **See Plaintiff's affidavit.**

7) Number 7. was admitted.

8) Number 8. was admitted.

9) Number 9. was admitted.

10) Number 10. was objected as being uncomplete--the defendant's failed to state that the Plaintiff had a lump on his head, aburn on

his neck,a mark on his back,and was complaining of back pain.
   See Plaintiff's affidavit & Plaintiff's Exhibit #1.

11) Number 11.was admitted.

12) Number 12,was objected as being uncomplete--the defendant's fail to state that on feburary 29,2000,this kit did not contain any evidence ( blood,semen ) to prove the statement that Miss Gunderman (J) gave,infact it never had any evidence at all,and that is why the defendant's still have not turned over the test results of this test that they are now trying to claim as evidence.
   **The plaintiff cannot show what the defendant's refuse to turn over to the plaintiff.**

13) Number 13.was objected as being uncomplete--the defendant's fail to state that they also took pictures of the injury's that the plaintiff suffered from Miss Gunderman (J).
   **See Plaintiff's affidavit,and the plaintiff cannot show the photo's that were taken by the defendant's because they still have not turned over copies as the plaintiff has requested.**

14) Number 14.was admitted.

15) Number 15.was admitted.

16) Number 16. was admitted.

17) Number 17.was admitted.

18) Number 18.was admitted.

19) Number 19. was denied--the plainff did not flee from police, infact he cooperated with police freely speaking to them,he was even willing to give blood and to take an lie detector test.
   See Plaintiff's affidavit & Plaintiff's Exhibit # 1.

20) Number 20.Was admitted.

21) Number 21.was objected as being uncomplete--the defendant's fail to state that the plaintiff only did so to get Miss Gunderman (J) to let loose oh his testicles.

**See plaintiff's affidavit & Plaintiff's Exhibit # 1.**

22) Number 22, was objected as an uncomplete fact--the defendant's fail to state that when the Plaintiff and Miss Gunderman would fight they wouldoften threaten to kill each other, but neither one of them actually ment it.

**See Plaintiff's affidavit.**

23) Number 23. was admitted.

24) Number 24, was admitted.

25) Number 25. was admitted.

26) Number 26. was admitted.

27) Number 27. was admitted.

28) Number 28, was objected to as having no baring on this case, and is only being used as an attempt to prejudice the Court.

29) Number 29, was objected to as having no baring on this case, and the defendant's are using it as away to attempt to prejudice the court.

30) Number 30, was objected to as an uncomplete fact.--the defendants fail to state that while Miss Gunderman may have had the right to concent to a search of the residence, she did not have the right to say one could search Mr.Gombert's vehicle, or that anyone could remove things that did not belong to her, but did belong to the plaintiff. they also fail to state that even though they found used drug paraphernalia in the residence which at that time would have been in Miss Gunderman's possession, they did not charge her, as they tryed to charge the plaintiff.

31) Number 31, was admitted.

32) Number 32, was admitted.

33) Number 33, was objected to as an uncomplete fact.-- the defendat's fail to state that that listing is a mix of that legally seized property from the residence and the property that was illegally

Pg.4

seized from the plaintiff's vehicle on March 1,2000.

34) Number 34,was denied-- The items that were seized from the plaintiff's vehicle were not in plain sight,"one" the car was parked in the rear of the residence,was not involved in any crime,in any way,"two" some of the property was on the back seat,which you could not see,unless you walked up really looked threw the windows,because the windows were very darkly tinted,"three" only the hood of the vehicle was open,and the other property that was siezed was in the trunk of the car which even if the rear hatch was open you could not see into unless you opened the trunk.Plus all of the property seized was in things like gym bags,brief case,leather bag,things that could not be seen into,without opening.

**See plaintiff's affidavit & Plaintiff's Exhibit # 4,7,**

35) Number 35,was denied,Only the hood of the plaintiff's vehicle was opened.

**See plaintiff's affidavit.**

36) Number 36,was admitted.

37) Number 37,was admitted.

38) Number 38,was objected as an uncomplete fact--the defendant's fail to state that the plaintiff has never been charged as to having any thing to do with the missing woman in New York,and that the defendant's them self's were going around saying that the plaintiff was a suspect in the Meassels rape and murder case,the whole time knowing the plaintiff had nothing to do with the case in any way!

Just to show how the defendants and their co-workers at the New Milford police department were trying to hang anything and every thing they could,look at Plaintiff's Exhibit #16,it shows that some one shot out a window with a paint gun on or about 10/30/2000

Now the Plaintiff was in jail,arrested on febuary 29,2000,and could not even come close to making the bail that was set.

yet some how officer's from the New Milford police department involve and blame the plaintiff for shooting out the window with

a paint gun,some thing the plaintiff has never owned,nor even ever touched,and the police knew that there was no way the plaintiff was involved with that case.
    **See plaintiff's affidavit & Plaintiff's Exhibit #16.**

39) Number 39,was objected to as having no baring on this case except as an attempt to prejudice the court.

