

PLAINTIFF'S EXHIBIT #2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : PRISONER |
| | : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| Plaintiff, | : |
| V. | : |
| | : |
| LARRY E. LYNCH & WILLIAM J. KAMINSKI | : |
| | : |
| Defendants. | : OCTOBER 15, 2004 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT; Patrolman William J. Kaminski

(1) Please state the following:

    (a) Your full name,

    (b) Your birth date,

    (c) Your Social security number,

    (d) Your Driver license number,

    (e) Your Employer,

    (f) Your Employer's business address, and phone number,

**RESPONSE:**

    (a) **William J. Kaminski**

    (b)   6/14/61

373071

  (c) **OBJECTION: This information is privileged and confidential**

  (d) **064016394CT**

  (e) **Town of New Milford**

  (f) **Town of New Milford**
    **10 Main Street**
    **New Milford**

(2) Please explain your sworn duty as a New Milford Police officer, (sic)

**RESPONSE:** **To serve and protect the residents of New Milford.**

(3) Where (sic) you a sworn New Milford Police officer on February 29, 2000, when you arrested the Plaintiff (Mr. Gombert) for assaulting Miss Gunderman?

**RESPONSE: Yes.**

(b) Did Mr (sic) Gombert state to you at any time that he also wanted to file assault charges against miss (sic) Gunderman?

**RESPONSE: Yes.**

(c) Did both Mr. Gombert and Miss Gunderman have visible physical injury's (sic) on them?

**RESPONSE: Yes.**

(d) Did you take photo's (sic) of both of their injury's (sic)?

**RESPONSE: I did not.**

373071

    (e)    Was there any witnesses present when the fight between Mr. Gombert and Miss Gunderman took place? if (sic) so who?

**RESPONSE: No.**

    (d)(sic)    After Mr. Gombert made the complaint to you, about Miss Gunderman, and showed you physical injury's (sic), did you act on his complaint?

**RESPONSE: No.**

    (e)(sic)    If not why not?

**REPSONSE: The Detective Bureau of the New Milford Police Department was charged with investigating the incident involving Mr. Gombert.**

    (4)    As a police officer have you came (sic) across any case where a female will lie about being assaulted, when she was in fact the aggressor?

**RESPONSE: Yes.**

    (b)    Have you ever came across a case where a woman used false claims of being sexually assaulted, in order to get someone that she was mad at arrested?

**OBJECTION: The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding the foregoing objections, the defendant admits that it is possible.**

    (c)    Have you ever came across a case where a woman tryed (sic) or did use false claims of being sexually assaulted to gain custody, or to keep custody of a child?

**OBJECTION: The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding the foregoing objections, the defendant admits that it is possible.**

373071

(5)  If a woman came to you with a claim that she had been sexually assaulted, and that she had smoked a cigarette while it happened, would you believe her?

**OBJECTION:** The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence as the request asks the defendant to determine his knowledge of an incident hypothetical in nature.

(b)  Prior to Miss Gunderman, Have (sic) you ever heard of someone smoking a cigatte (sic) while they where (sic) being sexually assaulted?

**RESPONSE:** No.

(c)  If an alleged victiom (sic) of an (sic) sexual assault claimed the foregoing about smoking while being sexually assaulted, would it be pretty obvious that the alleged victiom (sic) was not being completely truthfull (sic)?

**OBJECTION:** The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence as the request asks the defendant to determine his knowledge of an incident hypothetical in nature.

(6)  Did Miss Gunderman in her Statement to you claim that Mr. Gombert had been found guilty of assaulting her a year or so prior?

**RESPONSE:** No.

(b)  Did you check Mr. Gombert's criminal record to see if her statement to you was true?

**RESPONSE:** Mr. Gombert's criminal arrest record was reviewed.

373071

- 4 -

(c)     Did Miss. Gunderman tell you in her statement to you that she had also been arrested for assaulting Mr. Gombert?

**RESPONSE: No.**

(d)     Did Miss Gunderman tell you that she had been ordered by the court to go to angermanagement (sic) for assaulting Mr. Gombert?

**RESPONSE: No.**

(f)(sic)   When you found out that Miss Gunderman had lied in her statement to you about Mr. Gombert being convicted for assaulting her, did you at least try to investigate the rest of her statement prior to arresting Mr. Gombert on Miss Gunderman's Statement?

**RESPONSE: Not applicable.**

(7)     was (sic) Miss Gunderman tested to see if she had been infact (sic) sexually assaulted?

**RESPONSE: Yes, at the hospital.**

(b)     was there any physical evidence that she had been in fact sexaully (sic) assaulted? (Blood-Sperm)

**RESPONSE: I do not know.**

(c)     Was this evidence tested against samples gatered (sic) from Mr. Gombert, if so what were the results?

**RESPONSE: I do not know.**

(d)     Is it not true that there was in fact no evidence gathered (blood or Sperm) to verify Miss Gunderman's claims?

**RESPONSE: I do not know.**

373071

(e)  Did Miss Gunderman tell you that she was having woman problems that made her very sensitive, and made any kind of sexaul (sic) contact painfull?

**RESPONSE:** **No.**

(8)  Where (sic) you involved with the search and seizure of belongings (sic) at 322a Aspetuck Ridge Road New Milford, Ct.

**RESPONSE:** **I was present when evidence pertaining to the sexual assault complaint was removed from the house. I believe that I was present when items were removed from the unsecured vehicle in the driveway.**

(b)  Did you have a search warrant for the residence?

**RESPONSE:** **Not applicable.**

(c)  Did you seize belongings?

**RESPONSE:** **Not applicable.**

(d)  Did you photgraph (sic) the residence inside and outside?

**RESPONSE:** **Not applicable.**

(e)  Did you give a receipt for the property seized?

**RESPONSE:** **Not applicable.**

(9)  Where (sic) you involved with the search of Mr. Gombert's vehicles that were parked legaly at the residence?

**RESPONSE:** **No.**

(b)  Did you have a search Warrant to search the vehicles?

**RESPONSE:** **Not applicable.**

- 6 -

373071

(c) Did you remove Mr. Gombert's belonging's (sic) from the 1984 fire bird Reg. 234NSS?

**RESPONSE: Not applicable.**

(c) Did you give Mr. gombert (sic) a receipt for the property and or, belongings that were seized from the firebird Reg, 234NSS?

**RESPONSE: Not applicable.**

(10) Do you recieve (sic) any Mail at the New Milford Police Department?

**RESPONSE: Yes.**

(b) Have you recieved (sic) any mail from Mr. Gombert at the New Milford Police Department?

**RESPONSE: Yes.**

- 7 -

## VERIFICATION

I, WILLIAM J. KAMINSKI, certify that the answers to the above Interrogatories are true and correct to the best of my knowledge and belief.

_____
WILLIAM J. KAMINSKI

STATE OF Connecticut     :
                         : ss.
COUNTY OF Litchfield     :

On this 26th day of October, 2004, before me personally appeared WILLIAM J. KAMINSKI, to me known, and known to me to be the same person described in and who executed the above instrument and he acknowledged to me that he executed the same.

_____
Notary Public/Commissioner of the Superior Court

- 8 -

373071