PLAINTIFF'S EXHIBIT # 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : PRISONER |
| | : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| Plaintiff, | : |
| V. | : |
| | : |
| LARRY E. LYNCH & WILLIAM J. KAMINSKI | : |
| | : |
| Defendants. | : OCTOBER 15, 2004 |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, INVESTIGATOR LARRY LYNCH**

(1) Please state the following:

    (a) Your full name;

    (b) Your date of birth;

    (c) Your Social security number;

    (d) Your Driver license number;

    (e) Your Employer;

    (f) Your Employer's business address, and phone number.

**RESPONSE:**

    (a) **Larry E. Lynch**

372903

      **(b)**   08/12/1947

      **(c)**   **OBJECTION: This information is privileged and confidential**

      **(d)**

      **(e)**   Town of New Milford

      **(f)**   Town of New Milford
              10 Main Street
              New Milford

    (2)    Did Mr. Gombert state that he wanted to file a complaint for assault against Miss Gunderman, when he was arrested for assault on Miss Gunderman?

**RESPONSE:** Not to me.

    (b)    When men are assaulted by women do they often hide it and not report it to the police, in fact is it odd for a man to actually call police to complain about their wife's or girlfriends?

**OBJECTION:** **The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence as the request asks the defendant to determine his knowledge of an incident hypothetical in nature.**

    (c)    Did both Mr. Gombert and Miss Gunderman have physical injury's that were visible to the eye?

**RESPONSE:** Yes.

    (d)    Where (sic) there any witnesses that actually saw the fights between Mr. Gombert and Miss Gunderman, and if so who?

**RESPONSE:** No.

372903

(e) As a police officer have you ever came across any cases where one party will go to police (in a Domistic case) (sic) and lie about what happened in order to get the other party arrested, and to keep themselfs (sic) from being arrested?

**OBJECTION:** **The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding the foregoing objections, the defendant admits that it is possible.**

(f) As a police officer have you came across any case where a woman used or tryed (sic) to use a false claim of being sexually assaulted to gain or to keep custody of their child?

**OBJECTION:** **The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding the foregoing objections, the defendant admits that it is possible.**

(g) If an alleged victiom (sic) of sexual assault claimed that she was smoking a cigarette during or while she was being sexually assaulted, would it not be obvious that that alleged victiom was in the very least not being totaly truthfull (sic) with you?

**OBJECTION:** **The Defendant objects to this request on the grounds that it is overly broad, ambiguous and vague. Furthermore, the information is not reasonably calculated to lead to discovery of admissible evidence as the request asks the defendant to determine his knowledge of an incident hypothetical in nature.**

(3) In Miss Gundermans statement to you she claimed that Mr. Gombert had been convicted of assaulting her before, did you verify this? And if so how?

**OBJECTION:** **The Defendant cannot answer this question as he disagrees with the premise of the question.**

(b) Did Miss Gunderman tell you that she had also been arrested for assaulting Mr. Gombert, and that the Court had made her go to anger management?

**RESPONSE:** **No.**

- 3 -

372903

(c)    When you found out that Miss Gunderman was not being truthfull (sic) with you about the arrest in Danbury CT, did you bother to investigate the rest of her statement before you used her statement to arrest Mr. Gombert?

**RESPONSE: Not applicable.**

(d)    Was there any physical evidence that verifyed (sic) that Miss Gunderman was sexually assaulted before Mr. Gombert was arrested? (Blood-Sperm)

**RESPONSE: Upon information and belief, physical evidence was taken at the hospital but it apparently wasn't needed by the prosecution because Mr. Gombert entered into a plea agreement.**

(e)    Was there any after Mr. Gombert was arrested?

**RESPONSE: Upon information and belief, physical evidence was taken at the hospital but it apparently wasn't needed by the prosecution because Mr. Gombert entered into a plea agreement.**

(f)    Was there a rape kit done, and if so what kind of evidence was collected (Blood-Sperm)

**RESPONSE: Upon information and belief, a rape kit was done at the hospital.**

(g)    What were the results of this rape kit when it was tested?

**RESPONSE: The Defendant does not know the answer to this question. Upon information and belief, physical evidence was taken at the hospital but it apparently wasn't needed by the prosecution because Mr. Gombert entered into a plea agreement.**

(h)    Is it true that in fact at the time you had just as much evidence to support Mr. Gombert's complaint as you did on Miss Gunderman's Complaint that you had arrested Mr. Gombert on?

