# SEARCH WARRANT

JD-CR-52 Rev.
C.G.S. 21a-262, 53-278c
54-33g, 54-36a, 54-36e, 54-36g, 54-36h

## CONNECTICUT SUPERIOR COURT
(STAPLE TO JD-CR-61 AS PAGE 7)

| DOCKET NO. | |
|---|---|
| UNIFORM ARREST NO. | |
| COMPANION CASE NO. | |

POLICE CASE NO. 00-167-OF

**NAME AND ADDRESS OF DEFENDANT/SUBJECT**
Howard Gombert J. Jr. 322a Aspetuck Ridge Road
New Milford, CT 06776

**ADDRESS OF COURT**
80 Doyle Road, Bantam, CT

**TOWN OF SEIZURE**
New Milford, CT

**JUDICIAL DISTRICT OR G.A.**
Litchfield #18

## SECTION I — RETURN

Notice is hereby given to the court of the foregoing Return of Property Seized on Search and Seizure Warrant. No In Rem proceedings have been filed in the office of the clerk.

| DATED AT (Town) | ON (Date) | SIGNED (Assistant Clerk) | COURT |
|---|---|---|---|

## SECTION II — IN REM

Whereas, as appears on file, the property referred to in the above summons was duly seized and, in accordance with statute and as appears above, a summons was duly issued and served, commanding the owner(s) thereof and all others whom it may concern to appear before this court, to show cause why the said property should not be forfeited, adjudged a nuisance and ordered to be destroyed or otherwise disposed of, and whereas, the said owner(s):

☐ appeared, thereupon being made party defendant(s) and after hearing ☐ made default of appearance ☐ executed the foregoing waiver

the court adjudged the property referred to in said summons and entered the following order:

## SECTION III — ORDER OF THE COURT

**ASSET FORFEITURE**
ITEM(S) NUMBER:
The preceding item(s) of property in the foregoing inventory is/are subject to an in rem asset forfeiture proceeding pursuant to C.G.S. § 54-36h. See attached form.

**RETURN TO OWNER(S)**
ITEM(S) NUMBER:
The preceding item(s) of property in the foregoing inventory is/are hereby ordered returned to the rightful owner(s) within 6 months from the date of this order, upon proper claim therefor, OTHERWISE THE PROPERTY SHALL BE DISPOSED OF PURSUANT TO SECTION 54-36a OF THE CONNECTICUT GENERAL STATUTES AS FOLLOWS: ("X" box indicating disposition if unclaimed in 6 mos.)
☐ money shall be turned over to the Clerk of Court for deposit to the General Fund.
☐ turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public or private auction and the proceeds deposited to the General Fund.
☐ destroyed.
☐ turned over to the following charitable, educational or governmental agency or institution: (Specify name and address)

**CONTROLLED SUBSTANCE(S)**
ITEM(S) NUMBER:
The preceding item(s) of property in the foregoing inventory is/are hereby adjudged to be controlled drug(s), substance(s) or drug paraphernalia and it is hereby ordered that said item(s) be:
☐ destroyed (G.S. 54-36a(g); 54-36g) ☐ delivered to the Comm. of Consumer Protection (G.S. 21a-262, 54-36a(g); 54-36g)

**FIREARMS/ CONTRABAND**
ITEM(S) NUMBER:
The preceding item(s) of property in the foregoing inventory is/are hereby adjudged to be contraband and it is hereby ordered that said item(s) be turned over to the Connecticut State Police in accordance with C.G.S. § 54-36e.

**NUISANCE, CONTRABAND OR OTHER PROPERTY**
ITEM(S) NUMBER:
The preceding item(s) of property in the attached inventory is/are hereby ordered:
☐ money shall be turned over to the Clerk of Court for deposit to the General Fund.
☐ turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public or private auction and the proceeds deposited to the General Fund.
☒ destroyed
☐ turned over to the following charitable, educational or governmental agency or institution: (Specify name and address.)

**GAMBLING**
ITEM(S) NUMBER:
The preceding item(s) of property in the attached inventory is/are adjudged seized, pursuant to Connecticut General Statute 53-278c and said item(s) are hereby ordered to be disposed of as follows:
☐ money shall be turned over to the Clerk of Court for deposit to the General Fund.
☐ property used in gambling shall be turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be turned over to the State or sold at public auction and the proceeds deposited to the General Fund.
☐ destroyed.
☐ turned over to the following charitable, educational or governmental agency or institution: (Specify name and address)

| BY ORDER OF THE COURT (Name of Judge) | JUDICIAL DISTRICT OR G.A. | SIGNED (Judge) | DATE SIGNED |
|---|---|---|---|

NOTICE OF ORDER OF THE COURT

PLAINTIFF'S EXHIBIT # 9

PART A INVENTORY NO.
PART B INVENTORY NO.

