United States District Court
District of Connecticut

**FILED**
2004 DEC 27 P 4: 27
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Howard John Gombert Jr. #108050

Vs.

Investigator Larry Lynch &
Patrolman William Kaminski

Prisoner
CIV. NO. 3:01CV1913(DJS)(TPS)

Date: December 18, 2004

## — Motion to Compel Discovery From the Defendant's —

The Plaintiff hereby respectfully asks the Court to Compel Discovery From the Defendant's. The Plaintiff has made repeated attempts at getting Discovery Materials from the Defendant's. The Defendant's have only given the Plaintiff Bits and pieces of some of the Plaintiff's requested Discovery Materials. But for the most part The Defendant's have withheld the most important Discovery Materials from the Plaintiff.

The Defendant's have now filed a Motion For Summary Judgment knowing that they have withheld the Discovery Documents that the Plaintiff will need to fully show his claims against the Defendants. The Plaintiff has answered the Defendant's Motion For Summary Judgment with what Documation he has, but will need the Court to get the Defendants to give the Plaintiff The Rest

1.

of the Discovery Materials that the Plaintiff will need.

The Plaintiff will list all his attempts at getting Discovery Materials from the Defendants;

1) "Motion For Discovery", Dated June 30, 2003. Never Answered By The Defendants. Exhibit #1

2) "Motion to Preserve Evidence" Dated June 30, 2003. The Plaintiff had to file to prevent evidence in this case from being destroyed. Exhibit #2

3) "Motion For Discovery", Dated June 17, 2004. The Defendant's did send the Plaintiff some Documents. But the Documents were only bits and pieces of the Plaintiffs requested Discovery Materials and were so blacked out and incomplete that they are useless to the Plaintiff. Exhibit #3

4) Motion to Compel Discovery", Dated June 29, 2004. The Court denied the Plaintiff's Motion. The Defendants still did not send the Plaintiff any of the requested Discovery Materials. Exhibit #4

5) "Motion to Compel Defendant's to give the Plaintiff unmolested copies of the Foregoing Discovery Materials" Dated July 25, 2004. Exhibit #5
This Motion once again plainly stated the Plaintiff's requests of Discovery Materials from the Defendants. The Defendant's still did not turn over the Requested Discovery Materials.

6) "Plaintiff's Response to Defendant's Response to Plaintiff's Motion to Compel Discovery", Dated August 8, 2004. Exhibit #6

While this motion once again clearly showed the Discovery materials that the Plaintiff was requesting from the Defendant's, The Defendant's never turned over any of the Discovery materials to the Plaintiff.

7) "Defendant's Motion For Extension of Scheduling Order" Dated August 11, 2004. Exhibit #7

The Plaintiff agreed with the defendants motion only because the Defendants assured the Plaintiff that they were doing their best, but needed more time to get the Plaintiff his requested Discovery materials. Yet the Defendants still did not turn over the plaintiff's requested Discovery materials.

8) On August 1, 2004, The Plaintiff calls The Defendants Attorney of Record Mr. Jame N. Tallberg, and was assured that the Defendants would get the Plaintiff the Requested Discovery Materials as soon as they could. Still the Plaintiff never received any of the Discovery materials requested from the Defendants.

9) "Plaintiff's First Set of Interrogatories and Request For Production to Defendant, Patrolman William Kaminski" Dated August 13, 2004. Exhibit #8

When the Defendant findly does answer the Plaintiffs interrogatories, The Defendant states that he will send the Plaintiff's Requests For Production, yet never sends any thing.

3.

10) "Plaintiff's First Set of Interrogatories and Requests For Production to Defendant, Investigator Larry Lynch" Dated August 13, 2004. Exhibit #9
When the Defendant findly does answer the Plaintiff Interrogatories, The Defendant states that he will send the Plaintiff's Requests For Production, Yet never sends any thing.

11) On September 11, 2004 The Plaintiff writes to the Defendant Attorney Mr James N. Tallbeeg, and Discusses Discovery issues. Yet still recieves nothing in the Requested Discovery materials. Exhibit #10

12) On September 22, 2004, The Plaintiff called The Defendant's Attorney Mr. James N. Tallbeeg in an attempt to get Discovery Materials From the Defendant's.

13) On September 24, 2004, The Plaintiff once again writes the Defendant's Attorney Mr James N. Tallbeeg in an attempt to get Discovery Materials From the Defendants. Exhibit #11

14) On October 6th and 7th of 2004, The Plaintiff tryed to call the Defendant's Attorney Mr James N. Tallbeeg not Reaching Mr Tallbeeg the Plaintiff left a message asking about Discovery Materials.

4.

15) On October 6, 2004, The Plaintiff because he has not been Able to get Discovery Materials From the Defendant's, Files A Motion to Extend the Scheduling Order, in hopes that with more time The Plaintiff might be Able to get The Requested Discovery Materials From the Defendants. But still has had no success in getting any of the Requested Discovery Materials From The Defendants.

