UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050

                                        PRISONER
          Vs.                    CIV.NO.3:01CV1913(DJS)(TPS)

Investigator Larry Lynch &
Patrolman William Kaminski          DATE: June 30,2003


## MOTION FOR DISCOVERY

     The Plaintiff,Howard John Gombert Jr,requests that the
Defendant(s) Investigator Larry Lynch,and Patrolman William
Kaminski,or any other Goverment agency that they have worked
with,to respond to this motion for discovery within 45 days.
     The Plaintiff requests that the Defendant(s) Produce
and turn over legible copies of the documents,photographs,and
other items requested for within this Motion:

     (1) Copies of all police notes refering to either Mr.Gombert,
or Miss Jane M.Gunderman on or after febuary 26,2001.

     (2) Copies of all statements refering to Mr.Gombert in any
way taken by,or with any officer within the New Milford Police
Department,on or after Febuary 26,2001.

     (3) Copies of any and all Searchwarrants used to search and/or
seize any of Mr.Gombert's property or belongings,either from his
1984 Firebird Reg #234NSS,or at the Residence at 322a Asptuck
Ridge Road,New Milford,Ct. or the Residence of his father's Mr.
Howard J.Gombert Sr. at 9 Elmwood Road,New Fair Field,Ct.

     (4) Copies of any thing signed by anyone giving permission
to search anything that contained belongings of Mr.Gombert,that
was not searched with a searchwarrant.

     (5) Copies of all receipts for Mr.Gombert's property or
belongings that was either siezed or taken into police custody
for any reason(Per Connecticut State Statue  Sec,54-36F.)from
either his fire bird reg#234NSS or from 322a Asptuck Ridge road,
New Milford,Ct.or 9 Elmwood Road,New Fairfield,Ct.

     (6) Copies of any and all paperwork allowing any other Police
or goverment agency to take possession of Mr.Gombert's belonging's
that were in the New Milford Police department's possession.

     (7) Copies of any and all paperwork that would show who was
allowed to go through Mr.Gombert's belonging's that were in police
custody at New Milford Police Department,as well as to under who's
authority they were allowed to do so.

(8) Copies of all Photo's that were taken of Mr.Gombert and of Miss Jane M.Gunderman on or after Febuary 26,2001.

(9) Copies of all Photo's that were taken of the 1984 Fire-bird Reg # 234NSS that was parked behind the residence at 322a Asptuck Ridge Road,New Milford,Ct.

(10) Copies of all Photo's that were taken inside the residence at 322a Asptuck Ridge Road,New Milford,Ct.

(11) Copies of any and all medical tests that were taken on either Mr Gombert or Miss Jane M.Gunderman for the New Milford Police Department on or after Febuary 26,2001.

The Plaintiff respectfully asks  that the Defendants give the above requested information,and documents to the plaintiff in a timely manner.

RESPECTFULLY SUBMITTED BY
THE PLAINTIFF:

Howard John Gombert Jr.#108050
1153 East Street South
Suffield,Ct.06080

### -ORDER-

After hearing the foregoing Motion For Discovery,it it hereby:

GRANTED / DENIED

DATE:_____    _____

Judge / Court Clerk

## -CERTIFICATION-

This to certify that a copy of this Motion to Preserve Evidence was Mailed to the Defendant(s) Investigator Larry Lynch,at the New Milford Police Department,On Rt 202,New Milford,Ct,o6776, and to Patrolman William Kaminski also at the New Milford Police Department at Rt 202,New Milford Ct,o6776.

Both Defendants copies were mailed out at the same time on June 30,2003.

RESPECTFULLY SUBMITTED BY
THE PLAINTIFF:

Howard John Gombert Jr.#108050
1153 East Street South
Suffield,Ct.06080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050

      Vs.

