UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. : | PRISONER |
| : | CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| Plaintiff, : | |
| V. : | |
| : | |
| LARRY LYNCH & WILLIAM KAMINSKI : | |
| : | |
| Defendants. : | JANUARY 14, 2005 |

### DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendants Larry Lynch and William Kaminski (collectively "the defendants") hereby object to the plaintiff's Motion to Compel Discovery, dated December 18, 2004, and filed on or about December 27, 2004. For the reasons set forth below, the defendants request that the Court deny the plaintiff's Motion to Compel:

1. After being extended several times, the Court's most recent Scheduling Order in this case imposed a discovery deadline of October 9, 2004.

2. Prior to the expiration of the discovery deadline, the plaintiff served a First Set of Interrogatories and Requests for Production and Requests to Admit. The defendants responded to those discovery requests before the expiration of the discovery deadline.

3. On July 16, 2004, defense counsel provided the plaintiff with a stack of documents responsive to his discovery requests and a privilege log that identified six documents marked "no secondary dissemination."

385872

4. At the plaintiff's August 5, 2004 deposition, he was shown copies of the six documents identified in the privilege log.

5. On September 24, 2004 and November 23, 2004, the defendants served the plaintiff with Answers and supplements to his First Set of Interrogatories and Requests for Production. The defendants produced all police reports and other responsive documents, including the documents previously claimed as privileged on the July 16, 2004 privilege log, except the transcript of a telephone call concerning Mr. Gombert. At his deposition, Mr. Gombert was shown a copy of this transcript and was allowed to inspect it.

6. On October 19, 2004, the defendants provided the plaintiff with 52 color photographs regarding this dispute. Copies of all responsive photographs are believed to have been produced to Mr. Gombert.

7. Subsequent to the expiration of the October 9, 2004 discovery deadline, the plaintiff served defense counsel with a Second Set of Interrogatories and Requests for Production, dated November 4, 2004, and received some time thereafter by defense counsel.

8. On November 23, 2004, the defendants filed a Motion for Summary Judgment.

9. Despite the fact that the discovery deadline had passed, defense counsel has made good faith efforts to comply with the plaintiffs' numerous discovery requests.

10. On this date, January 14, 2005, defense counsel is serving the plaintiff with responses to his Second Set of Interrogatories and Requests for Production. No objections have been asserted to the plaintiff's 25 questions, with multiple subparts, which exceed the limit allowed by Rule 33(a) of the Federal Rules of Civil Procedure. All questions on the Second Set of Interrogatories have been

385872

answered and the defendants have produced two additional documents that they located in response to the plaintiff's requests.

11.   Given the unique posture of this case, with the discovery deadline having passed and the defendants' Motion for Summary Judgment pending, coupled with the defendants' good faith efforts to comply with the plaintiff's numerous discovery requests, the defendants respectfully request that the Court deny the plaintiff's Motion to Compel.

Respectfully submitted,
Defendants Larry Lynch and William Kaminski

By: _____
JAMES N. TALLBERG, ESQ. (ct17849)
Updike, Kelly & Spellacy, P.C.
One State Street, P. O. Box 231277
Hartford, CT 06123-1277
(860) 548-2600
jtallberg@uks.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 14th day of August 2004, to the following pro se plaintiff:

Howard J. Gombert, Jr.
#108050
1153 East Street South
Suffield, Ct. 06080

By:_____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

385872

3