# United States District Court
## District of Connecticut

Howard John Gombert Jr.

Vs

Investigator Larry Lynch &
Patrolman William Kaminski

**FILED**
2005 JAN 27 P 3:43
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
CIVIL, No. 3:01CV1913(DJS)(TPS)

January 20, 2005

## - Plaintiff's Response To Defendant's Objection to the Plaintiff's Motion to Compel Discovery -

The Plaintiff hereby states that the Defendant's objection to Plaintiff's Motion to Compel Discovery contains no factual reason why the Court should not grant the Plaintiff's Motion to Compel Discovery from the Defendant's.

The Plaintiff will answer each claim of the Defendants in their objection to Compel Discovery, and show why the court should grant the Plaintiff's Motion to Compel Discovery.

1) Time was extended several times for Discovery, not so the Plaintiff could give Discovery Materials, but because the Defendant's needed more time to get Discovery Materials to the Plaintiff, most of which the Defendant's never did get to the Plaintiff.

2) The Defendants did answer the Plaintiff first set of

Pg. 1

Interrogatories, and said the would send the Plaintiff his Requests For Production as soon as possible, <u>yet never did send the Plaintiff "any" of the Requested Materials</u>!

3) On July 16, 2004, The Defense counsel did provide the Plaintiff with a stack of documents. But those documents were poor copies, Blacked out, or not what Discovery Materials the Plaintiff Requested From the Defendants. So once again the Plaintiff tryed to get copies of Requested Discovery Materials From the Defendants. To this Date The Plaintiff has gotten no where in getting the Requested Discovery Materials From the Defendant's.

4) On August 5, 2004 The Plaintiff was shown copies of
(5) Five documents indentified in the Defendants privilege log. The Defendant's Attorney Mr. James N. Tallberg agreed with the Plaintiff and said he would supply copies of The Documents in the privilege log to the Plaintiff, As long as the Plaintiff kept them From the Public. The Plaintiff made it clear to the Defendant's that he wanted copies of the transcript of a phone call concerning Mr Gombert.

5) On September 24, 2004 The Defendants did Answer the Plaintiffs First set of Interrogatories, but did not include signed verification with their Answers. They also included one of the Defendants notes with the Plaintiff Requests of Production, and said the would mail the Plaintiff the other Requests as soon as possible. The

Defendants "**Never**" mailed to the Plaintiff any of the requested Discovery Materials.

On November 23, 2004 The Defendants did send the Plaintiff a second copie of their Answers to the Plaintiff's First set of Interrogatories this time with signed verification, and once agian said they would send the Plaintiff the requested Discovery Materials. Once again The Defendant's "**Never**" sent the Plaintiff any of the material the said they would.

6) On October 19, 2004 The Defendants did provide the Plaintiff with copies of 52 photographs. The Plaintiff made it plain to the Defendants Attorney Mr. James N. Tallberg, that the Plaintiff wanted copies of "All" Photo's. That copies of 52 Photographs out of over 350 Photographs, was not satisfactory. The other Photograph's were "Never" given to the Plaintiff.

7) On November 4, 2004 The Plaintiff did send the Defendant's a second set of Interrogatories and Request For Production. The Defendant's did not answer The Interrogatories until January 14, 2005, and now claim they gave the Plaintiff the requested Discovery Materials, of which the Defendant's never did give the Plaintiff copies of the requested Discovery Materials.

Pg. 3

8) On November 23, 2004 The Defendant's did File Their motion For Summary Judgement, knowing that because the Defendant's did not give the Plaintiff all The Requested Discovery Materials, The Plaintiff would not be able to fully answer the Defendant's Motion For Summary Judgment.

9) While The Discovery deadline has passed, The Plaintiff would not still be trying to get Discovery Materials From the Defendant's if the Defendant's and their Attorney had complied with the Plaintiff many Requests For Discovery Materials. The Defendant's and their Attorney have made alot of talk about good Faith efforts, but "<u>No</u>" action.

10) On January 14, 2005 The Defendant's did findly answer the Plaintiff's Second Interrogatories, and the Defendant's did give the Plaintiff two Documents, one was a Reciept For property taking at the time of his Arrest From his person, and the other Document the Plaintiff has no idea what it is suppose to be.

11) The Plaintiff would like to remind the Court that if the Defendant's had acted in good Faith and given the Request Discovery Materials to the Plaintiff, The Plaintiff would have "<u>No</u>" Reason to ask the Court to Compel

Pg. 4

Discovery From the Defendant's. The Plaintiff is not asking the Court to Compel Discovery For the Fun of it. The Plaintiff is asking the Court to Compel Discovery From the Defendant's, because The Plaintiff has not been able to get the Requested Discovery Materials From the Defendants.

Therefore the Plaintiff Respectfully Asks That the Court Grant the Plaintiff's Motion to Compel Discovery.

Respectfully The Plaintiff;

*Howard John Gombert Jr*
Howard John Gombert Jr
1153 East Street South
Suffield, CT. 06080

## -CERTIFICATION-

This is to certify that a copy of the foregoing, was mailed to the Defendant's Attorney of record, Mr James N. Tallberg at One State Street, Hartford, CT. postage prepaid on this 20th day of January 2005.

By The Plaintiff,

*Howard John Gombert Jr*

Howard John Gombert Jr
1153 East Street South
Suffield, CT. 06080