FILED

2005 JAN 27 A 10: 18

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD JOHN GOMBERT, JR. | : | PRISONER |
| | : | CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| Plaintiff, | : | |
| V. | : | |
| | : | |
| LARRY LYNCH & WILLIAM KAMINSKI | : | |
| | : | |
| Defendants. | : | JANUARY 26, 2005 |

**DEFENDANTS' REPLY TO THE
PLAINTIFF'S RESPONSE TO THE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, defendants Larry Lynch and William Kaminski (collectively "the defendants") respectfully reply to the plaintiff's Response to the Defendants' Motion for Summary Judgment, dated December 6, 2004. In particular, the plaintiff has failed to establish the existence of a genuine issue of material fact in dispute that would allow his action to survive summary judgment. To the contrary, the plaintiff has admitted that many of the facts that support the defendants' Motion are undisputed. Most significantly, the plaintiff has admitted that essentially all of the plaintiff's property, which he claimed was unlawfully retained by the defendants, has been released. Accordingly, the defendants' Motion should be granted.

387068

## II. ARGUMENT

"To defeat a properly supported motion for summary judgment, a factual issue must be both 'genuine' and 'material'." Omega Engineering, Inc. v. Eastman Kodak Co., 908 F.Supp. 1084, 1090 (D.Conn. 1995). A "factual issue is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "factual issue is not 'material' unless it 'might affect the outcome of the suit under the governing law.'" Id. The key material facts in this case are undisputed, as the plaintiff has agreed to them.

Of the seventy-two (72) paragraphs of undisputed facts submitted by the defendants, the plaintiff has admitted that thirty-eight (38) paragraphs are undisputed. Compare Defendants' Local Rule 56 Statement in Support of Defendants' Motion for Summary Judgment, of November 23, 2004, ¶¶1-2, 5, 7-9, 11, 14-18, 20, 23-27, 31-32, 36-37, 44, 46-48, 51-57, 60, 62, 64, 66-69 ("Undisputed Facts") with Plaintiff's Local Rule 56 Statement of 12/6/04. Therefore, under Local Rule 56(a), the foregoing thirty-eight paragraphs of facts are deemed admitted. The plaintiff has taken issue with the remainder of the defendants' proposed undisputed facts, but has failed to identify any admissible evidence to controvert the proposed undisputed facts. Therefore, pursuant to Local Rule 56(a), those facts are also deemed admitted.

387068

The plaintiff's Reply to the Motion for Summary Judgment consists largely of his self-serving, uncorroborated affidavit. Even construing the plaintiff's affidavit in the light most favorable to him, his own sworn statements tend to hurt, rather than help, his cause. For example, the plaintiff has sworn in his affidavit that, "[w]hile I was in Bridgeport jail I became aware that [J] was selling and giving away my belongings that were at the residence we had shared." Pl.'s Aff. of 12/6/04, ¶62.[1] The plaintiff seeks to use this fact for the proposition that J committed the crime of stealing his property. Id., ¶64. A more plausible interpretation of that fact, however, is that when the plaintiff went to jail for sexually assaulting J, who is the mother of the plaintiff's child, J took steps to dispose of the plaintiff's property. Given that the plaintiff and J were cohabitating when he was arrested, her disposal of his property when he went to jail is a civil matter between plaintiff and J.

The plaintiff does not dispute that, ultimately, the property seized by the police was released, except a camera, which the plaintiff's landlord claimed as his. Undisputed Facts, ¶62. To the extent that the plaintiff cannot account for the whereabouts of the rest of his personal property, the circumstances under which he vacated the premises -- under arrest for the sexual assault of his girlfriend -- puts his claim in context. No reasonable jury, on this evidence, could rule in the plaintiff's favor. Thus, the defendants are entitled to summary judgment.

---

[1] Pursuant to Connecticut General Statutes §54-86e, the plaintiff's ex-girlfriend will be referred to only as "J," since she was the victim of a sex crime that the plaintiff was convicted of committing.

387068

Furthermore, the defendants are entitled to qualified immunity. The qualified immunity defense protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Connell v. Signoracci, 153 F.3d 74, 80 (2d Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The Supreme Court directed that, "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 121 S. Ct. 2151, 2155-2156 (2001). "Qualified immunity is 'an entitlement not to stand trial or face the burdens of litigation.'" Id. (quoting Michell v. Forsyth, 472 U.S. 511, 526 (1985). "The privilege is an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial…As a result, we repeatedly have stressed the importance of resolving immunity questions at the earliest stage in litigation." Id. (internal quotations omitted).

Because the factual underpinning of the defendants' Motion for Summary Judgment is largely undisputed, the defendants' qualified immunity defense is applicable. Again, no reasonable jury could rule in the plaintiff's favor or find that the defendants' conduct was unreasonable. For this additional reason, the defendants are entitled to partial summary judgment.

387068

4

### III. <u>CONCLUSION</u>

The plaintiff has failed to demonstrate the existence of a genuine issue of material fact in dispute. Moreover, the defendants are shielded from liability by the doctrine of qualified immunity. Consequently, the defendants are entitled to summary judgment.

        Respectfully submitted,
        Defendants Larry Lynch and William Kaminski

        By: _____
            JAMES N. TALLBERG, ESQ. (ct17849)
            Updike, Kelly & Spellacy, P.C.
            One State Street, P. O. Box 231277
            Hartford, CT 06123-1277
            (860) 548-2600
            jtallberg@uks.com

387068

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 26th day of January 2005, to the following pro se plaintiff:

Howard J. Gombert, Jr.
#108050
1153 East Street South
Suffield, Ct. 06080

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

387068