UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
HOWARD JOHN GOMBERT, JR.       :
                               :           PRISONER
     v.                        :     Case No. 3:01CV1913 (DJS)
                               :
LARRY LYNCH and                :
WILLIAM KAMINSKI               :
```

RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Howard John Gombert, Jr. ("Gombert") is currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Gombert asserts several claims related to his arrest on February 29, 2000. Gombert has filed a motion for partial summary judgment and defendants have filed a motion for summary judgment. For the reasons that follow, plaintiff's motion is denied and defendants' motion is granted in part and denied in part.

I.  Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991). A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."

Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

When cross-motions for summary judgment are presented to the court, summary judgment should not be granted "unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely in dispute." Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975).

II.  Facts[1]

Defendants are members of the New Milford, Connecticut, police department.  In the late morning of February 29, 2000, defendant Kaminski met Gombert's girlfriend at the New Milford Hospital Emergency Room and interviewed her regarding a domestic violence complaint against Gombert.  Defendant Kaminski took a statement from Gombert's girlfriend and photographs were taken of her injuries.  Later that day, the New Milford Police Department decided to arrest Gombert for sexual assault.

At approximately 5:46 p.m., on February 29, 2000, defendant Kaminski and several other New Milford police officers went to Gombert's residence, confronted him outside the residence and arrested him.  Gombert was charged with sexual assault in a cohabiting relationship, risk of injury to a minor and assault. During an interview at the police department, Gombert admitted assaulting his girlfriend by biting her breast and threatening to

---

[1] The facts are taken from the Local Rule 56(a) statements and documentary evidence filed by the parties.

4

kill her. He claimed that he had spoken in anger and did not mean to kill her. Gombert also states that he asked that his girlfriend also be arrested for assault as a result of the incident. Defendants do not recollect this request. Gombert later pleaded guilty to the charges under the Alford[2] doctrine.

On March 1, 2000, while Gombert was in custody, the police obtained a search warrant and consent from Gombert's girlfriend to search the residence for evidence of sexual assault. A list of the items removed from the residence is attached to the copy of the warrant provided by defendants.

In addition, police seized items they claim were in plain view in Gombert's car. Defendants state that the hood and trunk of the vehicle were open and the various bags, boxes and cases were in plain view. These items are included on an inventory list as being held for safekeeping. Gombert states that only the hood of the car was open. Some items were in the back seat and barely visible through heavily tinted windows, while other items were in the secured trunk area, not visible from outside the vehicle. Gombert was not provided a list of the items taken for safekeeping. On March 3, 2000, New Milford Police Department released a necklace belonging to Gombert, but not included in the inventory, to the Carmel, New York, Police Department in response

---

[2]North Carolina v. Alford, 400 U.S. 25 (1970).

to their inquiry regarding a missing person case.

In April 2000, Gombert's girlfriend made a new complaint that various items of jewelry were missing. On April 17, 2000, she signed a consent form permitting the police to search and take evidence from her residence. Also, she told police that she thought the items of jewelry might be in the various bags the police had removed from Gombert's car during the warrantless search on March 1, 2000. In response to this complaint, on May 8, 2000, defendant Lynch obtained a search warrant to search the various bags and boxes removed from Gombert's car for safekeeping following the warrantless search on March 1, 2000. The police did not provide Gombert a receipt for the items seized.

Over one year later, in July 2001, some of the evidence taken from Gombert's car was provided to the Litchfield State's Attorney's Office. In April 2003, other items were provided to the same office. After Gombert obtained two court orders for the release of the property, much of Gombert's property that had not been destroyed was returned to him.

III. Discussion

In response to defendants' motion to dismiss, Gombert characterizes his amended complaint as raising two claims. First, his Eighth and Fourteenth Amendment right to equal protection of the law was violated when defendants refused to

6

arrest his girlfriend for assault and investigate his claim that she was disposing of his property without his permission. Second, he alleges that defendant Lynch violated his Fourth Amendment protection against unreasonable search and seizure when he removed Gombert's property from the car.

Gombert seeks summary judgment on the issue of liability. Defendants seek summary judgment on the ground that plaintiff has failed to demonstrate a genuine issue of material fact regarding his claims and that they are protected by qualified immunity.

A.   Gombert's Motion for Partial Summary Judgment

Gombert has filed a motion for partial summary judgment accompanied only by a declaration. Rule 56(a)1, D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by a document setting "forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."

Gombert has not filed the required Local Rule 56(a)1 Statement. Accordingly, his motion for partial summary judgment is denied without prejudice.

B.   Defendants' Motion for Summary Judgment

Defendants argue that Gombert's Fourth Amendment claim must fail because his property was seized pursuant to properly issued warrants and, now, most of that property has been returned.

7

Defendants also argue that Gombert's equal protection claim fails because they have no special obligation to protect him. Finally, they argue that they are protected by qualified immunity.

