PLAINTIFF'S
EXHIBIT

# 23

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : PRISONER |
| Plaintiff, | : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| V. | : |
| | : |
| LARRY LYNCH & WILLIAM KAMINSKI | : |
| | : |
| Defendants. | :JANUARY 14, 2005 |

## DEFENDANTS LARRY LYNCH & WILLIAM KAMINSKI'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Procedure the defendants, Larry Lynch and William Kaminski, hereby respond to the Plaintiff's Second Set of Interrogatories and Request for Production as follows:

1. On February 29, 2000, was Mr. Gombert given receipt for personal property that was in his possession at the time of his arrest? (wallet-keys-cash-jewelry-)?

**Response: According to New Milford Police Department paperwork titled "Personal Property" Howard Gombert, Jr. signed for Wallet/comb, boots, necklace, Timex Watch, lighter, a fifteen dollar check and $176.00 in cash." This form was dated 3/1/200 @ 9:30 a.m. (see copies attached).**

2. On February 29, 2000, was Mr. Gombert fully cooperative with the Defendants?

380972

**Response: No, upon initial contact at his residence, Mr. Gombert attempted to evade arrest by fleeing into a nearby wooded area. He was taken into custody by other responding officers a short distance into the wooded area.**

      a.   He answered all questions asked by the defendants?

**Response: Mr. Gombert gave a written statement to Investigator Kaminski on the day of the arrest. Investigator Kaminski does not recollect whether or not Mr. Gombert answered every questioned asked of him, while the statement was taken. Investigator Lynch has no recollection of interviewing Mr. Gombert in depth.**

      b.   He did all that was asked of him by the defendants?

**Response: Mr. Gombert did submit to a sex crime kit at the New Milford Hospital. He also allowed photographs to be taken of injuries that he said were inflicted by Jane Gunderman. The defendants do not recall making any other request of Mr. Gombert.**

      c.   Was willing to take a polygraph test?

**Response: The defendants have no recollection of offering Mr. Gombert the opportunity to take a polygraph, nor is there a recollection that Mr. Gombert requested the opportunity to take a polygraph examination.**

      d.   Give blood for possible DNA tests?

**Response: Upon information and belief, a sex crime kit was completed at New Milford Hospital. It is believed that a blood sample was taken as part of the sex crimes kit at the hospital.**

3. Please list the different kinds of mail that you have received from Mr. Gombert at the New Milford Police Department?

**Response: The defendants have received letters from Mr. Gombert, who is incarcerated in the Correctional Facilities, and Mr. Gombert would label them as "General Mail". "Legal Mail" was handwritten or typed on the envelopes. Some of the letters were typed and others were handwritten. The letters consisted of general information regarding the lawsuit and copies of court motions made by Mr. Gombert as the case proceeded.**

4. On February 29, 2000 did you know that Miss Jane Gunderman had been arrested before for assaulting Mr. Gombert?

**Response: On February 29, 2000, Investigator Lynch was not aware of any prior arrests involving Jane Gunderman and Howard Gombert. Investigator Kaminski was told by Mr. Gombert that Mr. Gombert and Ms. Gunderman had been arrested on previous Domestic Violence incidents. Investigator Kaminski has no recollection of verifying Jane Gunderman's arrest record through State Police Records Check (SPRC).**

a. Was it known that Miss Gunderman was on prescribed medication for mental health issues?

**Response:  The defendants have no recollection that Ms. Gunderman was on prescribed medication for mental issues.**

      b. Did you know that Miss Gunderman was abusing prescribed medication that she was taking for panic attacks and being bi-polar?

**Response: No.  See 4A above.**

5.  On February 29, 2000 did the defendants know that Miss Gunderman had been involved with the women's center in Danbury Ct. for years ever prior to knowing Mr. Gombert?

**Response: The defendants have no recollection of Ms. Gunderman being involved in the Women's Center.**

6.  Was Mr. Gombert in the custody of the New Milford Police when the search and the seizure of personal property from Mr. Gombert's 1984 Fire Bird Reg.#234NSS?

