UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD JOHN GOMBERT,<br>    Plaintiff, | : | NO. 3:01CV1913(DSJ) |
| | : | |
| vs. | : | |
| | : | |
| LARRY LYNCH and WILLIAM KAMINSKI<br>    Defendants. | : | SEPTEMBER 25, 2006 |

## MOTION TO QUASH SUBPOENA

Pursuant to Rules 34(b) and 45(c)(3)(A) of the Federal Rules of Civil Procedure, and Rule 37 of the Local Rules of Civil Procedure, defendants Larry Lynch, William Kaminski and the New Milford Police Department (the "NMPD") respectfully move this Court to quash the subpoena duces tecum, dated September 11, 2006 and directed to the NMPD for the reason that it is untimely, unreasonably cumulative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the discovery deadline in this action expired more than two years ago on **August 14, 2004**, after the plaintiff engaged in substantial written discovery of which the subpoena is duplicative.

As more fully discussed in the attached memorandum of law, the plaintiff's subpoena, dated September 11, 2006, should be quashed.  Pursuant to Local Rule 37(a)(2) an affidavit of counsel regarding this matter is also attached hereto.

WHEREFORE, the defendants Larry Lynch, William Kaminksi, and the New Milford Police Department request that the Court grant this Motion to Quash.

                          LARRY LYNCH, WILLIAM KAMINSKI
                           and NEW MILFORD POLICE
                          DEPARTMENT


BY_____
  James N. Tallberg
  Federal Bar No.: ct17849
  Karsten & Dorman, LLC
  29 South Main Street
  West Hartford, CT 06107
  Their Attorney
  jtallberg@karstendorman.com

## **CERTIFICATION**

I hereby certify that on September 25, 2006 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/SS/
James N. Tallberg