```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT,                :   NO. 3:01CV1913(DSJ)
     Plaintiff,                     :
                                    :
vs.                                 :
                                    :
LARRY LYNCH and WILLIAM KAMINSKI    :   SEPTEMBER 25, 2006
     Defendants.
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA**

Pursuant to Rules 34(b) and 45(c)(3)(A) of the Federal Rules of Civil Procedure, and Rule 37 of the Local Rules of Civil Procedure, defendants Larry Lynch, William Kaminski and non-party the New Milford Police Department (the "NMDP") respectfully submit this memorandum of law in support of their motion to quash the subpoena duces tecum, dated September 11, 2006 and directed to the NMPD (the "Subpoena").

**I.     FACTUAL BACKGROUND**

   **A.     The Plaintiff's Untimely and Inappropriate Subpoena**

This action is surely one of the oldest cases on the Court's docket, having been filed five years ago on October 9, 2001. The plaintiff, Howard J. Gombert, is an incarcerated convicted felon who commenced this action pro se and managed to not only survive past summary judgment, but he also engaged in

substantial written discovery, which obviates the need for the written discovery encompassed by the Subpoena.

The only issue remaining for trial is the narrow question regarding whether the defendants' alleged seizure of items from the plaintiff's car on March 1, 2000 was proper, and whether the defendants are entitled to qualified immunity. See Ruling on Cross Motions for Summary Judgment of 2/15/05, at 11. All other claims have been decided against the plaintiff. Id. There are only two individual defendants and no Monell type claims against any municipal agency.

By order dated April 28, 2006, the Court appointed five lawyers from Bingham McCutchen, LLP to represent the plaintiff pro bono. Plaintiff's counsel has had the past five months to come up to speed on this case. On July 10, 2006, the Court issued an Order directing the parties to file their Joint Trial Memorandum by October 13, 2006, and the case was ordered to be trial ready by November 2006. By Motion dated September 11, 2006, plaintiff sought and obtained a thirty day extension, postponing the Joint Trial Memorandum Deadline until November 13, 2006 and the trial ready date until December 2006.

On September 11, 2006, the same date the plaintiff sought a 30 day extension, plaintiff issued the Subpoena to the NMPD, seeking a host of documents and providing only two weeks, until September 25, 2006, for the NMPD to comply. The Subpoena is three pages long, single spaced and is wildly overreaching when one considers the narrow issue remaining for trial. <u>See</u> Exhibit A.

In the Subpoena, the plaintiff seeks, among other things:

> 1. Please produce any and all documents, including but not limited to training manuals, employee manuals and employee handbooks, concerning, relating, referring to or evidencing polices, procedures or practices of the New Milford Police Department ("NMPD"), operative at any point during the period beginning January 1, 2000 through the present, for:
>
>> (a) obtaining search warrants;
>> (b) conducting searches and/or seizures pursuant to a warrant;
>> (c) conducting searches and/or seizures without a warrant;
>> (d) collecting, processing, cataloguing and/or handling seized property;
>> (e) documenting or recording the identity of individuals and/or entities who request, receive or are granted access to seized property and/or property held for "safe-keeping" as that term is used by the NMPD;
>> (g) sharing, transferring or releasing seized property and/or property held for "safe-keeping" as that term is used by the NMPD, to or with other law enforcement agencies or officials, including, but not limited to, policies,

>procedures or practices concerning or relating to the return, or attempts to secure the return, of any such property to the NMPD;
>(h) documenting or recording the disposition of seized property and/or property held for "safe-keeping," as that term is used by the NMPD; and
>(i) the New Milford Police Department Document Retention Policy or any other policies, procedures or practices for retaining documents including but not limited to search warrants, inventories, logs, police files or records of any investigation.

Subpoena at 2 (Exhibit A).

Request number 1, detailed above, is only the first of nine separate categories of documents that the plaintiff seeks in the Subpoena. Startling in its length and scope, the Subpoena is patently overreaching, especially considering that there are no claims in this case that the defendants violated any policy or procedure of the NMPD. Coupled with the fact that no discovery should even be conducted at this late date on the eve of trial, the Subpoena should be quashed.

