UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD JOHN GOMBERT, | : | NO. 3:01CV1913(DSJ) |
|     Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| LARRY LYNCH and WILLIAM KAMINSKI | : | SEPTEMBER 25, 2006 |
|     Defendants. | | |

### AFFIDAVIT OF JAMES N. TALLBERG

I, James N. Tallberg, do hereby depose and swear that:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I represent the defendants in the above civil action and I make this affidavit in connection with my obligations under Rule 37 of the Local Rules of Civil Procedure regarding good faith efforts to resolve discovery disputes with opposing counsel prior to seeking judicial intervention.

3. At some point after the appearance of the plaintiff's pro bono counsel, I had a telephone conversation with plaintiff's counsel regarding the discovery that had been conducted in this case while the plaintiff was pro se.

4. By email dated July 7, 2006, I provided plaintiff's counsel, Kate Simon, with a summary of the discovery that was conducted prior to her firm's appointment as pro bono counsel.

5. On July 11, 2006, a copy service employed by Bingham McCutchen, LLP, visited my office and took possession of the discovery that I had summarized for plaintiff's counsel, including the plaintiff's and defendants' interrogatory answers, police reports regarding the plaintiff's arrest, photographs, and other itemized documents.

6. Sometime thereafter, in late August or early September 2006, I communicated with plaintiff's counsel Sara Simeonidis and Brian Hole, who requested the opportunity to depose defendants Larry Lynch and William Kaminski.

7. I agreed to make the defendants available for a deposition that was agreed to take place on a single day, September 28, 2006.

8. Thereafter, plaintiff's counsel indicated that they wanted to take two full day depositions of the defendants, if necessary, and intended to serve additional written discovery.

9. On September 7, 2006, I informed plaintiff's counsel that I would agree to make the defendants available for a

deposition, on separate dates if needed, but that I reserved my right to object to the plaintiff's attempt to conduct additional written discovery because (1) the parties already engaged in substantial written discovery before the appointment of pro bono counsel, and (2) the discovery deadline expired more than two years ago.

    10. On September 11, 2006, I received service of the plaintiff's subpoena directed to the New Milford Police Department (the "Subpoena").

    11. On September 14, 2006, I wrote to plaintiff's counsel, Attorney Simeonidis, sending her additional items that she requested associated with the discovery that was conducted prior to her appointment in this matter. I also informed her that I was startled by the scope and breadth of the Subpoena that I had received.

    12. On September 20, 2006, I discussed the Subpoena with plaintiff's counsel, Brian Hole, and informed him that I thought it was unduly burdensome, unreasonably cumulative of the prior discovery, not reasonably calculated to lead to the discovery of admissible evidence, was file beyond the discovery deadline, and should be withdrawn.

13. Attorney Hole responded that he felt the Subpoena was appropriate and that they expected the New Milford Police Department to comply with the Subpoena.

14. Despite my good faith effort to resolve this discovery dispute, I have been unable to resolve this issue by agreement among counsel and instead seek judicial intervention by way of a ruling on the defendants' Motion to Quash being filed on this date.

15. The foregoing is true and accurate to the best of my personal knowledge and belief.

_____
James N. Tallberg

Subscribed and sworn to before me, this 25th day of September, 2006.

_____
~~Notary Public~~ / Commissioner of the Superior Court