UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT : | |
|     Plaintiff, : | |
| : | Civil Action No. |
| v. : | 3:01 CV 1913 (DJS) |
| : | |
| LARRY LYNCH and WILLIAM KAMINSKI : | |
|     Defendants : | October 16, 2006 |

**PLAINTIFF'S OPPOSITION TO THIRD PARTY NEW MILFORD POLICE DEPARTMENT'S MOTION TO QUASH**

Defendants Larry Lynch and William Kaminski (the "Defendants") and the New Milford Police Department (the "NMPD"), represented by the same counsel as Defendants, have moved to quash a subpoena directed to the NMPD (the "Subpoena") in large part because the discovery period in this case has expired (the "Motion").[1] Defendants' counsel, however, conveniently omits the fact that court-appointed *pro bono* counsel for the Plaintiff, Howard John Gombert (the "Plaintiff" or "Mr. Gombert"), contacted him to confer on a reasonable extension of the discovery period and, in response, he urged an informal agreement to conduct additional discovery outside of the discovery period, rather than seeking a court order (as the Plaintiff suggested). Defendants' counsel further agreed to extend the trial management order by thirty (30) days and to permit needed discovery in preparation for trial, including a records request on

---

[1] Plaintiff notes that except in special circumstances only the person or entity subject to a subpoena, not a party, has standing to object to a subpoena. Fed.R.Civ.P. 45(c)(2)(B). Thus, Plaintiff believes Defendants lack standing to object to the Subpoena.

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**
CTDOCS/1672604.2

the NMPD (the "Subpoena") and the depositions of the Defendants Larry Lynch and William Kaminski.

Defendants and the NMPD base the Motion on an incomplete recitation of the background of this case which leads to a less than full understanding of the history and status of this action. In addition, after the Motion was filed, this Court indicated that the trial ready date would be extended to allow the parties to submit motions for summary judgment as to liability. Thus, the requested discovery will neither prejudice any party nor cause any delay in this case. Moreover, despite his agreement to allow additional discovery, since Defendants' counsel now challenges the Plaintiff's requested discovery on grounds of timeliness, the Plaintiff will be filing a motion to reopen discovery very shortly.

Accordingly, and for the reasons stated herein, the Plaintiff opposes the Motion pursuant to Rule 45 of the Federal Rule of Civil Procedure and Local Rule 7 of the Local Rules for the District of Connecticut.

## I. Factual Background

This Court appointed Bingham McCutchen LLP ("Bingham") as counsel for the Plaintiff on April 27, 2006, after certain of the Plaintiff's claims survived summary judgment. Affidavit of Brian Hole ("Hole Aff."), ¶ 4. Bingham received notice of its appointment on Saturday, April 29, 2006. *Id.*. The Plaintiff is currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. *Id.*, ¶ 5. Due to the Plaintiff's confinement and initial obstacles in contacting and meeting with him, Bingham was not formally engaged by the

Plaintiff until early June 2006. *Id.*. At that time, Bingham attorneys promptly filed appearances with the Court.

Also due to the Plaintiff's incarceration and frequent relocations, he has not been able to maintain organized files regarding this case. Affidavit of Sara R. Simeonidis ("Simeonidis Aff."), ¶ 4. Therefore, upon being retained by the Plaintiff, Bingham requested from Defendants' counsel that he permit an independent, outside copy service to make a copy of the discovery requests and responses served in this case to date, at Bingham's expense, and immediately return the documents. *Id.* Despite Bingham's repeated requests for this professional courtesy and efforts to minimize any inconvenience to Defendants' counsel, Defendants' counsel did not respond to Bingham until July 7, 2006, at which point Bingham immediately arranged to obtain a copy of the discovery. *Id.*. Bingham did not receive a substantially complete copy of the discovery in this matter until September, 2006. *Id.*.

