UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT<br>Plaintiff, | :<br>:<br>:    Civil Action No. |
| v. | :    3:01 CV 1913 (DJS)<br>: |
| LARRY LYNCH and WILLIAM KAMINSKI<br>Defendants | :<br>:    October 16, 2006 |

**AFFIDAVIT OF BRIAN R. HOLE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THIRD PARTY NEW MILFORD POLICE DEPARTMENT'S MOTION TO QUASH**

The undersigned, being duly sworn, hereby deposes and says as follows:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I submit this affidavit in support of Plaintiffs' Opposition to Third Party New Milford Police Department's Motion to Quash dated September 25, 2006 (the "**Motion**").

3. I am an associate with the law firm of Bingham McCutchen LLP ("**Bingham**"), counsel for Plaintiff Howard J. Gombert ("**Gombert**").

4. On April 27, 2006, this Court appointed certain attorneys at Bingham as counsel for Gombert. Bingham received notice of its appointment on Saturday, April 29, 2006.

5. Gombert is currently confined at the MacDougall-Walker Correctional Institution in Suffield Connecticut. Due to Gombert's confinement and initial obstacles in contacting and meeting with him, Bingham was not formally engaged by Gombert until early June, 2006.

6. On September 20, 2006, I called Defendants', Larry Lynch and William J. Kaminski (collectively, the "**Defendants**"), counsel, James N. Tallberg, to inform him of

Gombert's plans to seek a status conference with the Court regarding Gombert's desire to move for summary judgment as to liability.

7. During that conversation, Mr. Tallberg informed me that the New Milford Police Department ("**NMPD**") was contemplating filing a motion to quash the subpoena served on it by Gombert, but that it had not yet decided to do so.

8. Mr. Tallberg generally stated that the NMPD thought the subpoena was overbroad and sought irrelevant information. I informed Mr. Tallberg that I did not have a copy of the subpoena at my disposal but that I would be happy to discuss any specific objections the NMPD may have if and when the NMPD was prepared to make such objections. Mr. Tallberg stated that he needed to further review the subpoena and that he would call me on September 22, 2006, if he had anything further to discuss regarding objecting to the Subpoena.

9. Mr. Tallberg left me a voicemail on September 22. In that voicemail, Mr. Tallberg again represented that he had not yet decided whether to object to the subpoena on behalf of the NMPD.

10. I have not had any further conversations with Mr. Tallberg regarding the subpoena or the NMPD's purported objections.

11. On October 3, 2006, this Court held a status conference in the case. During the status conference, this Court set deadlines for the filing of motions for summary judgment (October 24, 2006), opposition briefs (November 7, 2006) and reply briefs (November 17, 2006).

The Court also indicated that in light of this briefing schedule, the trial ready deadline, which is currently set for December 2006, would be extended.

Dated at Hartford, Connecticut, this 16th day of October, 2005.

_____
Brian R. Hole

Subscribed and sworn to before me this 16th day of October, 2006.

_____
Commissioner of the Superior Court

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 16th day of October, 2006, to the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

                                                  /s/ Sara R. Simeonidis
                                                  Sara R. Simeonidis