**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HOWARD JOHN GOMBERT<br>Plaintiff, | : | |
| v. | : | Civil Action No.<br>3:01 CV 1913 (DJS) |
| LARRY LYNCH and WILLIAM KAMINSKI<br>Defendants | : | October 16, 2006 |

**AFFIDAVIT OF SARA R. SIMEONIDIS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THIRD PARTY NEW MILFORD POLICE DEPARTMENT'S MOTION TO QUASH**

The undersigned, being duly sworn, hereby deposes and says as follows:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I submit this affidavit in support of Plaintiffs' Opposition to Third Party New Milford Police Department's Motion to Quash dated September 25, 2006 (the "**Motion**").

3. I am an associate with the law firm of Bingham McCutchen LLP ("**Bingham**"), counsel for Plaintiff Howard J. Gombert ("**Gombert**").

4. Due to the Plaintiff's incarceration and frequent relocations, he has not been able to maintain organized files regarding this case. Bingham therefore requested from Defendants', Larry Lynch and William J. Kaminski (collectively, "**Defendants**"), counsel that he permit an independent, outside copy service to make a copy of the discovery requests and responses served in this case to date, at Bingham's expense. Defendants' counsel, James N. Tallberg, did not

respond to Bingham's request until July 7, 2006, at which point Bingham immediately arranged to obtain a copy of the discovery. Bingham did not receive a substantially complete copy of the discovery in this matter until September, 2006.

5. Bingham reviewed the discovery documents and it was apparent that discovery in this case was not adequately developed for the Plaintiff to take his case to trial, particularly on the issue of damages. Consequently, Bingham contacted Judge Squatrito's clerk to determine how the Court would like the parties to proceed to enable the Plaintiff to conduct appropriate and necessary discovery to prepare his case for trial. The clerk suggested that the parties attempt to agree to a limited additional discovery period before contacting the Court for a new discovery deadline.

6. I therefore contacted Mr. Tallberg and, on August 24, 2006, we agreed that Gombert would move for a thirty (30) day extension of the trial memorandum deadline to permit Gombert to seek additional discovery.

7. Specifically, we agreed that Gombert would be permitted to take the Defendants' depositions, which had never been taken, and that Mr. Tallberg would accept service of a subpoena direct to the New Milford Police Department ("**NMPD**").

8. Gombert served the subpoena on September 11, 2006, and required the NMPD to respond on September 25, 2006. A true and correct copy of the subpoena is attached hereto as Exhibit A.

9. By letter dated September 14, 2006, Defendants' counsel confirmed receipt of the Subpoena. Although indicating his belief that the subpoena sought some records that were previously produced, Defendants' counsel indicated that he would confer with his client and respond to the Subpoena. Defendants' counsel did not indicate at that time that the NMPD would be objecting to the Subpoena.

10. I did not have any further discussions with Mr. Tallberg regarding the subpoena or the NMPD's purported objections thereto.

Dated at Hartford, Connecticut, this 16th day of October, 2006.

Sara R. Simeonidis

Subscribed and sworn to before me this 16th day of October, 2006.

Commissioner of the Superior Court

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 16th day of October, 2006, to the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

Sara R. Simeonidis