```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT,                :    NO. 3:01CV1913(DSJ)
    Plaintiff,                      :
                                    :
vs.                                 :
                                    :
LARRY LYNCH and WILLIAM KAMINSKI    :    OCTOBER 19, 2006
    Defendants.
```

### REPLY TO PLAINTIFF'S OPPOSITION TO THIRD PARTY NEW MILFORD POLICE DEPARTMENT'S MOTION TO QUASH SUBPOENA

The defendants Larry Lynch, William Kaminski and non-party New Milford Police Department (the "NMPD"), respectfully submit this Reply to the Plaintiff's Opposition to Third Party NMPD's Motion to Quash, dated October 16, 2006, (hereinafter "Plaintiff's Opposition"). In sum, the Motion to Quash should be granted, at least until after resolution of the imminent Cross Motions for Summary Judgment (the "Cross Motions").

**I.   No Discovery Should be Allowed Until After a Ruling on the Impending Cross Motions**

On October 3, 2006, on the record during a telephonic status conference with the Court, plaintiff's counsel indicated that he was prepared to file the plaintiff's renewed motion for summary judgment "tomorrow," if needed. After a discussion, plaintiff's counsel agreed to file the plaintiff's renewed

motion for summary judgment by October 24, 2006, which deadline was ordered by the Court.  <u>See</u> Order of 10/3/06, Doc. # 90.

Provided with the perfect opportunity during the October 3, 2006 status conference to seek to reopen discovery, plaintiff did not claim that any additional discovery was needed.  To the contrary, plaintiff's counsel indicated his motion for summary judgment was ready to be filed and quickly acceded to the October 24, 2006 deadline for Cross Motions, without any suggestion that there might be a need for discovery.

The Cross Motions could, and should, dispose of the narrow issue that remains in this case.  Since the plaintiff obviously does not require additional discovery in order to brief the Cross Motions; otherwise, his counsel surely would have raised the issue during the October 3 status conference; the Motion to Quash the plaintiff's subpoena should be granted, at least until the Court has ruled on the Cross Motions.  Any other ruling on the Motion to Quash at this point would constitute a waste of judicial resources and would impose an unfair burden and expense on the defendants and non-party NMPD.

Curiously, the plaintiff has indicated that, "he will be filing a motion to reopen discovery very shortly." Plaintiff's Opposition at 2. The discovery deadline expired more than two years ago. Yet, to date, the plaintiff has not sought the Court's permission to reopen discovery. Promising that he will "very shortly" seek permission to reopen discovery *after* having already propounded reams of unnecessary discovery requests, does little to advance the plaintiff's position, especially in light of the plaintiff's insistence that he is ready to fully brief the Cross Motions.

Since no discovery is needed to resolve the Cross Motions, it would be a colossal waste of judicial resources to allow the plaintiff to reopen discovery at this point. For this additional reason, the Court should grant the Motion to Quash.

II.     **The Plaintiff Has Misrepresented the Defendants' Position**

The plaintiff has misrepresented the defendants' position by suggesting that defense counsel agreed to extend the trial schedule in order to allow the plaintiff to conduct additional discovery. As a professional courtesy, defendants' counsel agreed to accept service of a subpoena that plaintiff's counsel indicated was going to be served. Also as a courtesy, defense

counsel agreed not to object to a 30 day extension of the date by which the parties were ordered to file a joint trial report. Neither of these courtesies constituted a waiver of the objections that the defendants have asserted to the plaintiff's numerous discovery requests.

Moreover, both orally on several occasions, and in an email dated September 8, 2006, defense counsel specifically stated that, "I did not agree that you could serve additional written discovery." Defense counsel also reminded plaintiff's counsel about the discovery deadline expiring two years ago. Although the parties did try to work in good faith to resolve these disputes, as they are required to do, plaintiff did not need anybody's permission to file a motion with the Court seeking to reopen discovery.

Rather than force the plaintiff to needlessly incur the expense of a process server, and in order to expedite a resolution of this issue, defense counsel agreed only to accept service of a subpoena that he was warned was being issued. No objections were waived by having afforded a routine courtesy. In fact, the defendants specifically reserved their right to

object to the plaintiff's attempt to conduct discovery out of time.

Plaintiff's counsel had initially proposed deposing both defendants in a single day, with no mention of additional written discovery being propounded. That was a reasonable request that would have made this case ready for trial without the need for seeking judicial intervention and without delay. Under those false pretenses, defense counsel agreed to make the defendants available for a deposition.[1] Unfortunately, plaintiff's counsel voided that agreement and propounded a plethora of burdensome, duplicative, unreasonable and unnecessary discovery requests.

That plaintiff's counsel has propounded such far reaching discovery, despite the fact that it apparently is not needed to resolve the Cross Motions, speaks volumes about the manner in which plaintiff's counsel has chosen to proceed. In a word: overkill.

---

[1] Had the plaintiff abided by the initial agreement to depose both defendants, back to back in a single day, without serving any written discovery, this issue would likely not need to be decided by the Court. Instead, plaintiff's counsel requested a 60 day extension of the scheduling order, sought full day depositions of each defendant, served a 4 page records keeper subpoena, and served Interrogatories to both defendants. Having reserved the right to object, defendants had little option but to resist the plaintiff's overreaching and unnecessary discovery requests.

Plaintiff's counsel was appointed by the Court on April 27, 2006, but did not appear until six weeks later, on June 8, 2006. In the Plaintiff's Opposition, they explain this six week delay by arguing that they were "not formally engaged by the plaintiff until early June 2006." Plaintiff's Opposition at 3. That it took five attorneys six weeks to negotiate an engagement, in a case where they are "pro bono counsel," is emblematic of the manner in which they have proceeded and precisely why the Court should grant the Motion to Quash – to rein them in.

The plaintiff's effort to reopen discovery and go on a fishing expedition, after the issues have already been reduced by a ruling on summary judgment to an extraordinarily narrow question, which is scheduled to be disposed of by the renewed Cross Motions, is hard fathom. The defendants, who are honorable public servants being sued by a twice convicted sex offender, have already endured years of litigation and discovery based on the plaintiff's ironically frivolous claim that his pornography collection, and his cache of women's undergarments (among other things) was improperly seized when he was arrested for sexual assault. This charade should be ended and the Motion to Quash should be granted.

WHEREFORE, the defendants Larry Lynch, William Kaminksi, and non-party New Milford Police Department request that the Court grant the Motion to Quash.

```
                                LARRY LYNCH, WILLIAM KAMINSKI
                                  and NEW MILFORD POLICE
                                  DEPARTMENT


                             BY_____
                                James N. Tallberg
                                Federal Bar No.: ct17849
                                Karsten & Dorman, LLC
                                29 South Main Street
                                West Hartford, CT 06107
                                Their Attorney
                                860-521-4800
                                jtallberg@karstendorman.com
```

## **CERTIFICATION**

I hereby certify that on October 19, 2006 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/SS/
James N. Tallberg