## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT                    :
    Plaintiff,                             :
                                           :    Civil Action No.
    v.                                     :    3:01 CV 1913 (DJS)
                                           : .
LARRY LYNCH and WILLIAM KAMINSKI       :
    Defendants.                            :    October 20, 2006

### PLAINTIFF'S SUR-REPLY TO THIRD PARTY NEW MILFORD POLICE DEPARTMENT'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

### INTRODUCTION

Aside from rhetorical fancy, Defendants, Larry Lynch and William Kaminski (collectively, "Defendants"), and non-party the New Milford Police Department's ("NMPD"), Reply to Plaintiff's Opposition to the NMPD's Motion to Quash dated October 19, 2006 (the "Reply"), adds nothing to support the NMPD's Motion to Quash (the "Motion"). Instead, Defendants and the NMPD shift gears, requesting an all-out ban on discovery pending the Court's ruling on the cross-motions for summary judgment even though the Motion itself addresses only the discovery sought in the subpoena Plaintiff, Howard J. Gombert ("Gombert"), served on the NMPD (the "Subpoena"). Regardless, the truth remains -- Gombert requires certain basic, limited discovery in order to properly present his damages case to the jury and neither the future cross-motions for summary judgment nor Defendants' flawed recitation of the

parties' discovery agreement (which they apparently seek to rescind) have any bearing on that

fact. As demonstrated below and in Gombert's opposition to the Motion dated October 16, 2006

(the "Opposition"), the Motion should be denied.

## ARGUMENT

**I.    The Upcoming Cross-Motions for Summary Judgment Are Irrelevant to Discovery.**

In their Reply, Defendants attempt to turn Gombert's preparedness to seek summary

judgment into a reason to deny him any further discovery, including the Defendants' depositions,

which have never been taken. That Gombert was prepared to file his motion for summary

judgment as to liability "tomorrow" does not mean that he needs no further discovery to develop

his case on damages. Gombert's counsel made it abundantly clear during the October 3, 2006,

telephonic conference with the Court that he will seek summary judgment as to liability only and

Defendants' decision to ignore the damages piece of Gombert's case when attempting to support

the Motion demonstrates the Motion's frivolity. Gombert's motion for summary judgment will

be "dispositive" as to liability only and thus it is immaterial to discovery on Gombert's damages.

Defendants also proffer their purported motion for summary judgment as a reason to

grant the Motion and deny discovery even though they have to identify any grounds to support

their second motion for summary judgment. Indeed, it is difficult to fathom the basis for such a

motion given that Defendants' already moved for summary judgment as to Gombert's lone

-2-

surviving liability claim -- that Defendants' violated his Fourth Amendment rights by conducting a warrantless search and seizure of items from Gombert's car on March 1, 2000 -- and that motion was rejected by the Court in an order dated February 15, 2006. Defendants' purported motion for summary judgment thus presents no reason to grant the Motion.

Moreover, that motions for summary judgment will be filed in the future is not a reason to deny needed discovery. Discovery and motion practice routinely, indeed almost always, proceed on parallel tracks. Delaying discovery will only delay trial, which is precisely what Defendants' seek to do by filing the Motion.

## II.     The Discovery Gombert Seeks In The Subpoena Is Limited And Necessary.

In an email dated September 8, 2006, Gombert's counsel suggested seeking a Court order permitting Gombert limited additional discovery because such an order would provide the parties with a "more efficient long-term solution" to conducting additional discovery in the face of the impending deadline to file pre-trial memoranda. Through counsel, Defendants replied that they would work "in a spirit of cooperation" to resolve any discovery issues so that judicial intervention would be unnecessary. Thus, Defendants agreed to a 30-day extension of the pre-trial memoranda deadline instead of seeking a comprehensive discovery order. Regrettably, seventeen days later, Defendants thought it necessary to shatter any purported "spirit of cooperation" by unilaterally deciding to file the Motion without making any substantive attempt

-3-

to resolve their objections with Gombert. Now the Court is required to intervene on issues that likely could have been resolved if the "spirit of cooperation" had been maintained.

In any event, the discovery Gombert seeks in the Subpoena is quite limited and is targeted at developing Gombert's damages case.[1] For example, in the Subpoena, Gombert seeks any policies or manuals issued by the NMPD regarding procedures for handling items seized by the police. Gombert also seeks any records kept by the NMPD that demonstrate where the items Defendants' seized from Gombert's car on March 1, 2000, were kept, who had access to them, and how such access was monitored. This information has never been requested or produced and, collectively, it will inform Gombert as to what Defendants' should have done with his property after they unlawfully seized it and what they actually did with that property. Without the requested documents and information, Gombert, the jury, and the Court will be left only to speculate, which is precisely what discovery is designed to avoid.

---

[1] The only discovery relevant to the Motion is disclosure of the documents sought in the Subpoena. Defendants attempt to distract the Court from the limited nature of the Subpoena by exaggerating the scope of the other discovery to which Gombert and Defendants agreed, and further characterizing Gombert's attempt to vindicate his constitutional rights as a "charade," does not change that Gombert needs the records sought in the Subpoena in order to protect his rights.

-4-

## CONCLUSION

For the foregoing reasons, and those discussed in the Opposition, Gombert respectfully requests that the Court deny the Motion and grant him access to the records sought in the Subpoena.

THE PLAINTIFF,
HOWARD JOHN GOMBERT

By: _____
Ben M. Krowicki [ct06153]
Brian R. Hole [ct26608]
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Tel:  (860) 240-2700
Fax:  (860) 240-2818
His Attorneys

CTDOCS/1673985.1

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 20th day of October, 2006, to the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT  06107

_____
Brian R. Hole

-6-