UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT <br> Plaintiff, | : <br> : <br> : Civil Action No. |
| v. | : 3:01 CV 1913 (DJS) <br> : |
| LARRY LYNCH and WILLIAM KAMINSKI <br> Defendants. | : <br> : October 23, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

**I.      Introduction**

The Plaintiff, Howard John Gombert ("Gombert" or "Plaintiff") alleges claims against the Defendants, Larry Lynch and William Kaminski (the "Defendants"), under 42 U.S.C. § 1983 arising from the Defendants' warrantless search and seizure of Gombert's property. Until June 2006, Gombert, an individual without any formal legal training, represented himself *pro se* in this action. Following this Court's appointment of undersigned *pro bono* counsel ("Bingham"), it became apparent that discovery was not adequately developed for the Plaintiff to take his case to trial. As the formal discovery period in this case expired prior to Bingham's appointment, Plaintiff initiated discussions with Defendants that resulted in an informal agreement to allow additional discovery without a court order. Despite this agreement, however, Defendants (and third-party New Milford Police Department (the "NMPD")) filed a motion to quash a subpoena served by Plaintiff partly on the grounds that it was served outside of the initial discovery period.

Accordingly, the Plaintiff now seeks to reopen discovery for a limited period of sixty (60) days from the date of the entry of the Court's order on his Motion to Reopen Discovery.

This Court recently postponed the parties' deadline for submission of a joint trial memorandum until after summary judgment motions are decided by the Court. Thus, the relief requested by the Plaintiff will not interfere with any presently scheduled court deadline or trial ready period.[1]

## II. Factual Background

This Court appointed Bingham as counsel for the Plaintiff on April 27, 2006, after certain of the Plaintiff's claims survived summary judgment. Due to the Plaintiff's confinement at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, and frequent relocations, he has not been able to maintain organized files regarding this case. Affidavit of Sara R. Simeonidis ("Simeonidis Aff.") at ¶ 4. Because of this, Bingham requested that Defendants permit an independent, outside copy service to make a copy of the discovery requests and responses served to date, at Bingham's expense, and immediately return the documents. *Id.* Despite Bingham's repeated requests for this professional courtesy and efforts to minimize any inconvenience to the Defendants, the Defendants did not respond to Bingham until July 7, 2006, at which point Bingham immediately arranged to obtain a copy of the discovery. *Id.* Bingham did not receive a substantially complete copy of the discovery in this matter until September, 2006. *Id.*

Following Bingham's analysis of the discovery, it became apparent that despite the Plaintiff's admirable efforts to prosecute his case *pro se*, including successfully opposing

---

[1] Moreover, in essence, the discovery Gombert seeks is targeted at determining what Defendants did with Gombert's property once they unlawfully seized it from his car on March 1, 2000. This information will remain pertinent even if the Court grants the Plaintiff's motion for summary judgment as to liability, which will be filed on October 24, 2006. The forthcoming motions for summary judgment are therefore immaterial to the discovery Gombert will seek if the Court grants this motion.

2

summary judgment, discovery in this case was not adequately developed. *Id.* at ¶ 5. Consequently, Bingham contacted Judge Squatrito's clerk to determine how the Court would like the parties to proceed. *Id.* The clerk suggested that the parties attempt to agree to a limited additional discovery period before contacting the Court for a new discovery deadline. *Id.*

Accordingly, Bingham contacted the Defendants' counsel and, on August 24, 2006, they agreed to extend the trial memorandum deadline for thirty (30) days and to allow the Plaintiff to conduct additional discovery specifically including the Defendants' depositions, which had never been taken, and the issuance of a subpoena for the production of records directed to the NMPD (the "Subpoena"). *Id.* at ¶ 7. Notwithstanding the parties' agreement, on September 25, 2006, Defendants' counsel, acting on behalf of the Defendants and the NMPD, moved to quash the Subpoena in part on grounds of untimeliness. Consequently, the Plaintiff now moves the Court for a formal order extending the discovery period to allow him to complete necessary additional discovery to bring his case to trial.

On October 3, 2006, this Court entered a scheduling order making submission of cross motions for summary judgment due on October 24, 2006, responses to said motions due on November 7, 2006, and sur-replies due on November 17, 2006. The order also indicates that the joint trial memorandum and the trial ready date are postponed until after the Court rules on the parties' motions for summary judgment. Thus, the requested relief will not affect any presently scheduled court deadline.

### III.   Argument

It is well-settled that courts have "wide discretion to fashion discovery schedules in individual cases." *United States v. Various De Facto Joint Ventures*, 1993 U.S. Dist. LEXIS 7203, *4-5 (E.D.N.Y. 1993); *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.

2004) (noting "the district court's broad discretion to direct and manage the pre-trial discovery process"); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992) ("[a] trial court enjoys wide discretion in its handling of pre-trial discovery").

The exercise of the Court's discretion to allow limited additional discovery is critical in this case. Until recently, Gombert proceeded *pro se*, diligently prosecuting his case to the best of his abilities. After Gombert survived summary judgment, the Court saw fit to appoint Bingham as his counsel. Bingham is endeavoring to adequately prepare Gombert's case, but, unfortunately, has inherited discovery that is deficient in very significant ways. Amazingly, Defendants have <u>never</u> been deposed, Gombert is not certain that he has a complete copy of his police file (and any other documentation the NMPD may have that pertains to Gombert and/or his property), and he does not have a copy of the police policy and procedures manual pursuant to which the police, including the Defendants, were supposed to have operated in connection with the search, seizure and handling of Gombert's property. *See Jordan v. Bellinger*, 2000 U.S.Dist. LEXIS 19233, *28 (D. Del. 2000) (holding that plaintiff's requests for an official copy of standard operating procedures governing the conduct of correctional officers, information regarding items seized from plaintiff, and plaintiff's disciplinary write up are "relevant and admissible or, at the very least, reasonably calculated to lead the discovery of admissible evidence" in an action under § 1983).

As Bingham was appointed well after the discovery deadline and additional discovery is vitally important to the Plaintiff's case, the allowance of additional discovery is clearly warranted. Indeed, other courts have granted additional discovery in precisely these circumstances. *See Haywood v. Koehler*, 78 F.3d 101, 105 (2d Cir. 1996) (affirming district court decision to allow "limited discovery by appointed counsel entering the case after the

4

discovery deadline"); *Childers v. Slater*, 197 F.R.D. 185, 188-90 (D.D.C. 2000) (granting formerly *pro se* plaintiff relief from a two-year old discovery deadline and allowing plaintiff to depose six individuals and noting "plaintiff litigated this case for two years without assistance of counsel or legal training").

As noted, the requested relief will not disrupt the case schedule. On October 3, 2006, this Court entered a scheduling order stating that the joint trial memorandum and the trial ready date are postponed until after the Court's ruling on the parties' forthcoming summary judgment motions, with respect to which sur-replies are not due until November 17, 2006. Thus, the requested relief will not affect any presently scheduled court deadline.

## IV. Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant his motion to reopen discovery.

THE PLAINTIFF,
HOWARD JOHN GOMBERT

By: /s/ Meghan Pelletier
Ben M. Krowicki [ct06153]
Meghan Freed Pelletier [ct23633]
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Telephone: (860) 240-2700
Facsimile: (860) 240-2800
ben.krowicki@bingham.com
brian.hole@bingham.com
meghan.pelletier@bingham.com
His attorneys

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on the 23rd day of October, 2006, upon the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

                                           _____
                                           Meghan Freed Pelletier

CTDOCS/1674067.1