UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT<br>    Plaintiff,<br><br>v.<br><br>LARRY LYNCH and WILLIAM KAMINSKI<br>    Defendants. | Civil Action No.<br>3:01 CV 1913 (DJS)<br><br>October 24, 2006 |

### PLAINTIFF'S LOCAL RULE 56(a)(1) STATEMENT OF FACTS

Pursuant to Local Rule of Civil Procedure 56(a)(1), Plaintiff, Howard J. Gombert ("Gombert") submits this statement of undisputed facts and the Affidavit of Brian R. Hole dated October 24, 2006, with exhibits, in support of his Motion For Partial Summary Judgment dated October 24, 2006.

### FACTS

1.  At all times relevant to this litigation, Defendants were members of the New Milford, Connecticut police department. Defendants' Answer and Special Defenses dated June 30, 2004 ("Answer") at ¶¶ 2, 3.

2.  Defendants arrested Gombert on February 29, 2000, on charges of sexual assault, risk of injury to a minor and assault. Defendants' Local Rule 56 Statement In Support of Defendants' Motion for Summary Judgment dated 11/23/04 ("Defs Loc. R. Stmt.") at ¶ 20.

3.	On March 1, 2000, while Gombert was in jail, the police obtained a warrant to search Gombert's home at 322A Aspetuck Ridge Road in New Milford, Connecticut for evidence of the alleged sexual assault. *Id.* at ¶ 25. Defendants removed several items from the residence, which they claim to have inventoried. *Id.* at ¶ 26.

4.	When Defendants conducted the March 1, 2000 search, Gombert's Pontiac Firebird was lawfully parked on his property. *See* Defs. Loc. R. Stmt. at ¶¶ 34, 35.

5.	The March 1 search warrant concerned a search of the home only and did not authorize Defendants to search or remove items from Gombert's car. Ruling on Cross Motions for Summary Judgment dated February 15, 2005 ("Ruling") at 9.

6.	Gombert was not present during the search and did not give Defendants permission to search his car. *Id.*

7.	Nevertheless, Defendants searched and seized items from the car (including various bags, boxes, and cases), and retained those items. Defs. Loc. R. Stmt. at ¶ 36.

8.	Defendants did not suspect that the items they seized from Gombert's car were connected to criminal activity. Rather, Defendants claim that they seized the items for "safe keeping." Defs. Loc. R. Stmt. at ¶ 37; Ruling at 10.

9.    Defendants did not obtain a warrant to search the items seized from Gombert's car until May 8, 2000. *Id.* at ¶ 46.

THE PLAINTIFF,
HOWARD JOHN GOMBERT

By: /s/ *[signature]*

Ben M. Krowicki [ct06153]
Brian R. Hole [ct26608]
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Tel: (860) 240-2700
Fax: (860) 240-2818
His Attorneys

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 24th day of October, 2006, to the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

_____
Brian R. Hole