40) Number 40,was objected to as having no baring on this case, except as an attempt to prejudice the court.

41) Number 41,was objected to as an uncomplete fact--the defendant's fail to state that this necklice is not listed on any seized property list or inventory,and that this was one of the items that was illegally seized from the plaintiff's vehicle,and seeing how the receipt is dated 3/3/00 this clearly shows that the plaintiff's belongings that were ilegally seized from the plaintiff's vehicle were being searched well before the defendant's had a search warrent to do so,their search warrent is dated 3/9/00.
    **See plaintiff's exhibit # 7 & 10.**

42) Number 42,was objected to as an uncomplete fact--the defendant's fail to state that nothing that Miss Gunderman claimed was missing was found in the plaintiff's belongings and that the plaintiff was not charged with anything on her false afidavit used to get the searchwarrent.

43) Number 43,was objected as an uncomplete fact--the defendant's fail to state that there is no inventory of any property seized in this search,nor is there a reciept for seized property as state statue Sec.54-36f says there should have been,nor was the plaintiff charged with any crime from that search.the defendant's also knew that Miss Gunderman (J) did not have the right to allow anyone to remove things that belonged to the plaintiff.

44) Number 44,was admitted.

45) Number 45,was objected as an uncomplete fact--the defendant's fail to state that Miss Gunderman was first shown the property that

was illegaly seized from the plaintiff's vehicle back in march, when it was first seized,and that Miss Gunderman never infact owned most of what she claimed to be missing in her affidavit,and that nothing she said was missing was found.

**See plaintiff's affidavit.**

46) Number 46,was admitted.

47) Number 47,was admitted.

48) Number 48,was admitted.

49) Number 49,was objected as an uncomplete fact-- the defendant's forget to state that they already had this property in their possession for over two (2) months,and they had already search the property before they had the search warrent,and that they had already clearly violate state statue Sec,54-36f.

50) Number 50.was objected as an uncomplete fact--as the Litchfield Superior Court had ordered the property released and there was no legal reason for the defendant's to deny the plaintiff his belongings for the next year causing the plaintiff to get a second court ordering the plaintiff's property's released.

51) Number 51,was admitted.

52) Number 52,was admitted.

53) Number 53,was admitted.

54) Number 54,was admitted.

55) Number 55,was admitted.

56) Number 56,was admitted.

57) Number 57,was admitted.

58) Number 58,was Denied--the Plaintiff made many attempts for the return of his property,but Investigator Larry Lynch refused to release the plaintiff's belonings.

**See Plaintiff's afidavit & plaintiff's exhibits # 5,12,13,**

59) Number 59,was objected to as an uncomplete fact-- the Defendant's

fail to state that the plaintiff's belongings were only released after the plaintiff went back to court for an second court order.
   **See Plaintiff's afidavit & and Plaintiff"s exhibits #8 & 9.**

60) Number 60, was admitted.

61) Number 61, was objected to as an uncomplete fact-- the defendants fail to state that Miss Gunderman (J) only claimed her property that was seized from the residence, not any thing that was illegally seized from the plaintiff's vehicle

62) Number 62, was admitted.

63) Number 63, was denied, the plaintiff has not been shown that Mr.Selino showed any proof that he owned the plaintiff's camera, he could not have, other than just his word. Plus the camera he claimed as stolden from him and the camera that he claimed of the plaintiff's were different.

64) Number 64, was admitted.

65) Number 65, was ojected to as an uncomplete fact-- the plaintiff would have allowed the police to search his belongings, BUT only with him being present, and he would have for no reason allowed the police to remove any thing of his without a court order.

66) Number 66, was admitted.

67) Number 67, was admitted.

68) Number 68, was admitted.

69) Number 69, was admitted.

70) Number 70, was objected to as an uncomplete fact--the defendants fail to state that because of their actions the plaintiff has no way of knowing what they took or what they allowed Miss Gunderman (J) to steal.

71) Number 71, wasdenied--the plaintiff was upset over the fact that the defendants were showing nude photo's of the plaintiff and

his ex-girlfriends to people who had no right to see them, and it was x-rated films that the plaintiff's son got ahold of without the plaintiff knowing, plus the plaintiff's son is 18 years old, and he got ahold of them at the plaintiff father's house.

72) Number 72, was objected to as an uncomplete fact--both the plaintiff and his ex, should have been arrested, the defendant's knew that Miss Gunderman was committing crimes against the plaintiff, but as long as she helped them against the plaintiff they ignored evidence, and evenhelped cover up, refusing to act on any complaint the plaintiff made to them.

**See Plaintiff's afidavit & plaintiff's exhibits #11 & #15.**

The Plaintiff;

*Howard John Gombert Jr.*
Howard John Gombert Jr.
1153 East street south
Suffield, Ct. 06080

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed postage prepaid to the defendant's attorney of record Mr.James N Tallberg at One state street,Hartford,Ct,on december 6,2004.

The Plaintiff;

*Howard John Gombert jr.*
Howard John Gombert Jr.
1153 East street south
Suffield,Ct.06080