**RESPONSE:** No.

(i)  Did Miss Gunderman tell you that she was having woman problems ever sence (sic) she had the baby, that it made her very sencitive (sic) and to painfull (sic) for her to have sex?

**RESPONSE:** No.

(4)  Where (sic) you involved with the search of Mr. Gombert's vehicles that were legaly (sic) parked at the residence at 322a Aspetuck Ridge Road, New Milford, CT, on February 29, 2000

**RESPONSE: Agree in part; disagree in part. The hood and trunk of the vehicle were open when the police arrived and we only took steps to safeguard belongings that were in open view.**

(b)  Did you have a search warrent (sic) for the 1984 Firebird that you searched Reg.#234NSS?

**RESPONSE: Not on February 29, 2000.**

(c)  Did you remove Mr. Gombert's belongings that were in the 1984 firebird Reg.#234NSS?

**RESPONSE: Agree in part; disagree in part. The hood and trunk of the vehicle were open when the police arrived and we only took steps to safeguard belongings that were in open view after Mr. Gombert attempted to flee the police.**

(d)  Did you give Mr. Gombert a Receipt for the property you seized from the 1984 Firebird Reg.#234NSS?

**RESPONSE:** No.

(e)  Did you tell Mr. Gombert that you had taken his belongings?

**RESPONSE:** No.

(5)  Have you received mail from Mr. Gombert at the New Milford police department?

372903

**RESPONSE:** Yes.

(b)  Please explain how mail at the police department is handled and given to the different police officers.

**OBJECTION:** The Defendant objects on the grounds that this question is overly vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

(6)  How did you come to be in the possession of Mr. Gombert's mail that came to 322a Aspetuck Ridge Road, New Milford, CT after February 29, 2000?

**OBJECTION:** The Defendant objects on the grounds that this question is overly vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

(b)  Was this mail clearly addressed to Mr. Gombert?

**OBJECTION:** The Defendant objects on the grounds that this question is overly vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

(7)  After June 19, 2000 when Miss Gunderman testifyed (sic) in Danbury CT family court and admitted to assaulting Mr. Gombert did you then make any attempt to act on Mr. Gombert's complaint against Miss Gunderman?

**RESPONSE:** Not applicable.

(8)  Did you tell Miss Gunderman to leave Mr. Gombert's belongings alone until after you and the Carmel Ny Police had the chance to search his belonging's (sic)?

**RESPONSE:** Not applicable.

(b)  Was Miss Gunderman allowed to be at the residence alone prior to any of these searches?

**RESPONSE:** Upon information and belief, Ms. Gunderman lived at the residence.

372903

(c)     Where (sic) you present when the officers from Carmel Ny searched and removed some of Mr. Gombert's belongings?

**RESPONSE:** **Upon information and belief, an officer from the Carmel Police Department was given permission by Ms. Gunderman to search the residence. I was present.**

(d)     When the police from Carmel Ny searched and removed belongings of Mr. Gombert's, you knew that they did not have a search warrant or a court order to do so. Please explain why you allowed the removal of property belonging to Mr. Gombert.

**RESPONSE:** **Upon information and belief, an officer from the Carmel Police Department was given permission by Ms. Gunderman to search the residence.**

(9)     On January 23, 2002 Litchfield Superior Court, Judge Alexandra D. Dipentima ordered the release of Mr. Gombert's belongings being held at the New Milford police department, how is it that even with that court order you still refused to release Mr. Gombert's property?

**RESPONSE:** **Disagree. Mr. Gombert's property has been released.**

(b)     Please explain how after you were ordered to release Mr. Gombert's belongings to him you refused to do so, yet you had no problem with releasing Mr. Gombert's belongings to a Det. Dan Elmendorf of the Connecticut state police on February 26, 2002 and to a states attorney Ronald A. Denuzzo on April 7, 2003?

**RESPONSE:** **Disagree. We did our best to comply with the Court's orders, while we also fulfilled our duty to cooperate with other law enforcement agencies who were conducting lawful investigations.**

- 7 -

372903

## VERIFICATION

I, <u>LARRY E. LYNCH</u>, certify that the answers to the above Interrogatories are true and correct to the best of my knowledge and belief.

_____
LARRY E. LYNCH

STATE OF Connecticut          :
                              : ss.
COUNTY OF Litchfield          :

On this 26th day of October, 2004, before me personally appeared LARRY E. LYNCH, to me known, and known to me to be the same person described in and who executed the above instrument and he acknowledged to me that he executed the same.

_____
Notary Public/Commissioner of the Superior Court

- 8 -

372903