**SEARCH AND SEIZURE WARRANT**
JD-CR-6?  Rev. 9-93
C.G.S. §§ 54-33a, 54-33c, 54-33j
Case # 00-167-OF

STATE OF CONNECTICUT
SUPERIOR COURT

*Form JD-CR-52 must also be completed*

**INSTRUCTIONS TO APPLICANT**
File a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department, case number and date of issuance on the front of the sealed envelope.

**INSTRUCTIONS TO G.A. CLERK**
1. Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.
2. Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

**TO:   A Judge of the Superior Court**

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

The following items of jewelry belonging to the victim; A 24 carat signet ring with sorority pin attached, Sapphire and diamond 24 carat gold ring, Diamond stud earrings, Diamond 1 carat earrings, Pearl earrings, 24 carat gold nugget ring, Diamond 24 carat gold tennis bracelet, 24 carat gold laced ring, Aquamrine 24 carat ring with diamond, 24 carat dome ring-(Unknown gift), Aquamarine 24 carat earrings, Waltham quartz watch 10 carat gold, Aquamarine tear drop necklace, Pearl and diamond necklace-(Unknown gift), High School ring-"Bishop McGiness" amethyst in color stone, College ring- "UNCG", Onyx colored with gold, Two-14 carat gold rope type bracelets, Gemstone bracelet.

☐ is possessed, controlled, designed or intended for use or which is or has been or may be used as the means of committing the criminal offense of:

☐ was stolen or embezzled from: A residence known as 322A Aspetuck Ridge Rd., New Milford, CT.

☐ constitutes evidence of the following offense or that a particular person participated in the commission of the offense of:

☐ is in the possession, custody or control of a journalist or news organization, to wit:

   ☐ and such person or organization has committed or is committing the following offense which is related to such property:

   ☐ and such property constitutes contraband or an instrumentality of the criminal offense of:

☐ is within or upon a certain person, place, or thing, to wit:
A black sport cam bag, Maroon premier collection bag w/brown trim, Brown leather bag w/Winston rodeo awards label, Bradlees shopping bag w/assorted clothing, Brown strongbox, Gray briefcase, Black nylon case ("Case Logic"), Gray/black Jordash Travel type bag, currently located in the New Milford Police Department Property Room, #49 Poplar Street, New Milford, CT.

(OVER)

See attached pages 1 thru 3 attached hereto and made a part hereof.

(See PAGE 3 below for continuing Affidavit; Signatures of Affiant(s); and Jurat)

See attached pages 1 thru 3 attached hereto and made a part hereof.

he undersigned ("X" one) ☐ has not presented this application in any other court or to any other judge.
☐ has presented this application in another court or to another judge (specify)

his application consists of this form plus _____ pages attached hereto and made a part hereof.
/herefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter 
ito or upon said place or thing, search the same, and take into custody all such property.

TATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| LITCHFIELD | MAY 8, 2000 | Inv. [signature] |
| LITCHFIELD | May 8, 2000 | OFC. [signature] |
| JURAT Subscribed and sworn to before me on: | May 8 2000 | SIGNED (Judge of the Superior Court) [signature] |

**AFFIDAVIT REQUESTING DISPENSATION WITH REQUIREMENT OF DELIVERY**
pursuant to § 54-33c, Connecticut General Statutes

TO: A Judge of the Superior Court

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

☐ The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

☒ The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

☐ The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

Howard Gombert has conversed with a known female while incarcerated by the Department of Corrections, and the information learned through these conversations have been fruitful in this investigation. Revealing knowledge of these conversations at this time will adversely affect the investigation.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| LITCHFIELD | 5/8/00 | [signature] |
| LITCHFIELD | 5/8/00 | [signature] |
| JURAT Subscribed and sworn to before me on: | 5/8/00 | SIGNED (Judge of the Superior Court) [signature] |

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application, and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer of a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

☑ enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:
A black sport cam bag, Maroon premier collection bag w/brown trim, Brown leather bag w/Winston rodeo awards label, Bradlees shopping bag w/assorted clothing, Brown strongbox, Gray briefcase, Black nylon case ( "Case Logic" ), Gray/black Jordash Travel type bag, currently located in the New Milford Police Department Property Room, #49 Poplar Street, New Milford, CT.