16) On November 4, 2004, The Plaintiff again writes The Defendant's Attorney Mr. James N. Tallberg in an attempt again at getting some Discovery Materials From the Defendants. The Plaintiff still has no luck in getting the Requested Discovery Materials From the Defendant's. Exhibit #12

17) On November 4, 2004, Send's the Defendant's The "Plaintiff's Second Set Interrogaties And Request For Production to Defendant's". To this Date this has gone unanswered by the Defendant's. Exhibit #13

The Plaintiff has made repeated Requests For Discovery Materials From The Defendant's, and has been given the Run Around by the Defendant's. So this leaves the Plaintiff no choice but to Respectfully Ask the Court to Compel Discovery From The Defendant's.

The following is a list of the Requested Discovery

5.

Materials that the Plaintiff is still trying to get from the Defendant's, And that the defendant's have given no Reason for not giving them to the Plaintiff. The Plaintiff Respectfully askes the Court to Compel the Defendants to turn over to the Plaintiff the following requested Discovery Materials.

1) All Statments, or Affidavits written or signed By Miss Gunderman involving the Plaintiff, not just the ones used in the Assault case.

2) All Statments or Affidavits written or signed by anyone involving the Plaintiff.

3) Copy's of all Medicinal tests or evidence, as well as tests Results, taking on Miss Gunderman (J) involving the Plaintiff.

4) Copy's of all Photo's taken of Miss Gunderman (J) involving the Plaintiff.

5) Copy's of all Photo's taken of the Plaintiff.

6) Copy's of all Photo's taken inside or outside the Residence at 322A Aspetuck Ridge Road, New Milford, CT.

7) Copy's of all Reciepts given for property seized from either the Plaintiff's vehicle, or from the Residence at 322A Aspetuck

6.

Ridge Road, New Milford, CT.

8) Copy's of any search warrent or court order that allowed the seizure and opening of the Plaintiff's mail from 322A Aspetuck Ridge Road, New Milford, CT

9) Copy's of any and all Search Warrents, and or Court orders that allowed Property of the Plaintiff's that was in the possession of The New Milford Police Department, to be released to any one other than the Plaintiff or Mr. Lou Panico, who represented the Plaintiff.

10) list of mail that the Defendant's have recieved from the Plaintiff at the New Milford Police Department.

11) list of all phone calls of the Plaintiff's made from Jail that the Defendants listened to.

The only Discovery material that the Defendants have objected to is for a phone transcript, That the Defendant's used in their Affidavit for the Search warrent of the property that was illegally seized from the Plaintiff's vehicle.

The Defendant's claim the phone call between The Plaintiff and a Miss Jill Kalinoski that the Defendant's

7.

used in the warrent, That miss kalinoski was an confidential informer, so they don't need to turn over the Phone transcript in Discovery to the Plaintiff. The Plaintiff asks that the Court Compel the Defendant's to turn over a copy of that phone transcript to the Plaintiff, For the following reasons,

1) Miss Jill Kalinoski was not a confidential informer For the Defendants, The Defendants can show nothing that will show that she was, other than their say so.

2) The Phone call was Recorded From the Jail, in which any phone call made can be recorded.

3) Miss Jill Kalinoski was a witness For the Plaintiff, Just as she will, should this case go to trial.

4) The case the Defendants are claiming Miss Jill Kalinoski was an informant in, is long done and over with.

5) The Plaintiff Already knows that the call is between himself and Miss Kalinoski, so there is nothing confidential about the Phone call.

6) The Defendants know that the Phone call will show how the Plaintiff Found out The Defendants had illegaly searched the Plaintiff's vehicle, and illegaly seized his belongings From the vehicle.

7) The Phone call will show how the Plaintiff wanted his belongings Returned that the Defendants had illegally seized From the Plaintiff's phone call.

8) The Phone call will show that the Defendant's knew that miss Gunderman was tampering with Witnessess, and did nothing about it.

8.

The Plaintiff respectfully asks to Court to Compel the Defendants to turn over a copy f any and all phone transcripts of plaintiff's phone calls.

The Plaintiff hopes that he has shown the Court that the Defendants have no valid reason for withholding the requested Discovery Materials from the Plaintiff, and that the Plaintiff has been diligent in his attempts to get Discovery Materials from the Defendant's, and will grant the Plaintiff's request for the Court to Compel Discovery.

The Plaintiff;

Howard John Gombert Jr
1153 East Street South
Suffield, CT, 06080

9.

## — Certification —

This is to certify that a copy of the foregoing Motion was mailed to the Defendants Attorney of Record Mr. James N. Tallberg, at One State Street, Hartford, CT, mailed postage prepaid, on the 18th day of December 2004.

The Plaintiff;

*Howard John Gombert Jr*
Howard John Gombert Jr
1153 East Street South
Suffield, CT, 06080