Investigator Larry Lynch &
Patrolman William Kaminski

                               PRISONER
                  CIV.NO.3:01CV1913(DJS)(TPS)

                DATE: June 30,2003

## -MOTION TO PRESERVE EVIDENCE-

      The Plaintiff requests that the Court order that the Defendants being Police Officers within the New Milford police Department,or any other Goverment agency that works with the New Milford Police Department,be ordered not to destroy any Documents,Medical tests,photo's or any other evidence that were taken by the defendant's or any other Police officer's ,that refer to the Plaintiff and/or Miss Jane M.Gunderman in anyway.
      That any evidence or property that has not,or will not be,returned to the Plaintiff,be Held until it has been veiwed and determinded by the Plaintiff if it may be.or not be possible evidence in this Civil case,before it can be destroyed.
      The Plaintiff respectfully asks that the court grant this Motion To Preserve Evidence.

                            RESPECTFULLY SUBMITTED BY
                            THE PLAINTIFF"

                            *Howard John Gombert Jr.*
                            Howard John Gombert Jr.#108050
                            1153 East Street South
                            Suffield,Ct,06080

## -ORDER-

After hearing this Motion to Preserve Evidence,it is hereby,

                GRANTED / DENIED

      DATE:_____           _____
                                  Judge / Court Clerk

## -CERTIFICATION-

This to certify that a copy of this Motion to Preserve Evidence was Mailed to the Defendant(s) Investigator Larry Lynch,at the New Milford Police Department,On Rt 202,New Milford,Ct,o6776, and to Patrolman William Kaminski also at the New Milford Police Department at Rt 202,New Milford Ct,o6776.

Both Defendants copies were mailed out at the same time on June 30 ,2003.

RESPECTFULLY SUBMITTED BY
THE PLAINTIFF:

Howard John Gombert Jr.#108050
1153 East Street South
Suffield,Ct.06080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050

        Vs.

                              PRISONER
                    CIV.NO.3:01CV1913(DJS)(TPS)

Investigator Larry Lynch &
Patrolman William Kaminski

                    DATE: June 17, 2004

### MOTION FOR DISCOVERY

    The Plaintiff,Howard John Gombert Jr,requests that the
Defendant(s) Investigator Larry Lynch,and Patrolman William
Kaminski,or any other Goverment agency that they have worked
with,to respond to this motion for discovery within 45 days.
    The Plaintiff requests that the Defendant(s) Produce
and turn over legible copies of the documents,photographs,and
other items requested for within this Motion:

    (1) Copies of all police notes refering to either Mr.Gombert,
or Miss Jane M.Gunderman on or after febuary 26,2001.

    (2) Copies of all statements refering to Mr.Gombert in any
way taken by,or with any officer within the New Milford Police
Department,on or after Febuary 26,2001.

    (3) Copies of any and all Searchwarrants used to search and
seize any of Mr.Gombert's property or belongings,either from his
1984 Firebird Reg #234NSS,or at the Residence at 322a Asptuck
Ridge Road,New Milford,Ct. or the Residence of his father's Mr.
Howard J.Gombert Sr. at 9 Elmwood Road,New Fair Field,Ct.

    (4) Copies of any thing signed by anyone giving permission
to search anything that contained belongings of Mr.Gombert,that
was not searched with a searchwarrant.

    (5) Copies of all receipts for Mr.Gombert's property or
belongings that was either siezed or taken into police custody
for any reason(Per Connecticut State Statue  Sec,54-36F.)from
either his fire bird reg#234NSS or from 322a Asptuck Ridge road,
New Milford,Ct.or 9 Elmwood Road,New Fairfield,Ct.

    (6) Copies of any and all paperwork allowing any other Police
or goverment agency to take possession of Mr.Gombert's belonging's
that were in the New Milford Police department's possession.

    (7) Copies of any and all paperwork that would show who was
allowed to go through Mr.Gombert's belonging's that were in police
custody at New Milford Police Department,as well as to under who's
authority they were allowed to do so.

(8) Copies of all Photo's that were taken of Mr.Gombert and of Miss Jane M.Gunderman on or after Febuary 26,2001.

(9) Copies of all Photo's that were taken of the 1984 Fire-bird Reg # 234NSS that was parked behind the residence at 322a Asptuck Ridge Road,New Milford,Ct.