    1.   Equal Protection Claim

Gombert contends that his right to equal protection of the law was violated because he was arrested while his girlfriend was not.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This provision does not mandate identical treatment for each individual; rather it requires that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state an equal protection claim, a plaintiff must charge a government officer 'not only with deliberately interpreting a statute against the plaintiff, but also with singling him out alone for that misinterpretation.'" Brady v. Town of Colchester, 863 F.2d 205, 216 (2d Cir. 1988) (citation omitted). Regarding a claim of domestic violence, Gombert must present "evidence sufficient to sustain the inference that there is a policy or a practice of affording less protection to victims of domestic violence than to other victims of violence in comparable circumstances, that discrimination against one sex was a

8

motivating factor, and that the policy or practice was the proximate cause of plaintiff's injury." Eagleston v. Guido, 41 F.3d 865, 878 (2d Cir. 1994), cert. denied, 516 U.S. 808 (1995).

Although he was arrested while his girlfriend was not, Gombert has presented no evidence to support his assumption that the reason for not arresting his girlfriend was gender. Thus, he fails to present any evidence to support his equal protection claim. Defendants' motion for summary judgment is granted as to the equal protection claim.

      2.   Fourth Amendment Claim

Defendants argue that Gombert's property was seized pursuant to valid search warrants and construe his claim as a challenge to the affidavits in support of these warrants.

The March 1, 2000 search warrant permitted defendants to search the residence of Gombert and his girlfriend for evidence of sexual assault. They did so and recovered the various items described to the police by Gombert and his girlfriend. Gombert has not challenged the warrant and, in fact, pled guilty under the Alford doctrine to the charges brought against him for which the warrant was obtained.

The March 1, 2000 search warrant did not, however, include any vehicles. Defendants state that they removed the various containers from the vehicle because the items were in plain view.

9

They support this characterization by defendant Lynch's affidavit indicating that the rear hatch of the car was open and the containers were in plain sight.  In opposition, Gombert has provided his own affidavit stating that the rear hatch was closed and that many of the containers were in the concealed trunk, the interior of which is not visible through any car window.  The court concludes that these contradictory affidavits create an issue that must be resolved by the trier of fact and cannot be resolved by the court on summary judgment.

Further, "[t]he 'plain view' exception '"authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity."'"  United States v. Gamble, 388 F.3d 74, 76 (2d Cir. 2004) (quoting United States v. Martin, 157 F.3d 46, 54 (2d Cir. 1998) (quoting Illinois v. Andreas, 463 U.S. 765, 771 (1983))).  Here, defendants did not suspect that any of the items seized from Gombert's car were connected to criminal activity at the time they seized the items.  They state that they merely took the items for safekeeping.  Thus, even if the items were in plain view, defendants have presented no evidence to show that the items were covered by this exception to the warrant requirement.

10

Gombert also claims that the May 8, 2000 warrant was invalid because defendants relied upon false information provided to them by Gombert's girlfriend. Specifically, Gombert's girlfriend filed a new complaint in April of 2000 alleging that Gombert stole jewelry from her, and that the jewelry might have been stored in parcels and bags she saw in the trunk of Gombert's car. Gombert, however, has presented no evidence indicating that his girlfriend's statement was false. See Franks v. Delaware, 483 U.S. 154, 155-56 (1978) (requiring proof that "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit."). Further, defendants corroborated Gombert's girlfriend's accusations through Gombert himself, who told another person that he had jewelry in his car. Therefore, Gombert's challenge to the May 8, 2000 warrant fails as a matter of law.

Defendants' motion for summary judgment is denied as to the Fourth Amendment claim for the seizure of the items from his car on March 1, 2000 and granted with respect to Gombert's claims addressing the March 1, 2000 and May 8, 2000 warrants.

    3.   <u>Qualified Immunity</u>

The doctrine of qualified immunity "shields government officials from liability for damages on account of their

performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001).

> [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.  This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.

Id.

Gombert states in his affidavit that some of the items seized from his car were in the locked trunk compartment, an area not visible even if the rear hatch were opened.  Defendants state that the items were in plain view and that they seized the items for safekeeping only.  Taking the facts in the light most favorable to Gombert, the court concludes that defendants took items that were not in the area covered by the search warrant or consent to search and were not in plain view.  Thus, defendants

12

had no authority to remove the items.

Seizing property not covered by a warrant and not in plain view is a violation of Gombert's Fourth Amendment right that was clearly established at the time of the incident. See, e.g., Washington v. Chrisman, 455 U.S. 1, 5-6 (1982) ("The 'plain view' exception to the Fourth Amendment warrant requirement permits a law enforcement officer to seize what clearly is incriminating evidence or contraband when it is discovered in a place where the officer has a right to be.")

Thus, qualified immunity is not warranted on this claim.

IV. Conclusion

Plaintiff's Motion for Partial Summary Judgment [**doc. #45**] is **DENIED** without prejudice.  Defendants' Motion for Summary Judgment [**doc. #61**] is **GRANTED** as to the equal protection claim and **DENIED** as to the Fourth Amendment claim.

Plaintiff's Motion for Extension of Scheduling Order [**doc. #58**] and Defendants' Motion for Extension of Dispositive Motion Deadline [**doc. #60**] are **GRANTED** nunc pro tunc.  Plaintiff's Motion for Appointment of Counsel [**doc. #59**] is **GRANTED**.  The Clerk is directed to attempt to obtain pro bono counsel for plaintiff.

In addition, plaintiff's Motion to Compel [**doc. #65**] is **DENIED** without prejudice to renewal by appointed counsel.

**SO ORDERED** this 15th day of February, 2005, at Hartford, Connecticut.

**/s/DJS**

_____
Dominic J. Squatrito
United States District Judge