**Response: Yes.**

7.  Who were the officers involved in the search of the 1984 Firebird Reg.#234NSS?

**Response: Investigator Lynch takes exception to what Mr. Gombert terms "search".  This has been answered in the previous interrogatories, where these items were in plain view and were held for safe keeping, because the defendant, Howard Gombert, Jr. was incarcerated and the victim had elected not to stay in the house.  Investigator Lynch and Investigator Wheeler would**

have been involved in observing the items in plain view, as well as other members of the New Milford Police Department. It is unknown who physically removed the items from the vehicle.

8.  What was the date and time of the Search of the 1984 Firebird Reg.#234NSS?

**Response: Upon information and belief, between the hours of 08:06 p.m. on February 29, 2000, to 01:12 a.m. on March 1, 2000, these items were taken from the Firebird.**

9.  Did Mr. Gombert give his permission to search the 1984 Firebird Reg.#234NSS?

**Response:  No.  Mr. Gombert fled from the scene and was later taken into custody.**

10. Did you know at the time of the search of the vehicle Reg. #234NSS?

**Response:  Defendants do not understand the question.**

11. Did you know at the time of the search of the vehicle Reg. #234NSS that Mr. Gombert was the sole owner of said vehicle?

**Response:  No.  Determination of sole ownership and joint and severally owned property was not made.**

12. Was Mr. Gombert given a receipt for the property seized from his vehicle as Sec.54-36f.states?

**Response: No.  The affidavits of the search warrants were sealed and Mr. Gombert was incarcerated.**

13. After February 29, 2000 how did you come to be in possession of mail addressed to Mr.

Gombert at 322a Aspetuck Ridge Road, New Milford, CT. (The mail that was used to charge

Mr. Gombert with violation of a protective order & tampering with a witness?)

**Response: This is a different case and the defendants had no involvement with this**

**investigation.**

14. Did you have a search warrant to open Mr. Gombert's mail?

**Response: Not applicable, see question 13.**

15. If Miss Gunderman opened Mr. Gombert's mail, knowing that she has no legal right to do so,

did you as police officers take appropriate legal action against her?

**Response: Not applicable, see question 13.**

16. After February 29, 2000 did you know that Miss Gunderman was allowing people to take

Mr. Gombert's belongings without Mr. Gombert' permission to do so from 322a Aspetuck

Ridge Road, New Milford, CT.?

**Response: No. The defendants had no knowledge that this was allegedly occurring.**

17. Did you know that Miss Gunderman herself as well as her friends took property that they

knew belonged to Mr. Gombert from 322a Aspetuck Ridge Road, New Milford, CT.?

**Response: No. The defendants had no knowledge that this was allegedly occurring.**

18. What action did you take over the theft of Mr. Gombert's belongings by Miss Gunderman?

**Response: The defendants had no knowledge that the alleged "theft"was occurring.**

19. Why did you refuse to act on Mr. Gombert's valid complaint about the theft of his belongings from 322a Aspetuck Ridge Road, New Milford, CT.?

**Response: Mr. Gombert and Ms. Gunderman were living in a co-habitual environment and even had a child together. Mr. Gombert was alleging that Jane Gunderman was dividing the general household items. The argument about the property, that Mr. Gombert appears to be making, appears to be civil in nature.**

20. Why have you refused to act on any crime committed by Miss Gunderman against Mr. Gombert?

**Response: The defendants take exception to the word "refused" and object to the claim that Ms. Gunderman committed any crime. The defendants were investigating a crime of sexual assault in which the plaintiff was the suspect and Ms. Gunderman was the victim.**

21. Did you give Mr. Gombert a receipt for property seized with New York (NEW MILFORD?) Police as Sec.54.36f states from 322a Aspetuck Ridge Road, New Milford, CT?

**Response: The New York States Police initiated their own contact with Jane Gunderman. We were not required to give a receipt, because the New York State Police were conducting their own investigation.**

22. Please explain why you allowed people to remove belongings of Mr. Gombert's without his permission and that Miss Gunderman did not have the right to tell anyone they could take things she knew that did no belong to her?

**Response: The defendants did not tell, allow, or give anyone permission to take Mr. Gombert's property.**

23. On January 23, 2002 the Court ordered you to release the property of Mr. Gombert's that was seized. Why did it take you over a year and a second court order for you to release Mr. Gombert's property?