### B.    The Plaintiff's Prior Burdensome and Unreasonable Discovery

The Subpoena is not the first unreasonable discovery request propounded by the plaintiff. For example, prior to the appointment of pro bono counsel, the pro se plaintiff demonstrated a striking ability to serve multiple and vexatious discovery requests. The plaintiff served the following discovery upon the defendants, and received the following responses:

- By document dated June 19, 2004, the plaintiff served a pleading he entitled "motion for discovery." Defendants responded with a letter dated July 16, 2004, enclosing a stack of documents, primarily the pertinent police reports regarding his arrest, and a cover sheet containing objections;
- By document dated July 22, 2004, Defendants responded to plaintiff's 75 Requests to Admit;
- By document dated August 13, 2004, the plaintiff served a pleading he entitled "Plaintiff's First Set of Interrogatories and Requests for Production;"
- By letter dated August 18, 2004, Defendants provided the plaintiff with Deposition Exhibits 1-9 that he requested;
- By letter dated September 24, 2004, Defendants provided the plaintiff with responses to his First Set of Interrogatories, along with the documents that were previously claimed as privileged;
- By letter dated October 19, 2004, Defendants provided the plaintiff with 52 photographs taken by the New Milford Police concerning this matter;
- By document dated November 4, 2004, the plaintiff served a pleading he entitled "plaintiff's second set of interrogatories and request for production;"

- By letter dated November 23, 2004, Defendants provided the plaintiff with verification pages and revised answers to his first set of interrogatories; and
- By letter dated January 14, 2005, Defendants provided the plaintiff with the defendants' responses to the plaintiff's second set of interrogatories and request for production.[1]

The pro se plaintiff also filed a number of "discovery motions", "motions to compel" and a variety of other documents that required responses from the defendants. Having already complied with the plaintiff's numerous discovery requests, it is patently unfair for plaintiff's new pro bono counsel to attempt to reopen discovery on the eve of trial. For these and the reasons set forth below, the subpoena should be quashed.

## II.  LAW AND ARGUMENT

### A.  The Plaintiff's Subpoena is Untimely and Should be Quashed

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that the court may quash a subpoena that fails to allow reasonable time for compliance or subjects a person to undue burden. See Travelers Indemnity Company v. Metropolitan Life

---

[1] Plaintiff's pro bono has counsel represented that Mr. Gombert did not keep accurate copies of the prior discovery exchanged between the parties due to his incarcerated status. As a result, defendants' counsel provided a chronology of the discovery, similar to the listing above, and made those documents available for copying by plaintiff's pro bono counsel. Thus, the defendants have essentially complied twice already with the plaintiff's discovery requests and have produced all records pertinent to his arrest, including police reports, photographs, property inventories and other documents, except one document that was identified on a privilege log and was shown to Mr. Gombert at his deposition.

<u>Insurance Company</u>, 228 F.R.D. 111, 113 (D.Conn. 2005).  In addition, under Rule 34(b), parties generally have 30 days to respond to a written discovery request, which may only be served after the approval of a Rule 26(f) scheduling order and within the discovery deadlines established by the Court.  <u>See</u> Fed.R.Civ.P. 34(b) ("[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request.").

Here, the discovery deadline expired two years ago and the plaintiff has not sought permission to conduct additional discovery.  The defendants were already forced to respond to a multitude of discovery requests made by the plaintiff.  Based upon the timing alone, and the plaintiff's failure to articulate a need for additional discovery at this late stage, the Subpoena should be quashed.  In addition, the Subpoena is redundant, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In sum, the plaintiff's shotgun approach ignores the fact that substantial discovery was conducted by the parties and is oppressive.

B. **The Plaintiff's Subpoena is Unreasonably Cumulative and Duplicative, Overly Broad, Unduly Burdensome, and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence**

The Subpoena could be interpreted as requiring the production of every NMPD training manual, employee manual, employee handbook, policy or procedure concerning arrests, searches and seizures from January 2000 to the present. See Subpoena, Request Number 1. On its face, the first request contained in the Subpoena is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, requests 2 through 9, which relate mostly to the plaintiff's arrest, are unreasonably cumulative and duplicative as compared to the substantial discovery that has already been complied with.

Relevant evidence is that evidence, "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 402. Although discovery requests, and subpoenas, are not confined to the production of relevant evidence, they must at least be reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Because the issues for trial have been narrowed by the Court's ruling on the Defendants' Motion for Summary Judgment, the plaintiff's Subpoena of training records is not reasonably calculated to lead to the discovery of admissible evidence.  The police policies and training procedures in place on the date of the plaintiff's arrest is February 2000, and any subsequent changes to those procedures, are not relevant to the issue remaining for trial; namely, the conduct of the two individual defendants on March 1, 2000 and whether that conduct can sustain the plaintiff's Fourth Amendment search and seizure claim.  <u>See</u> Ruling on Cross Motions for Summary Judgment of 2/15/05, at 11.  For this additional reason, the Subpoena should be quashed.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, defendants Larry Lynch, William Kaminski and the New Milford Police Department respectfully request that the Court grant this Motion to Quash.

LARRY LYNCH, WILLIAM KAMINSKI
 and NEW MILFORD POLICE
DEPARTMENT

BY_____
James N. Tallberg
Federal Bar No.: ct17849
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107
Their Attorney
jtallberg@karstendorman.com

## **CERTIFICATION**

I hereby certify that on September 25, 2006 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/SS/
James N. Tallberg