Following Bingham's analysis of the discovery documents, it became apparent that despite the Plaintiff's admirable efforts to prosecute his case *pro se*, including successfully opposing summary judgment, discovery in this case was not adequately developed for the Plaintiff to take his case to trial, particularly on the issue of damages. *Id.*, ¶ 5. Consequently, Bingham contacted Judge Squatrito's clerk to determine how the Court would like the parties to proceed to enable the Plaintiff to conduct appropriate and necessary discovery to prepare his case for trial fully. *Id*. The clerk suggested that the parties attempt to agree to a limited additional discovery period before contacting the Court for a new discovery deadline. *Id*.

Accordingly, Bingham contacted Defendants' counsel and, on August 24, 2006, Bingham reached an agreement with Defendants' counsel for a thirty (30) day extension of the trial memorandum deadline. *Id.*, ¶ 6. At the same time, the parties agreed to allow the Plaintiff to conduct additional discovery specifically including the Defendants' depositions, which had never been taken, and the issuance of the Subpoena to the NMPD. *Id.*, ¶ 7. Defendants' counsel agreed to accept service and respond to the Subpoena on the NMPD's behalf. *Id.* The Plaintiff served the Subpoena on September 11, 2006, and required the NMPD to respond on September 25, 2006. *Id.*, ¶ 8. (A copy of the Subpoena is attached as Exhibit A to the Simeonidis Aff. and made a part hereof.)

By letter dated September 14, 2006, Defendants' counsel confirmed receipt of the Subpoena. *Id.*, ¶ 9. Although indicating his belief that the Subpoena sought some records that were previously produced, Defendants' counsel indicated that he would confer with the NMPD and respond to the Subpoena. *Id.* Defendants' counsel did not indicate at that time that the NMPD would be objecting to the Subpoena. *Id.* In fact, contrary to Defendants' representations in the Motion and accompanying affidavit, Defendants' counsel never made any good faith effort to meet and confer with the Plaintiff to resolve this discovery dispute prior to filing the Motion. *Id.*, ¶ 10.

On September 20, 2006, Bingham called Defendants' counsel to inform him of the Plaintiff's plans to seek a status conference with the Court. Hole Aff. ¶ 6. At that time, Defendants' counsel stated that the NMPD was contemplating filing a motion to quash, but had not yet decided to do so. *Id.*, ¶ 7. Defendants' counsel further represented that he would contact

Bingham on September 22, 2006, if he had anything further to discuss regarding objecting to the Subpoena. *Id.*, ¶ 8. On September 22, Defendants' counsel left a voicemail for Bingham attorney Brian Hole in which he again represented that he had not yet decided whether to object to the Subpoena. *Id.*, ¶ 9. No further conversation regarding the Subpoena took place between Defendants' counsel and Bingham prior to the filing of the Motion on September 25, 2006. *Id.*, ¶ 10.

On October 3, 2006, this Court held a status conference in the case. During the status conference, this Court set deadlines for the filing of motions for summary judgment (October 24, 2006), opposition briefs (November 7, 2006) and reply briefs (November 17, 2006). The Court also indicated that in light of this briefing schedule, the trial ready deadline, which is currently set for December 2006, would be extended. *Id.*, ¶ 11.

## II. <u>Argument</u>

### A. **Compliance With The Subpoena Will Not Delay These Proceedings.**

Plaintiff served the Subpoena on counsel for NMPD and Defendants after he agreed to accept service and to allow discovery to proceed without a formal court order extending the discovery period. With the filing of the Motion, it has become apparent that counsel for NMPD and Defendants has changed his position and, therefore, Plaintiff will forthwith move to reopen discovery to enable Plaintiff to conduct such reasonable and necessary discovery so as to allow him to prove his case.

Plaintiff requires additional discovery in order to effectively prove his case at trial. While, prior to the appointment of counsel, the Plaintiff attempted to conduct discovery during

the discovery period acting *pro se*, the requests (and responses received) were largely inadequate for purposes of trial preparation, particularly with regard to damages. This Court saw fit to appoint trial counsel for Mr. Gombert and, within reason, Bingham should now be permitted to get this case trial-ready. Moreover, as a summary judgment briefing schedule has just been set and the trial ready date will be extended, there will be no delay in these proceedings caused by compliance with the Subpoena.