☐ search the person described in the foregoing affidavit and application, to wit:

for the property described in the foregoing affidavit and application, to wit:

The following items of jewelry belonging to the victim; A 24 carat signet ring with sorority pin attached, Sapphire and diamond 24 carat gold ring, Diamond stud earrings, Diamond 1 carat earrings, Pearl earrings, 24 carat gold nugget ring, Diamond 24 carat gold tennis bracelet, 24 carat gold laced ring, Aquamrine 24 carat ring with diamond, 24 carat dome ring-(Unknown gift), Aquamarine 24 carat earrings, Waltham quartz watch 10 carat gold, Aquamarine tear drop necklace, Pearl and diamond necklace-(Unknown gift), High School ring-" Bishop McGiness" amethyst in color stone, College ring- "UNCG", Onyx colored with gold, Two-14 carat gold rope type bracelets, Gemstone bracelet.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

☑ The foregoing request that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED

☑ GRANTED for a period of  14 days
This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

☐ DENIED

Signed at _Litchfield_, Connecticut, on: DATE 5/5/00    SIGNED (Judge of the Superior Court) _[signature]_

---

**RETURN FOR AND INVENTORY**    **PAGE 6 OF 6**
**PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT**    INVENTORY CONTROL NO.

# RETURN FOR AND INVENTORY
## PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT

PAGE 6 OF 6

| | | | |
|---|---|---|---|
| JUDICIAL DISTRICT OF: LITCHFIELD CT | G.A. 18 | AT (Address of Court): 80 DOYLE ROAD BANTAM CT | DATE OF SEIZURE: May 9, 2000 |
| DOCKET NO. CR- | UNIFORM ARREST NO. | POLICE CASE NO. 00-167-OF | COMPANION CASE NO. |

Then and there by virtue of and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

A black sport cam bag, Maroon premier collection bag w/brown trim, Brown leather bag w/Winston rodeo awards label, Bradlees shopping bag w/assorted clothing, Brown strongbox, Gray Briefcase, Black nylon case ("Case Logic"), Gray/black Jordash Travel type bag, currently located in the New Milford Police Department Property Room, #49 Poplar Street, New Milford, CT

and found thereon or therein, seized, and now hold in custody, the following property . . .

☐ Total Cash Seized: None , consisting of

| Item | Property # |
|---|---|
| 3LLF39-flower basket pin | Property # 00-327-PR |
| 3LLF40-gold earring (1) | Property # 00-328-PR |
| 3LLF53-four pink/white pearl earrings | Property # 00-341-PR |
| 3LLF54-gold cross ring | Property # 00-342-PR |
| 3LLF55-gold saphire/diamond ring | Property # 00-343-PR |
| 3LLF56-gold hoop earring | Property # 00-344-PR |
| 3LLF57-gold small "s" chain | Property # 00-345-PR |
| 3LLF58-gold anklet chain | Property # 00-346-PR |
| 3LLF59-gold hoop earring | Property # 00-347-PR |
| 3LLF60-gold signet ring | Property # 00-348-PR |
| 3LLF61-gold herringbone bracelet | Property # 00-349-PR |
| 3LLF62-gold tiger eye earring | Property # 00-350-PR |
| 3LLF63-gold sea shell earring | Property # 00-351-PR |
| 3LLF64-silver rope ring | Property # 00-352-PR |
| 3LLF65-silver hoop earring | Property # 00-353-PR |
| 3LLF66-cipro antibiotic | Property # 00-354-PR |
| 3LLF67-silver/turquois earring | Property # 00-355-PR |
| 3LLF69-gold hoop earring | Property # 00-357-PR |
| 3LLF70-silver hoop earring | Property # 00-358-PR |
| 3LLF71-silver heart pendant | Property # 00-359-PR |
| 3LLF72-silver dolphin broche | Property # 00-360-PR |
| 3LLF73-(2) pair sterling silver lappis stone earrings | Property # 00-361-PR |
| 3LLF74-(2) pair amethyst serpent earrings | Property # 00-362-PR |
| 3LLF75-pair sterling silver hoop earrings | Property # 00-363-PR |
| 3LLF76-pair sterling silver hoop earrings | Property # 00-364-PR |
| 3LLF77-silver large hoop earring | Property # 00-365-PR |
| 3LLF78-pair silver moon/quartz earrings | Property # 00-366-PR |
| 3LLF79-gold heart bracelet | Property # 00-367-PR |
| 3LLF80-silver ring | Property # 00-368-PR |
| 3LLF81-sterling silver amethyst ring | Property # 00-369-PR |
| 3LLF82-silver/turquois earring | Property # 00-370-PR |
| 3LLF83-silver hoop earring | Property # 00-371-PR |
| 3LLF84-pearl and diamond pendant | Property # 00-372-PR |

and I gave a copy of such warrant to _____, the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or to Not at this time search warrant sealed the person named therein, on (Date): Not at this time search warrant sealed