(10) Copies of all Photo's that were taken inside the residence at 322a Asptuck Ridge Road,New Milford,Ct.

(11) Copies of any and all medical tests that were taken on either Mr Gombert or Miss Jane M.Gunderman for the New Milford Police Department on or after Febuary 26,2001.

The Plaintiff respectfully asks  that the Defendants give the above requested information,and documents to the plaintiff in a timely manner.


RESPECTFULLY SUBMITTED BY
THE PLAINTIFF:

Howard John Gombert Jr. #108050
1153 East Street South
Suffield,Ct.06080



-ORDER-

After hearing the foregoing Motion For Discovery,it is hereby:

GRANTED / DENIED

DATE:_____

Judge / Court Clerk

-CERTIFICATION-

This is to Certify that a copy of the foregoing Motion For Discovery has been mailed,postage prepaid this _17_ th day of ___June___ ,to the Defendant's Counsel of record,Mr.James N. Tallberg,at One State Street,Hartford,Ct,06123.

The Plaintiff.

*Howard John Gombert Jr.*
Howard John Gombert Jr.#08050
1153 East Street South
Suffield,Ct.06080

*Exhibit #4*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050    :

         Vs.                 :                PRISONER

Investigator Larry Lynch  &     :     CIV.NO.3:01CV1913 (DJS)(TPS)

Patrolman William Kaminski    :

                               :     DATE: June 29,2004

## -MOTION TO COMPEL DISCOVERY-

The Plaintiff respectfully moves pursuant to **RULES 34 (b)**, and **37 (a),Fed,R.Civ.P.**,For an order compelling the defendant(s) to produce for inspection,and copying the document(s),Note(s), statement(s),and Photograph(s) asked for in the plaintiff's first motion for discovery dated **June 30,2003**,as well as the plaintiff's second motion for discovery dated dated **June 17,**of the year **2004.**

                              THE PLAINTIFF;

                              *Howard John Gombert Jr*

                              Howard John Gombert Jr.#108050
                              1153 East Street South
                              Suffield,Ct.06080

### -ORDER-

After hearing the foregoing motion to Compel Discovery,it is hereby;

                   GRANTED / DENIED

DATE:_____

                              _____
                                  JUDGE/COURT CLERK

# -CERTIFICATION-

This is to Certify that a copy of the foregoing motion to Compel Discovery was mailed,postage prepaid on this __24__ day of ___June___ of the year 2004,to the defendant's attorney of record,Mr.James N.Tallberg,at One State Street,Hartford, Ct.06123.

                    THE PLAINTIFF:

                    _Howard John Gombert Jr_

                    Howard John Gombert Jr.#108050
                    1153 East Street South
                    Suffield,Ct.06080

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050 :
         Vs.          :             PRISONER
Investigator Larry Lynch  &  :    CIV.NO.3:01CV1913(DJS)(TPS)
Patrolman William Kaminski  :
                           :    DATE: July 26,2004

## -MOTION TO COMPEL DEFENDANTS TO GIVE THE PLAINTIFF UNMOLESTED COPIES OF THE FOREGOING DISCOVERY MATERIALS-

The Plaintiff respectfully asks that the Court Order the Defendants to produce and turn over to the Plaintiff unmolested of the foregoing listed Discovery materials,that are important to the Plaintiff's case against the Defendant's.The Plaintiff asks for this Order for the following reasons;

1) On June 30,2003, the Plaintiff sent the Defendant's attorney of record,Mr James N.Tallberg,a copy of a**"MOTION FOR DISCOVERY"** Which was ignored by the defendant's.

2) On June 17,2004,The Plaintiff once again sent the Defendant's attorney of record,Mr.James N.Tallberg,a copy of a **"MOTION FOR DISCOVERY"**,in an attempt to get Discovery materials the Plaintiff will need in order to go forward with this case.