**Response: The court ordered an Inventory be prepared. Some questions arose as to owner of the property. Claims were made by the victim regarding ownership. Some of the property involved pornography, such as pornographic magazines and pictures. This resulted in hearings to resolve the issues. Public Defender Lou Panico, Mr. Gombert's attorney, was ordered to take custody of the property and give it to Mr. Gombert's father. Mr. Gombert' father refused to take the property. At that time, there was no one to give the property to. Mr. Gombert had to make claims of his ownership to the property. Due to the lawsuit filed in the United States District Court and the vagueness of the order, the United States District Court ruled on a**

**Motion for Clarification regarding the property of Mr. Howard Gombert, Jr.  Ultimately Mr.**

**Gombert's property was released.**

24. Did Patrolman Kaminski inform the Detective Bureau of the New Milford Police Department

that was in charge with investigating the incident involving Mr. Gombert, that Mr. Gombert

wanted to file charges against Miss Gunderman?

**Response: Investigator Kaminski does not recall whether or not he specially told members of**

**the ISB that Mr. Gombert wanted to press charges against Ms. Gunderman.**

25. The defendant Mr. Lynch claims that he took steps to safeguard Mr. Gombert belongings that

were in plain view inside the Firebird Reg.#234NSS, then please explain the following:

a.  Why didn't he just lock the vehicle up?

**Response: The defendant, Mr. Gombert was incarcerated and had abandoned the property in**

**the vehicle, with the hood and trunk wide open.  Ms. Gunderman had elected not to stay in the**

**house, the items were taken into safe keeping.**

b.  Why didn't he inform Mr. Gombert that he had Mr. Gombert's belongings?

**Response:  Mr. Gombert was incarcerated and the search warrant affidavits were ordered**

**sealed.**

c.  Why didn't he give Mr. Gombert a receipt for those belongings?

**Response: Same as 25B**

d.  Why did he refuse to return Mr. Gombert his belonging's, when Mr. Gombert sent Mr. Panioco with a signed release to retrieve the property after Mr. Gombert found out through Miss. Jill Kaminski that his belongings were at the New Milford Police Department?

**Response: There were property issues concerning ownership, between Mr. Gombert and Ms. Gunderman, and we had to clarify these issues in order to make a lawful property release. The court ordered that an Inventory be prepared. Public Defender Lou Panico, Mr. Gombert's attorney, was ordered to take custody of the property and give it to Mr. Gombert's father. Mr. Gombert's father refused to take the property. At that time, there was no one to give the property to.**

380972

10

## VERIFICATION

I, LARRY LYNCH, certify that the answers to the above Interrogatories and Requests for Production are true and correct to the best of my knowledge and belief.

LARRY LYNCH

STATE OF Connecticut

COUNTY OF Litchfield                    : ss.

On this 14th day of January, 2005, before me personally appeared LARRY LYNCH, to me known, and known to me to be the same person described in and who executed the above instrument and he acknowledged to me that he executed the same.

Notary Public/Commissioner of the Superior Court
my commission expires 8/31/2007
# 59430

380972

11

## VERIFICATION

I, <u>WILLIAM KAMINSKI</u>, certify that the answers to the above Interrogatories and Requests for Production are true and correct to the best of my knowledge and belief.

<u>W P Kaminski</u>
**WILLIAM KAMINSKI**

STATE OF <u>Connecticut</u>

COUNTY OF <u>Litchfield</u>  : ss.

On this 14th day of January, 2005, before me personally appeared <u>WILLIAM KAMINSKI</u>, to me known, and known to me to be the same person described in and who executed the above instrument and he acknowledged to me that he executed the same.

Notary Public/Commissioner of the Superior Court
my commission expires 8/31/2007
# 59430

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing, was mailed in the United States mail, First Class, postage prepaid this __14th__ day of January 2005, to the following pro se party.


Howard John Gombert, Jr. #108050
c/o MacDougall-Walker Correctional Facility
1153 East Street South
Suffield, CT 06080


By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

380972

13

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT, JR.    : PRISONER
                             : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS)

     Plaintiff,            :

V.                          :
                             :

LARRY LYNCH & WILLIAM KAMINSKI  :
                             :

     Defendants.           : JANUARY 14, 2005

## DEFENDANTS LARRY LYNCH & WILLIAM KAMINSKI'S  RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1. Copy of any receipts given to Mr. Gombert at the time of his arrest for property in his possession?