    **B.** **The Requests Made in the Subpoena Are Not Overburdensome or Duplicative and Are Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

    The Subpoena represents the first and only discovery Plaintiff has directed to the NMPD. Contrary to the Motion, the Subpoena is not overreaching. Through the Subpoena, the Plaintiff seeks to ensure that it has a complete and official copy of the police file regarding Mr. Gombert as it relates to this matter. Indeed, before serving the Subpoena, Plaintiff's counsel explained to counsel for NMPD and Defendants that one of the reasons underlying the need for the Subpoena is the *ad hoc* manner in which documents previously were requested and produced. As a result, it is impossible for Bingham to determine if it has a complete police file on Mr. Gombert and, if not, what documents are missing.

    Importantly, because NMPD has not, either informally or in the Motion, identified which requests it believes are duplicative or overreaching and in what manner, Plaintiff cannot fully and specifically address the merits of any such objections. However, as a general matter, the Subpoena's Requests are designed to capture all manner of information that the Plaintiff

-6-

anticipates should be found within a "complete" copy of the NMPD file and/or documents relating to Mr. Gombert in addition to police procedure manuals. Such information is clearly "relevant and admissible or, at the very least, reasonably calculated to lead the discovery of admissible evidence." *Jordan v. Bellinger*, 2000 U.S.Dist. LEXIS 19233, *28 (D. Del. 2000) (holding that plaintiff's requests for an official copy of standard operating procedures governing the conduct of correctional officers, information regarding items seized from plaintiff, and plaintiff's disciplinary write up are "relevant and admissible or, at the very least, reasonably calculated to lead the discovery of admissible evidence" in an action under § 1983). Moreover, to the extent, that any portion of the Subpoena directed at the NMPD might be considered duplicative of discovery produced by the Defendants, production of such documents will not create a significant hardship for the NMPD as the majority of them should be contained in the NMPD's file on Mr. Gombert.

### C. The Subpoena Provided Sufficient Time for Compliance.

NMPD also objects to the Subpoena claiming that it did not allow sufficient time to respond. Contrary to the assertions made in the Motion, since NMPD is not a party to this litigation, it is not entitled to thirty (30) days to respond to discovery requests. *See* Fed.R.Civ.P. 45 and 34. Rather, Federal Rule 45(c)(3)(A)(i) provides that a subpoena must allow for a "reasonable time" to respond. Rule 45 does not specify what is considered a "reasonable time," but, fourteen (14) days, as provided for by the Subpoena in this case, has been held to be sufficient. *See, e.g., McClendon v. Telohio Credit Union, Inc.*, 2006 U.S. Dist. LEXIS 57222,

\*5-6 (D. Ohio 2006) (indicating that allowing 14 days for a response to a subpoena is "presumptively" reasonable). Furthermore, NMPD's counsel never made any attempt to obtain additional time to respond to the Subpoena despite that Plaintiff's counsel expressed an openness to discussing the parameters of compliance with the Subpoena in hopes of avoiding wasting judicial resources on a discovery dispute that the parties might reasonably resolve on their own.

### III.  Conclusion

For the foregoing reasons, Mr. Gombert respectfully requests this Court deny the Motion to Quash and compel the NMPD to respond to the Subpoena in its entirety.

> THE PLAINTIFF,
> HOWARD JOHN GOMBERT
>
>
> By:  /s/ Sara R. Simeonidis
> Ben M. Krowicki [ct06153]
> Sara R. Simeonidis [ct25566]
> Brian R. Hole [ct26608]
> BINGHAM McCUTCHEN LLP
> One State Street
> Hartford, CT 06103
> Tel:  (860) 240-2700
> Fax:  (860) 240-2818
> His Attorneys

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 16th day of October, 2006, to the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT  06107

                                                ___/s/ Sara R. Simeonidis_____
                                                Sara R. Simeonidis