DATE OF THIS RETURN: 06/01/2000

SIGNED (Officer's Signature and department): Inv. _____

POLICE DEPARTMENT: NEW MILFORD, CT 06776

NOTE: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

NEW MILFORD POLICE DEPARTMENT

## SEARCH WARRANT APPLICATION

**CASE NO. 00-167-OF**

1.  That, The Affiants of this warrant are Investigator Lynch and Investigator Wheeler of the New Milford Police Department and are currently assigned to the Investigative Services Bureau. Said Affiants have a combined total of 34 years of experience with said department. These Affiants at all times mentioned herein were acting in their official capacity as said members of said department. These Affiants have personal knowledge of the facts and circumstances herein as a result of our investigative efforts and those of other police officers who reported their findings to us.

2.  That, On 02/29/2000 at approximately 11:07 A.M., Patrolman William Kaminski of the New Milford Police Department was dispatched to go to the New Milford Hospital Emergeney Room to meet with a complainant female, whose name, address and telephone number are not being disclosed in this affidavit in order to meet the requirements of CGS 54-86d and 54-86e and hereafter called victim, regarding a domestic violence complaint, involving an assault and sexual assault.

3.  That, Patrolman Kaminski arrived at the hospital and found Victim at the front desk, signing in both herself and her baby. The victim appeared disheveled and Patrolman Kaminski saw the victim had a blackened right eye. The victim stated to Patrolman Kaminski that she had been sexually assaulted by her live-in boyfriend, Howard Gombert JR., twice on Sunday 2/27/00, but was only now able to get out of the home to file the complaint with police. Based on the victims complaint, Howard Gombert JR., d.o.b. 07/28/63 was arrested and charged with, Assault 3rd. CGS 53a-61, Sexual Assault In Spousal Or Cohabiting Relationship. CGS 53a-70b and Injury Or Risk Of Injury To, Or Impairing Morals Of Children. CGS 53-21.

4.  That, On the complaint made by the victim and the arrest of Howard Gombart JR. for the charges stated in the previous paragraph #3 of this affidavit. That Affiant Lynch applied for and obtained a search and seizure warrant to search a certain cottage style house located on a parcel of land known as 322A Aspetuck Ridge Road, New Milford, Connecticut, which is the residence of Howard Gombart JR. and the victim.

5.  That, On the authority of a search and seizure warrant, Affiant Lynch and other members of NMPD conducted a search of the residence which resulted in obtaining evidence related to the crimes for which Howard Gombart JR., was arrested and charged as stated in the previous paragraph #3 of this affidavit. While on the property known as 322A Aspetuck Ridge Road, the victim showed these affiants and other members of NMPD a motor vehicle bearing Connecticut Registration # 234NSS. The Connecticut Motor Vehicle Department records showed this vehicle to be registered to Howard Gombert JR., d.o.b. 07/28/63, of 322A Aspetuck Ridge Road, New Milford, CT., who is the same person in paragraph #3 of this affidavit. This motor vehicle was a 1984 white Pontiac Firebird. The vehicle was parked in the driveway of the residence with the hood opened up and the rear trunk hatch was also opened up. Theses Affiants and other members of NMPD observed in plain view that there were the following items of property in this motor vehicle bearing Connecticut Registration #234NSS, which are the following; One- black sport cam bag, One- maroon premier collection bag w/brown trim, One- brown leather bag w/Winston rodeo awards label, One- Bradlees shopping bag w/assorted clothing, One- brown strongbox, One- gray briefcase, One- black nylon case (" Case Logic"), One-gray/black Jordash Travel type bag. These items were seized and placed in the NMPD Evidence/Property Room for safe keeping, because the defendant- (Howard Gombert JR.), was incarcerated and the victim had elected not to stay in the house.