3) On July 12,2004,the Defendant's send the Plaintiff a **"NOTICE OF DEPOSITION"** while still ignoring the Plaintiff's attempts at getting Discovery materials from them.

4) On July15,2004, the Plaintiff sent the Defendant's a **"RESPONSE TO DEFENDANT'S NOTICE OF DEPOSITION"**it in principal stated that because the Defendant's had ignored the Plaintiff's attemp's at Discovery,as well as the Plaintiff's attemp at **"ADMISSIONS"**.
    The plaintiff was not in the position to give a Deposition,and would not be able to untill the Defendant's answered the Plaintiff's request's.

(1)

5) On July 16,2004, the Defendant's sent the Plaintiff a"**RESPONSES
TO THE PLAINTIFF'S MOTION FOR DISCOVERY**"and"**PRIVILEGE LOG**"and a
"**DEFENDANT'S SET OF INTERROGATORIES AND A REQUEST FOR PRODUCTION
TO PLAINTIFF**",as well as a bunch of copied documents,alot of which
had parts of them blacked out,and they sent black and white photo
copies of what photo's they choose to send,which even them are use-
less,because they are not clear enough to see any kind of detail,
of which the plaintiff is looking to show evidence that the
defendant's choose to ignor because it supported his complaints
against his Exgirl friend.

The Defendant's did not even send the Plaintiff photo copies
of "**ALL**" the photo's taken at 332a Aspetuck ridge road,New Milford,
Ct.or of the Plaintiff.They only sent the ones that they wanted to
send,knowing that they were useless to the Plaintiff.

Even with the Document's, they only sent what they wanted to,and
did not really send any thing that the Plaintiff requested from
them in his Discovery Motion.

Out of every thing that they sent the plaintiff,the only two
things that could be called Discovery Materials,was a copy of a
release to a New York police officer,and a copy of the search
warrent on the property that was illegaly seized by the defendant's,
otherwise they really did not sent the plaintiff the requested
for Discovery materials.

As for the Defendant's blacking out parts of the document's
before giving copies to the plaintiff.The defendant's have "**NO**"
legitimate for doing this,unless they are trying to hide some
thing that they know they did wrong to the plaintiff.Because"**ALL**"
the criminal cases against the plaintiff are over with,and the
the plaintiff knows his Ex girlfriend's name and address,as well
as the names of the people he talked to on the phone,Mrs Jill
Kalinski,Mrs Susan Haslam,and Mrs Sharon Darden.So there is no
valid reason for the Defendant's to mark,or to tamper with any of
the possible evidence in this case that is against them.The
Plaintiff askes the Court to order that the Defendant's to produce
unmolested copies of all Discovery Materials.

(2)

**6)** As for the Defendants **"PRIVILEGE LOG"** Dated July 16,2004.The defendants have**"NO"** legitimate reason for keeping the documents on their Privilege log from the Plaintiff.The only real reason why the defendant's want to keep those documents from the plaintiff is because those documents,will support the plaintiff's claims against the Defendants in this case.

The Plaintiff requests that the Court Order the Defendant's to turn over all document's in their privilege log.After all these documents are 3 years old,and their use in the investigation that the defendant's gained them in,is long over with.The cases are closed,and all those documents should have been turned over to the plaintiff's criminal attorney along time ago,not hidden like they were!

Document Number one and Number two,should have been given to the plaintiff along time ago,sence it was his belongings that were searched ( Note it was not his consent that was given.)

Document Number three,return for Inventory;The plaintiff has the right to know what belonging to him was seized and by who,and why,as well as well as who was allowed to take possion of the plaintiff's property while it was at the New Milford police Dept.

Number Six,pictures of 332a Aspetuck Ridge road,New Milford, and of the plaintiff's Ex at the hospital.Thereis absolutely**"NO"** legit reason for the defendant's to keep photo's of 332a Aspetuck Ridge road,New Milford,from the plaintiff,after all it was the plaintiff's place of residence at the time that the photo's were taken.