**Response:  See attached.**


2. Copies of all photos taken of Mr. Gombert at the time of his arrest.

**Response:  Photos have already been produced to plaintiff.**


3. Copies of all photos taken of Miss Gunderman for the New Milford Police Department?

**Response:  Photos have already been produced to plaintiff.**

385866

4.  Copies of all photos of property seized from the vehicle Reg. #234NSS.

**Response:  Photos have already been produced to plaintiff.**

5.  Copies of all photos taken of property seized from 322a Aspetuck Ridge Road, New Milford, CT.

**Response:  Photos have already been produced to plaintiff.**

6.  Copies of all photos taken of the inside if 322a Aspetuck Ridge Road, New Milford, CT.

**Response:  Photos have already been produced to plaintiff.**

7.  Copies of all signed statements made by Miss Gunderman.

**Response:  Upon information and belief, all signed statements made by Ms. Gunderman have already been produced.**

8.  Copies of all signed affidavits made by Miss Gunderman.

**Response:  Upon information and belief, all signed statements made by Miss Gunderman have already been produced.**

385866

9.  Copies of all statements or affidavits signed by anyone involving Mr. Gombert

**Response:  Not applicable.**


10. Copies of any search warrant for Mr. Gombert's mail.

**Response:  Not applicable.**


11. List all phone calls of Mr. Gombert's that were recorded for police?

**Response:  Upon information and belief, only one telephone call was recorded.  There is no list of Mr. Gombert's calls that were recorded for police.**


12. Copies of any receipts for property that was seized by police belonging to Mr. Gombert.

**Response:  See attached.**


385866

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing, was mailed in the United States mail, First Class, postage prepaid this _14th_ day of January 2005, to the following pro se party.

Howard John Gombert, Jr. #108050
c/o MacDougall-Walker Correctional Facility
1153 East Street South
Suffield, CT 06080

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

385866

4

02/29/2000                      ARREST REPORT                        Page: 1

REFERENCE: 00-124-AR

I hereby certify that I have been advised and understand my rights under
the constitution, which were given to me as follows:

* You have the right to remain silent.
* Anything you say can and will be used against you in a court of law.
* You have the right to talk to a lawyer and have him present with you while
  you are being questioned.
* If you cannot afford to hire a lawyer, one will be appointed to represent
  you before any questioning, if you wish.
* You can decide at any time to exercise these rights and not answer any
  questions or make any statements.

   1. Do you understand these rights explained to you?

   2. Having these rights in mind, do you wish to talk now?

SIGN: _____     DATE: 2/29/00   TIME: 6:40 pm
      HOWARD J GOMBERT

SIGN: _____     DATE: 2/29/00   TIME: 6:40 pm
      Witness

_____ [ PERSONAL PROPERTY ] _____

SEARCHED BY:  PATROLMAN WILLIAM J KAMINSKI   ON: 02/29/2000 AT: 1817

WALLET/COMB                              LIGHTER
BOOTS                                    $15 CHECK
NECKLACE                                 $176 CASH
Timex watch

SIGN: _____     DATE: 3-1-00   TIME: 9:30 am
      The above list is my property

SIGN: _____     DATE: 3-1-00   TIME: 9:30
      I have received the above property