6.   That, On April 17, 2000 the victim appeared at NMPD to make a new complaint that her gold jewelry was missing. The victim made a sworn written statement wherein the victim said among other things the following; ".....I noticed that things were disturbed and missing from the house. I also observed that the white firebird located at the rear of the home had the rear hatch open and that there were several duffel bags and suit cases in it. The car was Gombert's and I had paid the insurance on this firebird. Then Gombert was arrested and he has been in jail since then. I went to Maryland because I thought Gombert was going to post bond. While in Maryland, on March 25, 2000, I noticed that all of my gold jewelry was missing from my jewelry box. The last time I saw my jewelry in my jewelry box, was the week after Valentine's Day of this year 2000. Items missing: 24 carat signet ring with sorority pin attached, sapphire earrings from Thailand, two- sapphire and diamond 24 carat gold rings, diamond studs earrings, diamond 1 carat earrings, pearl earrings, 24 carat gold nugget ring, diamond 24 carat gold tennis bracelet, 24 carat gold laced ring, aquamarine 24 carat ring with diamond, 24 carat dome ring- (unknown gift), aquamarine 24 carat earrings, Waltham quartz watch 10 carat gold, aquamarine tear drop necklace, pearl and diamond necklace-(unknown gift), High School ring- "Bishop McGuiness", amethyst in color stone, college ring "UNCG" onyx colored with gold, two-14 carat gold rope type bracelets, gemstone bracelet, there may be more missing jewelry but this is the list that I can remember. All the jewelry that Gombert had given to me was still there. At this point, I don't know what else of mine if any is missing. I only know that my jewelry is gone which was there the last time I was with Gombert".

7.   That, On Aril 27, 2000, the victim was re-interviewed by Investigator Mullin about her missing jewelry. Investigator Mullin obtained a sworn written statement where in Investigator Mullin asked the victim what the victim knew about Howard Gombert JR. possessing or owning any gold jewelry. The victim said in part,"During the time that Howard and I lived together at 322A Aspetuck Ridge Road, I have never known Howard to own or possess any gold jewelry. Howard had given me some gold jewelry and that is the only gold jewelry of mine that in not missing/stolen. I had reported that in my previous statement on April 17, 2000- (Stated in previous paragraph #6 of this affidavit). I would add, that on Christmas of 1998, I bought Howard a gold ring. Howard told me that he does not wear gold and he returned it to the store. On March 1, 2000, during the time the New Milford Police were conducting a search warrant at 322A Aspetuck Ridge Road, I observed a car belonging to Howard, which was located at the rear of my home. The car, a Pontiac Firebird had it's rear hatch door wide open. The police took me over to the firebird and I saw inside the car several bags, which belonged to Howard. At that time, I thought the bags contained items that Howard was trying to hide from me. Nothing in specific, just items he would try to pawn and his drugs. Howard's personal stuff was still in the house as best I could tell".

8.   That, Affiant Lynch received a copy of a Connecticut Department Of Corrections, cassette tape from the Litchfield State's Attorneys Office, of a recorded conversation, between Howard Gombert JR. and a female party. This conversation took place on March 7, 2000, while Howard Gombert JR. was incarcerated at the Bridgeport Correctional Facility. During this taped conversation, Howard Gombert JR. talks about the items as stated in the previous paragraph #5 of this affidavit, being seized by the police from his firebird vehicle. Howard Gombert JR. is heard on the tape saying among other things the following; ..." I gotta get my lawyer to get them to release all that stuff they took out of my car and I gotta get it so you can get it from the police department...they have no business with it....so you know...everything... all my tax forms they have no reason to be with my stuff"..... "Fricken locked up constantly, if you want to watch TV, you have to buy a TV, a TV is almost $300.00 bucks you know." Female party responds, saying, "Oh man". Howard then said," Tell me about it, fuckin that's why ya know if I could get you to my briefcase and stuff, that money out of my car. My briefcase has got my gold and stuff. You could sell my gold, you know that gives me some money."

9.   That, These Affiants know through their training and experience that, persons who are married or have lived in a cohabiting relationship, in-which such relationship has broken down or terminated, often results in domestic violence and disputes over personal property, sometimes resulting in a spouse or partner taking the personal items of the partner person, such as jewelry, and placing such property in briefcases, luggage,

designer/collection type bags, duffel type bags, travel type bags, suitcases, pocketbooks, strongboxes, footlockers, shopping bags, boxes, baskets and other types of containers in order to carry, keep, hide and store such property away from the rightful owner.

10.  That, These Affiants on the basis of the foregoing complaint and information, believe probable cause exists to search the following items; One- black sport cam bag, One- maroon premier collection bag w/brown trim, One- brown leather bag w/Winston rodeo awards label, One- Bradlees shopping bag w/assorted clothing, One- brown strongbox, One- gray briefcase, One- black nylon case (" Case Logic"), One- gray/black Jordash Travel type bag for the missing jewelry of the complainant/victim, as stated in the previous paragraphs #5 and #6 of this affidavit.