As far as the pictures of Miss Gunderman goes,she is the mother to the plaintiff's child,so there is no reason the plaintiff can't see any photo that the defendant's can!It's not like there's the possiblity that the plaintiff might see apart of Miss Gunderman that he has not seen before!

Number Five,is the taped phone calls between the plaintiff and Mrs.Jill

(3)

Kalinoski.In those conversations  things are talked about that will go along
way in showing that the defendant's knew what was going on,and that
they did nothing about it,thus dening the plaintiff his rights.

As for the defendant's claim that the stuff requested by the
plaintiff is a part of an on going investigation,is totaly untrue,
for that case is done and over with.This is just another attempt by
by the defendant's to decieve the Court.

The Plaintiff asks that the Court Order the Defendant's to
produce and give copies to the plaintiff the following listed
Discovery Materials in a timely fashion.

1) Copies of"**ALL**"photos taken of Mr Gombert by police,with and
without his shirt on.35mm,as well as polaroid photo's (NOT PHOTO
COPIES,but actual copies of the photo's)

2) Copies of "**ALL**"photo's taken by police of Miss Gunderman
( Same as above )

3) Copies of "**ALL**"photo's taken at 322a Aspetuck Ridge road,
New Milford ( Same as above )

4) Copies of "**ALL**"photo's taken of Mr Gombert's White 1984
Firebird,that was legaly parked at the plaintiff's residence at the
time it was illegaly searched,

5) Copies of "**ANY**"and"**ALL**" reciepts for the property of Mr.
Gombert's that was seized by the defendant's,as under Sec.54-36F
should have been given.

6) Copies of"**ANYTHING**" and **EVERYTHING**"giving permission to
New Milford police or any other police officer,to search and seize
property belonging to the plaintiff,from the plaintiff's 1984 white
Firebird.

7) Copies of "**ANY**" Court Order,or Search warrent giving the
Defendant's the right to open any of the plaintiff's mail that came
to 322a Aspetuck ridge road,New Milford,CT.

8) Copies of the evidence room log that shows everyone that
 had any kind of contact with the plaintiff's belongings while
they were at the New Milford police Department.

**(4)**

9) Copies of the warrent or Court Order that allowed property belonging to the plaintiff to be given to Det.Dan Elmendorf of the state police troop L.

10) Copies of the warrent or Court Order that allowed property belonging to the plaintiff,that was in the defendant's possion,to be given to Officer Rondy Tomkins of the Carmel N.Y.police Dept.

11) Copies of "All" statement or Affidavits made by Mr.Gombert to the New Milford Police Dept.

12) Copies of "All" Statements or Affidavits made by Miss Gunderman involving Mr.Gombert to the New Milford Police.

13) Copies of "All" statements or affidavits made by Mrs Jill involving the plaintiff to the New milford police.

14) Copies of "All" Statements or affidavits made by Mrs Susan involving the plaintiff to the New Milford Police.

15) Copies of "All" transcripts of phone calls between the plaintiff and Mrs Jill Kalinoski,between Feb 29,2000 and July 30,2000.

16) Copies of "all" transcripts of phone callsbetween the plaintiff and Mrs Susan Haslam.

17) Copies of "all" transcripts of phone calls between the plaintiff and Mrs Depreceni.

18) Copies of the incoming and outgoing phone calls at the plaintiff's residence at the time of his arrest,phone number 860-354-0276 for the time period of Feb 24,2000-Feb 29,2000.

19) Copies of "all" notes taken by patrolman William Kaminski involving the Plaintiff.

20) Copies of "all" notes taken by Investigator Larry Lynch involving the plaintiff.

21) Copies of "all" notes taken by Investigator Wheeler involving the plaintiff.

22) Copies of "all" notes taken by Investigator Mullin involving the plaintiff.

23) Copies of the consents to search Dated 3-1-00 and 4-17-00.

24) Copies of the supplemental report dated 4-20-01.

25) Copies of the return for inventory;property seized on search and seizure warrent dated 3-1-00.