                    Exhibit #1

2000

| TIME | CASE # | TYPE / LOCATION OF INCIDENT | DATE |
|---|---|---|---|
| OUT 3:37 PM<br>IN 4:44 PM | 00-21-0F | BURGLARY / LARCENY RT 202 84 Park Lane RD | 1/5/00 |
| OUT 8:06 PM<br>IN 1:12 AM | 00-167-0F | PROCESSION CRIME SCENE<br>SEXUAL ASSAULT 322A Aspetuck River Rd. | 3/1/20 |
| IN 11:10 P<br>OUT 10:29 AM | 00-365-0F | REPORTED DEATH<br>ROSE JASKOLKA 87 Boardman Rd. | 4/3/20 |
| IN 12:22 PM<br>OUT 1:55 | 00-730-0F | BURGLARY / LARCENY<br>#151 PARK LANE | 08/22/200 |
| OUT 9:30 AM<br>IN 10:45 AM | 00-761-0F | GULL / LARC.<br>#142 STILLSON HILL RD | 8/29/20 |
| OUT 10:37 A | 06-932-0F | BURGLARY / LARCENY  CORTINA GARDENS NURSERY<br>25 BRIDGEWATER RD. | 8/ /200 |
| IN 1:20 A<br>IN 3:20 A | 00-979-0F | UNTIMELY<br>OUTLOOK RD<br>BURGLARY — CAVCO | 10/24/00 |
| OUT 3:22<br>IN 1:10 | 00-1051-0F | 87 DANBURY ROAD<br>ARSON — LARCENY HQ | 11/03/0 |
| OUT 8:45 AM<br>IN 2:59 PM | NONE | ASSIST SCUBA TEAM — EVIDENCE RECOVERY<br>OPERATIONS — RIVER RD & ADDIS PARK | 11/21/00 |
| OUT 8:47 PM<br>IN 12:13 AM | 00-1117-0F | REPORTED ROBBERY<br>299 KENT RD  RYAN'S DRIVE-IN | 11/29/00 |
| OUT 11:45 AM<br>IN 10:45 PM | NONE | VAN TO PARK CAD FOR REPAIRS<br>RETURNED NMPD 12/29/00 | 12/22/0 |
| OUT 5:30 PM<br>IN 8:10 PM | 00-1117-0F | SPOT CHECK AT RT 7 & BOARDMAN RD.<br>RYAN'S MKT ROBBERY INVESTIGATION | 12/28/00<br>12/29/0 |

EXHIBIT #2



PLAINTIFF'S
EXHIBIT

# 24

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

HOWARD JOHN GOMBERT, JR.  : CIVIL ACTION NO. 3:01CV1913(DJS)
        Plaintiff,  :
V.  :
   :
LARRY LYNCH  :
WILLIAM KAMINSKI  :
   :
     Defendants.  : JULY 2, 2003
   :

---

## <u>AFFIDAVIT OF WILLIAM KAMINSKI</u>

I, William Kaminski, being of sound mind and legal age, and having been duly sworn, do hereby depose and say:

1.    I am over the age of eighteen (18) years and understand and believe in the obligations of an oath.

2.    I have been employed by the New Milford Police Department since 1984.

3.    On February 29, 2000, I was involved in the arrest of Howard J. Gombert, Jr. resulting from a domestic dispute.

4.    I first learned that I was being sued by Mr. Gombert after May 23, 2003

5.    I was never served in hand with a copy of the complaint. Instead, it appears to have been left for me at the Police Department.

I have read the foregoing affidavit consisting of two (2) pages. It is true and accurate to the best of my knowledge.

_____
William Kaminski
Affiant

Subscribed and sworn to before me this _____ day of July, 2003.

_____
Commissioner of the Superior Court
Notary Public/My Commission Expires: 8 | 3 | 2007

# 59430

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



PLAINTIFF'S
EXHIBIT

# 25

---------------------------------------------------------:
HOWARD JOHN GOMBERT, JR.          : CIVIL ACTION NO. 3:01CV1913(DJS)

     Plaintiff,                       :
V.                                :

LARRY LYNCH                       :
WILLIAM KAMINSKI                  :

     Defendants.                      : JULY 2, 2003
————————————————————————:


### AFFIDAVIT OF LARRY LYNCH


I, Larry Lynch, being of sound mind and legal age, and having been duly sworn, do hereby depose and say:

1.     I am over the age of eighteen (18) years and understand and believe in the obligations of an oath.

2.     I have been employed by the New Milford Police Department since 1972.

3.     On February 29, 2000, I was involved in the arrest of Howard J. Gombert, Jr. resulting from a domestic dispute.

4.     I first learned that I was being sued by Mr. Gombert after May 23, 2003.

5.     I was never served in hand with a copy of the complaint. Instead, it appears to have been left for me at the Police Department.

I have read the foregoing affidavit consisting of two (2) pages. It is true and accurate to the best of my knowledge.

_____
Larry Lynch
Affiant

Subscribed and sworn to before me
this _3 rd_ day of July, 2003.

_____          # 57430
Commissioner of the Superior Court
Notary Public/My Commission Expires: 8/31/2007