The plaintiff has listed as plain as possible the Discovery Materials that he is asking the Court to Order the defendants to turn over unmolested copies to the plaintiff.So that Discovery will have been made,and the plaintiff will be able to answer the defendant's first set of Interrogatories and request for production

Which untill the defendant's turn over the foregoing Discovery materials the plaintiff can not do.So once again the plaintiff respectfully asks the Court to Compel Discovery.

RESPECTFULLY SUBMITTED BY
THE PLAINTIFF:

*Howard John Gombert Jr*

Howard John Gombert Jr,#108050
1153 East Street South
Suffield,Ct.06080

## --ORDER--

After hearing the foregoing Motion to Compel Defendant's to
give the plaintiff unmolested copies of the foregoing Discovery
Materials,it is hereby ORDERED;

### GRANTED / DENIED

_____                    _____

DATE                                JUDGE / COURT CLERK


## -CERTIFICATION-

this is to certify that a copy of the foregoing was mailed to
the defendant's attorney of record,Mr James N.Tallberg,at One State
street,Hartford,Ct,06123.On this 25 day of July  2004.


THE PLAINTIFF:


_Howard John Gombert Jr._
Howard John Gombert Jr.#108050
1153 East Street South
Suffield,Ct.06080

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Howard John Gombert Jr.#108050 :
                                :
          plaintiff,            :
                                :
            Vs.                 :                Prisoner.
                                :        CIV.NO.3:01CV1913(DJS)(TPS)
Investigator Larry Lynch  &     :
                                :
Patrolman William Kaminski      :
                                :        Date; *August 8, 2004*
          defendant's           :


## -PLAINTIFF'S RESPONSE TO THE DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY-

The Plaintiff hereby states in Response to the Defendant's Response to the Plaintiff's Motion to Compel Discovery,that even though the Defendant's did send the Plaintiff some Documents,as well as some photo copies of a **FEW** of the photo's requested in the Plaintiff's Discovery Motion.What the Defendant's did send to the Plaintiff is not even close to what the Plaintiff requested from the Defendant's in Discovery Materials.

The Defendant's picked a few document's that they knew the Plaintiff really could not use against them,so that now they could try to claim that they had answered the Plaintiff's request for Discovery,without actually  answering the Plaintiff's requests.

The Defendant's are not turning some of the requested Discovery Materials,Because they claim that the Materials are part of an on going investigation,this they know is not true,and is it not odd that the Materials that the Defendant's are trying to keep from the Plaintiff under this alleged investigation is the same materials that will support the Plaintiff's complaint against the Defendant's?

The Defendant's also know that the Discovery materials that the Plaintiff is trying to get from the Defendant's will show that during  the Defendant's own investigation they became aware of

Pg.1

crimes that were being committed against the Plaintiff, They knew
that the Plaintiff wanted to file a complaint, and was trying to
file a complaint, yet the Defendant's did nothing, infact they ignored
and even hid from the plaintiff evidence that supported the Plaintiff's
complaint's.

That is the real reason why the Defendant's are doing all they
can to not give the Plaintiff the Discovery Materials that the
Plaintiff has requested. So therefor the Plaintiff has requested, and
is why the Defendant's don't want the Court to **"Compel Discovery",** But
the Plaintiff once again asks the Court to **"Grant"** the Plaintiff's
**Motion to Compel Discovery".**

The Defendant's actions are what made the Plaintiff file a
**"MOTION TO COMPEL DEFENDANT'S TO GIVE THE PLAINTIFF UNMOLESTED COPIES
OF THE FOREGOING DISCOVERY MATERIALS",** that was dated July 25, 2004.

That not only asked the court to Compel Discovery, But also asked
that the Court Order that the Defendant's not tamper with Discovery
materials, when they do give the Plaintiff requested Discovery
Materials.

In **"DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION TO COMPEL
DISCOVERY",** the Defendant's state "the Discovery sought by the
Plaintiff was provided to him on or about the date he filed the
present motion to compel". The Defendant's gave to the Plaintiff
only what they wanted to, not what the Plaintiff actually asked for
from the Defendant's.

The Following is what the Plaintiff asked for in discovery
Materials from the Defendant's, and what the Defendant's gave

1) Copies of all police notes referring to either Mr.Gombert or
Miss Gunderman, on or after February 26, 2000.

a) The Defendant's Response, Assuming Plaintiff is referencing
the February 26, 2000 incident, see attached documents.

b) The Plaintiff asked for **"ALL"** police notes referring to
Mr Gombert or Miss Gunderman! <u>Recieved</u> **"NO POLICE NOTES"**

2) Copies of all statements referring to Mr.Gombert in any way taken by,or with any officer within the New Milford police Department on or after February 26,2000.

a) The Defendant's Response,Assuming Plaintiff referencing the Febuary 26,2000 incident,see attached documents.

b) The Plaintiff asked for "ALL" statements referring to Mr. Gombert in any way taken by,or with any officer within the New MilFord police Department. The Plaintiff was only given one statement made by Miss Gunderman,It is Known that she gave many false statements and that there were other statements made by other people that are in the control of the defendant's.None of these Statement's were turned over to the Plaintiff,and the Plaintiff respectfully asks that the Court order that the Defendant's do so.

3) Copies of any and all search warrants used to search and seize any of Mr.Gombert's property or belongings,either from his 1984 Firebird Reg.#234NSS,or at the residence at 322a Asptuck ridge rd, New Milford,Ct.or the residence of his father'sMr.Howard J.Gombert Sr.at 9 Elmwood Rd,New Fair Field,Ct.

a) The Defendant's Response,See attached documents.

b) The Defendant's gave the Plaintiff a copy of a search warrant for the residence at 322a Asptuck ridge Rd,New Milford,Ct and a copy of a search warrant for the Plaintiff's belongings that were illegally sieze from the Plaintiff's 1984 Firebird Reg#234NSS, that was dated well after the property was seized.

c) The Plaintiff is satisfied with this part of his request for Discovery as long as the Defendant's do not try to claim they had any other search warrant at a later date.

4) Copies of any thing signed by anyone giving permission to search any thing that contained belongings of Mr.Gombert's,that was searched without a search warrant.

a) The Defendant's Response,See attached documents.

b) The Defendant's showed the Plaintiff a copy of a document that Miss Gunderman gave them permission to search,322a Asptuck Ridge

road,New Milford,Ct.

c) If this is in fact what was used by the Defendant's,and they
do not try at a later date to claim that they have any other document
giving the Defendant's permission to search anything that contained
belongings of Mr.Gombert,then the plaintiff is satisfied with this
part of his request for discovery.

5) Copies of all receipts for Mr.Gombert's property or belongings
that was either seized or taken into police custody for any reason,
( Per Connecticut State Statue Sec 54-36f.) from either his Fire-
bird Reg # 234NSS or from 322a Asptuck Ridge road,New Milford,Ct.or
from 9 Elmwood road,New Fairfield,Ct.

a) The Defendant's Response,See attached documents.

b) "NO" copies of any reciept for Mr.Gombert's belonging that
were seized,was given to the Plaintiff by the Defendant's.

6) Copies of any and all paperwork allowing any other police or
Government agency to take possession of Mr.Gombert's belonging's
that were in the New Milford Police Department's possession.

a) The Defendant's Response,OBJECTION: Defendant's counsel is
in possession of certain police records marked "no secondary
dissemination"which cannot be disclosed because they deal with a
pending criminal investigation and they disclose confidential and
privileged information.Those documents being withheld from production
are identified on the attached Privilege Log.

b) The defendant's attorney of record Mr James N.Tallberg showed
the Plaintiff every thing that is in the Defendant's Privilege Log
except for transcripts of recorded phone calls made by the plaintiff,
and not only is the Defendant's Objection not factual,but their
informatiom and or documents that the Plaintiff was requesting,was
not included on the Defendant's "Privilege Log".This part of the
Plaintiff's Discovery Motion has NOT been answered by the Defendant's.

7) Copies of any and all paperwork that would show who was allowed
to go through Mr.Gombert's belongings that were in police custody

at New Milford Police Department,as well as to under who's authority
they were allowed to do so.

a) The Defendant's Response,See attached documents.

b) While the Defendant's did give the Plaintiff some tracking
reports,they did "NOT" give anything that showed who was allowed
to go through the Plaintiff's belonging's or who allowed them to
do so,under who's authority they were allowed to do so!

c) This part of the Plaintiff's **Discovery Motion** has "NOT"
been answered by the defendants.

8) Copies of all photo's that were taken of Mr.Gombert and of
Miss Jane M.Gunderman on or after February 26,2000.

a) The Defendant's Response,"OBJECTION" Defendant's counsel
is in possession of certain police records marked "no secondary
dissemination"which cannot be disclosed because they deal with a
pending criminal investigation and they disclose cofidential and
privileged information.Those documents being withheld from production
are identified on the attached **Privilege Log.**

b) The Defendant's Objection is not valid,or based on any
factual on going investigation,the photo's that the Plaintiff is
asking for in Discovery were taken involoving a case that has already
been settled in LitchField Superior Criminal Court.

c) This part of the Plaintiff's request has "NOT" been fully
answered by the Defendant's.

9) Copies of all photo's that were taken of the 1984 Firebird Reg.
#234NSS that was parked behind the residence at 322a Asptuck Ridge
Rd,New Milford,Ct.

**a)** The Defendant's Response,See attached documents.

**b)** No photo's at all of the 1984 Firebird Reg.#234NSS that was illegally searched and property of the Plaintiff's was seized from it,were given to the Plaintiff.

**c)** This part of the Plaintiff's Request for Discovery has "NOT" been answered by the defendant's.

**10)** Copies of all photo's that were taken inside the residence at 322a Asptuck Ridge Road,New Milford,Ct.

**a)** The Defendant's Response,See attached documents.

**b)** The Defendant's did send the Plaintiff some photo copies of photo's that were taken at 322a Asptuck Ridge Road,New Milford Ct. But these were not "ALL" of the photos that were taken,or was photo copies of the photo's clear.

**c)** The Defendant's did not send copies of "ALL" photo's that were taken of 322a Asptuck Ridge Road,New Milford,Ct,nor did they send copies.This part of the Plaintiff's request for Discovery has "NOT" been answered by the Defendant's.

**11)** Copies of any and all medical tests that were taken on either Mr.Gombert or Miss Jane M.Gunderman for the New Milford Police Department on or after February 26,2000.

**a)** The Defendant's Response,See attached documents.

**b)** The Defendant's Did "NOT" give the Plaintiff any kind of medical documentation at "ALL".

Pg.6

c) The Defendant's have not answered in "**ANYWAY**" this part of the Plaintiff's request for Discovery!

For the reasons stated the Plaintiff feels that the Court is going to have to "**COMPEL DISCOVERY**" in order for the plaintiff to get the Discovery Materials that the Plaintiff has requested from the Defendant's.So once again the Plaintiff would respectfully ask the Court to "**GRANT**" the Plaintiff's Motion to "**COMPEL DISCOVERY**"

For the same reasons stated by the Plaintiff,the Plaintiff would respectfully ask the Court to "**GRANT**" the Plaintiff's "**MOTION TO COMPEL DEFENDANTS TO GIVE THE PLAINTIFF UNMOLESTED COPIES OF THE FOREGOING DISCOVERY MATERIALS**" as well, so that any further problems may hopefully be avoided.


RESPECTFULLY SUBMITTED BY

THE PLAINTIFFF;

Howard John Gombert Jr.#108050
1153 East Street South
Suffield,Ct.06080


Pg.7

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid to the Defendant's Attorney of record, Mr. James N. Tallberg, At One State Street, Hartford, Ct. on this _8th_ day of _August_ , 2004.

THE PLAINTIFF:

Howard John Gombert Jr. #108050
1153 East Street South
Suffield, Ct. 06080