UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT
    Plaintiff,

v.

LARRY LYNCH and WILLIAM KAMINSKI
    Defendants.

Civil Action No.
3:01 CV 1913 (DJS)

October 24, 2006

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

In its Ruling on Cross Motions for Summary Judgment dated February 15, 2005 (the "Ruling"), this Court found that the Defendants, Larry Lynch and William Kaminski (collectively, "Defendants"), police officers for the Town of New Milford, Connecticut, conducted a warrantless search and seizure of items in Plaintiff's, Howard J. Gombert ("Gombert"), car, not because the items were connected to criminal activity, but for "safe keeping." Based on these facts, which are undisputed and constitute findings of this Court, any reasonable juror would have no choice but to conclude that Defendants violated Gombert's Fourth Amendment rights. Moreover, these undisputed facts demonstrate that Defendants' only affirmative defenses -- (1) that the search and seizure falls within the "plain view" exception to the Fourth Amendment's warrant requirement and (2) that Defendants are entitled to qualified immunity -- fail as a matter of law. Defendants simply cannot escape the fact that they violated Gombert's constitutional rights when they searched and seized items from his car.

Accordingly, as discussed more fully below and in the Motion for Partial Summary Judgment submitted herewith, Gombert respectfully requests that the Court grant summary judgment in his favor as to Defendants' liability on Gombert's claim under 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

This is an action under 42 U.S.C. § 1983 arising out of Defendants' warrantless search and seizure of Gombert's property on March 1, 2000. Defendants are officers of the New Milford, Connecticut police department. Defendants' Answer ("Answer") at ¶¶ 2, 3.[1] On February 29, 2000, the New Milford police received a domestic violence complaint from Gombert's girlfriend. Affidavit of William J. Kaminski dated 11/23/04 ("Kaminski Aff.") at ¶ 4. Defendant Kaminski interviewed Gombert's girlfriend and then Defendants sought and obtained a warrant for Gombert's arrest. Defendants' Local Rule 56 Statement In Support of Defendants' Motion for Summary Judgment dated 11/23/04 ("Defs Loc. R. Stmt.") at ¶¶ 13-17. Defendants thereafter arrested Gombert on February 29, 2000, on charges of sexual assault, risk of injury to a minor and assault. *Id.* at ¶ 20.

The next day, on March 1, 2000, while Gombert was in custody, the police obtained a warrant to search Gombert's home at 322A Aspetuck Ridge Road in New Milford, Connecticut

---

[1] The various pleadings referenced herein are attached as exhibits to the Affidavit of Brian R. Hole, which is being filed contemporaneously with this Memorandum of Law.

for evidence of the alleged sexual assault. *Id.* at ¶ 25. Gombert's girlfriend also consented to the search of the home. *Id.* Defendants removed several items from the residence, which they claim to have inventoried. *Id.* at ¶ 26.

When Defendants conducted the March 1, 2000 search, Gombert's Pontiac Firebird was lawfully parked on his property. Defs. Loc. R. Stmt. at ¶¶ 34, 35. The March 1 search warrant concerned a search of the home only and did not authorize Defendants to search or remove items from Gombert's car. Ruling at 9. Given that he was incarcerated on March 1, Gombert was not present during the search and did not give Defendants permission to search his car. *Id.* Nevertheless, Defendants searched the car, removed items from the car (including various bags, boxes, and cases), and retained those items. Defs. Loc. R. Stmt. at ¶ 36. Although Defendants inventoried at least some of the items removed from Gombert's car on a document entitled "Inventory of Property Seized Without A Search Warrant," they admit that they never gave Gombert a copy of the alleged inventory or a receipt for the property taken. Plaintiffs' First Set of Interrogatories and Requests for Production to Defendant, Investigator Larry Lynch dated 10/15/04 ("Lynch Answers to First Interrog.") at ¶ 4(d).

Defendants claim that the items they took from Gombert's car were in "plain view" and that both the hood and the trunk of the car were open when they searched it on March 1. Defs. Loc. R. Stmt. at ¶ 5. Gombert disagrees, claiming that he had left at least the trunk closed, that

the windows were heavily tinted, and that it would have been impossible for Defendants to see what was inside the car without opening it. Ruling at 10. Regardless, Defendants admit that they did not search or seize items from the car because they thought the car, or any property it contained, had been used in connection with any criminal activity. Instead, Defendants assert that they took Gombert's property for "safe keeping." Defs. Loc. R. Stmt. at ¶ 37; Ruling at 10.

On March 3, 2000, Defendants released a necklace to the Carmel, New York police department, purportedly in response to an inquiry on a missing persons case. Defs. Loc. R. Stmt. at ¶ 40. Notably, the necklace released on March 3 was not on any of the inventories prepared by Defendants. Ruling at 5. Thus, the necklace must have been in one of the bags or boxes unlawfully seized from Gombert's car on March 1, which Defendants did not have a warrant to search. Not until May 8, 2000, after Gombert's girlfriend allegedly contacted the New Milford police department claiming she believed jewelry she owned might be in one of the bags seized from Gombert's car, did Defendants finally secure a warrant to search the bags, cases and other containers that had been taken from Gombert's car on March 1.[2] Defs. Loc. R. Stmt. at ¶ 46. Again, Defendants failed to provide Gombert a receipt for the items seized. Ruling at 6.

---

[2] Of course, had Defendants not unlawfully seized Gombert's property from his car on March 1, 2000, they would not have had Gombert's property in their possession and there would have been no occasion for the May 8 search warrant.

Gombert filed his operative complaint on March 12, 2003 (the "Complaint"), pursuant to 42 U.S.C. § 1983. The Complaint consists of three counts. In the first count, Gombert alleges that Defendants violated his right to equal protection under the Eighth and Fourteenth Amendments when they failed to investigate Gombert's claim that his girlfriend assaulted him. Complaint at 3, 5. The second count asserts that Defendants violated Gombert's right under the Fourth Amendment to be free from unlawful search and seizure when they took Gombert's property on March 1, 2000, without a warrant and without cause. Complaint at 4. Gombert's second count also alleges that his Fourth Amendment rights were violated when Defendants searched through his belongings on May 8, 2000. *Id.* The third count is founded in Gombert's Fourteenth Amendment right to equal protection, which Gombert claims was violated because Defendants failed to protect the property Gombert had at his residence. Complaint at 4, 5.

Defendants answered the Complaint on June 30, 2004 (the "Answer"). The only material allegation that Defendants admit in their Answer is that they are New Milford police officers. Answer at ¶¶ 2, 3. Defendants pled only three affirmative defenses. *Id.* at 3. The first defense is that Gombert failed to state a claim upon which relief may be granted. *Id.* Defendants' second affirmative defense is that their warrantless search and seizure of Gombert's property on March 1 was justified under the plain view doctrine. *Id.* Defendants' third and final defense is that they are entitled to qualified immunity because they are municipal police officers. *Id.*

In 2004, the parties cross-moved for summary judgment. Defendants moved for summary judgment as to all of Gombert's claims. Defendants' Motion for Summary Judgment dated 11/23/04 ("Defs. Mot. for Summ. Jud."). Gombert moved for summary judgment on each of his claims but only as to Defendants' liability. Plaintiff's Motion for Partial Summary Judgment dated 6/29/04. In the Ruling, the Court denied Gombert's motion for summary judgment, without prejudice, because Gombert failed to file a Local Rule 56(a)(1) statement of facts. Ruling at 7. The Court granted Defendants' motion for summary judgment on all of Gombert's claims except his § 1983 claim arising out of the March 1 search and seizure. Ruling at 13.

As to that claim, the Court found that the March 1 search warrant authorized Defendants to search only Gombert's house and thus Defendants' violated Gombert's Fourth Amendment rights by searching his car on March 1. Ruling at 9. As to the "plain view" defense, the Court held that the parties' dispute regarding whether the car was open or closed when Defendants searched it is immaterial because "defendants did not suspect that any of the items seized from Gombert's car were connected to criminal activity." Ruling at 10. Accordingly, the Court held that "even if the items were in plain view, defendants have presented no evidence to show that the items were covered by th[e plain view] exception to the warrant requirement." *Id.* at 11. The Court also firmly rejected Defendants' qualified immunity defense because "[s]eizing property

not covered by a warrant and not in plain view is a violation of Gombert's Fourth Amendment right that was clearly established at the time of the incident. . . . Thus, qualified immunity is not warranted on this claim." Ruling at 13.

After the Ruling, only the following issues remain regarding Defendants' liability:

- Gombert has one surviving claim for liability: that Defendants violated his Fourth Amendment rights, as secured by 42 U.S.C. § 1983, when they conducted a warrantless search of his Pontiac Firebird and unlawfully seized items from the car on March 1, 2000.
- Defendants have only two remaining defenses to liability: (1) that the warrantless search and seizure of items from Gombert's car fall within the "plain view" exception; and (2) that Defendants enjoy qualified immunity.[3]

As demonstrated by this Court's prior findings of fact and law, there are no genuine issues of material fact in dispute regarding Defendants' liability and thus Gombert is entitled to judgment as a matter of law as to Defendants' liability on his § 1983 claim.

---

[3] Defendants' defense that Gombert failed to state a claim upon which relief may be granted was rejected by the Court in an order dated June 10, 2004.

-7-

**ARGUMENT**

I.  **Standard for Summary Judgment**

"A party seeking to recover upon a claim . . . may, at any time after the expiration of 20 days from the commencement of the action . . . , move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. Proc. 56(a). The Federal Rules are explicit that summary judgment may be granted "on the issue of liability alone although there is a genuine issue as to the amount of damages." Fed. R. Civ. Proc. 56(c).

"[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Zelnik v. Fashion Inst. of Tech.*, 2006 U.S. App. LEXIS 23424, *18 (2d Cir. 2006); *see* Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The facts relevant to a motion for summary judgment are contained in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any." *See Miner v. Glens Falls*, 999 F.2d. 655, 661 (2d Cir. 1993) (citation omitted). Although the Court must resolve factual ambiguities in favor of the nonmoving party, "[s]ummary judgment is appropriate when reasonable minds could not differ as to the import of the evidence." *Roberts v. Amtrak*, 2006

U.S. Dist. LEXIS 13825, *11 (D. Conn. 2006); *Freedman v. America Online, Inc.*, 412 F. Supp. 2d 174, 180 (D. Conn. 2005).

The undisputed facts demonstrate that Defendants are liable to Gombert on his claim under 42 U.S.C. § 1983 and thus summary judgment in Gombert's favor is appropriate.

**II.    Gombert Is Entitled To Summary Judgment On His Claim Under 42 U.S.C. § 1983.**

Gombert alleges that Defendants, as officers in the New Milford police department, conducted a warrantless search of his car on March 1, 2000, and unlawfully seized his property from the car. Gombert claims that Defendants' actions violated his Fourth Amendment rights.

"By the plain terms of § 1983, two -- and only two -- allegations are required in order to state a cause of action under that statute. First, plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Mann v. Meachem*, 929 F. Supp. 622, 629 (S.D.N.Y. 1996) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) and *Costello v. Fairfield*, 811 F.2d 782 (2d Cir. 1987)). Gombert's claim satisfies both requirements and thus summary judgment as to liability is warranted.

There is no dispute that Defendants were acting under color of state law when they unlawfully searched and seized items from Gombert's car on March 1, 2000 -- Defendants admit that they were New Milford police officers on that date and do not dispute that they were acting

-9-

as officers when they conducted the warrantless search and seizure at issue. Answer at ¶¶ 2, 3; *see Silver v. Kuehbeck*, 2005 U.S. Dist. LEXIS 26956, *48, n.7 (S.D.N.Y. 2005) (holding that because the officer "was acting in his capacity as a police officer during all times relevant to this dispute, he was clearly acting 'under color of state law.'")

There is also no dispute that, on March 1, 2000, Defendants did not have a warrant to search and seize property from Gombert's car. Ruling at 9 (finding that the March 1 warrant allowed Defendants to search Gombert's home, but not his car); Lynch Answers to Interrog. at ¶ 4(b). As the Court found, despite that they had no warrant, Defendants searched and seized property from Gombert's car on March 1. Defs. Loc. R. Stat. at ¶¶ 34-36; Affidavit of Larry E. Lynch dated 11/23/04 ("Lynch Aff.") at ¶¶ 18-20. Indeed, the title of the very form on which some of the seized items were catalogued is "Inventory of Property Seized <u>Without A Search Warrant</u>." (Emphasis added).

Thus, Defendants violated Gombert's rights under the Fourth Amendment to the United States Constitution when they, as officers of the New Milford Police Department, conducted the warrantless search and seizure of items in Gombert's car. *See* U.S. Const. amend. IV (protecting the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."); *Wilson v. Layne*, 526 U.S. 603, 611 (1999) ("[I]f the scope of the search exceeds that permitted by the terms of a validly issued warrant or the

character of the relevant exception from the warrant requirement, the subsequent seizure is unconstitutional without more.") (citing and quoting *Horton v. California*, 496 U.S. 128, 140 (1990)).

Accordingly, Gombert is entitled to summary judgment as to liability on his § 1983 claim unless Defendants' plain view or qualified immunity defenses have merit. As demonstrated below, they do not.

### III. Defendants' "Plain View" Defense Fails As A Matter of Law.

Defendants claim that their March 1 warrantless search and seizure of items from Gombert's car was justified under the "plain view exception" to the Fourth Amendment's warrant requirement. Answer at 3. This defense is meritless even assuming the plain view exception applies.

The "plain view" doctrine is a well-known exception to the Fourth Amendment's ban on warrantless seizures of property. *Ruggiero v. Krzeminski*, 928 F.2d 558, 561 (2d Cir. 1991). However, that exception is satisfied only where (1) the initial intrusion was lawful and; (2) "the police . . . had probable cause to believe that the item seized was evidence of a crime." *Id.*; Ruling at 10. Indeed, "the plain-view cases clearly state that, notwithstanding the absence of any interference with privacy, seizures of effects that are not authorized by a warrant are reasonable only because there is probable cause to associate the property with criminal activity." *Soldal v.*

*Cook County*, 506 U.S. 56, 69 (1992) ("[A]n officer who happens to come across an individual's property in a public area could seize it only if Fourth Amendment standards are satisfied -- for example, if the items are evidence of a crime or contraband.") (emphasis added).

Here, Defendants admit that they took Gombert's property from his car for "safe keeping," and not because they believed it had been used in connection with a crime. *See* Lynch Answers to Interrog. at ¶ 4; Lynch Aff. at ¶ 21; Defs. Mot. for Summ. Jud. at 5; Defs. Loc. R. Stat. at ¶ 37. In the Ruling, this Court recognized Defendants' admissions, finding that "defendants did not suspect that any of the items seized from Gombert's car were connected to criminal activity at the time they seized the items. They state that they merely took the items for safe keeping." Ruling at 10. Based on these admissions, the Court found Defendants' plain view defense to be untenable. *Id.* This holding is law of the case and is in accord with prevailing law.[4] *See United States v. McLevain*, 310 F.3d 434, 441 (6th Cir. 2002) ("We do not, and cannot, subscribe to a rule of law which allows officers of the state to seize an item as evidence merely because it is in 'plain view.'") (citation omitted) (emphasis in original); *United*

---

[4] As this Court noted in the Ruling, for purposes of Defendants' plain view defense, it is immaterial that Defendants and Gombert dispute whether the trunk of Gombert's car was open or closed because Defendants admit that they seized the items only for "safe keeping" and thus "even if the items were in plain view, defendants have presented no evidence to show that the items were covered by [the plain view] exception to the warrant requirement." Ruling at 10.

-12-

*States v. McCormick*, 502 F.2d 281, 287 (9th Cir. 1974) ("Plain view alone is never enough to justify the warrantless seizure of evidence.").

Defendants' plain view defense is faulty for at least two other reasons. First, Defendants had no right to enter Gombert's car in the first place, so they are not entitled to the plain view defense with the respect to the items they seized from the car. *Ruggiero*, 928 F.2d at 561 (noting that the initial intrusion must be lawful for the plain view exception to apply); *United States v. McCormick*, 502 F.2d 281, 287 (9th Cir. 1974) (finding that the Secret Service unconstitutionally searched and seized items from a car because they had no warrant, and thus no right to enter the car, and "[t]here is nothing even remotely criminal in possessing an automobile"). Second, there is no dispute that if Defendants wanted to search the car, they could very easily have sought a warrant before doing so. *See United States v. McLevain*, 310 F.3d 434, 443 (6th Cir. 2002) ("If he could obtain a warrant, then he cannot use the 'plain view' exception for the evidence.") (citation and internal quotation marks omitted). Defendants' plain view defense is therefore meritless on a number of grounds.

## IV. Defendants' Qualified Immunity Defense Also Fails As A Matter of Law.

Defendants' final affirmative defense is that they are entitled to qualified immunity because they were municipal officers when they conducted the March 1 search of Gombert's car,

and their actions did not violate Gombert's constitutional rights. Answer at 3. This defense is also flawed.

Defendants' qualified immunity defense is satisfied only if: (1) the Defendants did not violate Gombert's constitutional rights; or (2) the constitutional right they violated was not "clearly established." *Saucier v. Kearns*, 533 U.S. 194, 200 (2001). As this Court held in the Ruling, however, "[s]eizing property not covered by a warrant and not in plain view is a violation of Gombert's Fourth Amendment right that was clearly established at the time of the incident. . . . Thus, qualified immunity is not warranted on this claim." Ruling at 13.

There is no view of the facts that would alter the foregoing conclusion. As demonstrated above, Defendants did not have a warrant to seize items from Gombert's car on March 1, but they did so anyway. Moreover, regardless of whether Gombert's car was open or closed when Defendants' searched it, the items seized were not suspected contraband and thus the only exception to the Fourth Amendment's warrant requirement that Defendants pled -- the plain view exception -- is inapplicable as a matter of law. Ruling at 10. Accordingly, Defendants' are not entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, and those discussed in the Motion for Partial Summary Judgment submitted herewith, Gombert respectfully requests that the Court grant him summary judgment as to Defendants' liability on Gombert's claim under 42 U.S.C. § 1983.

                                THE PLAINTIFF,
                                HOWARD JOHN GOMBERT

By: _____
      Ben M. Krowicki [ct06153]
      Brian R. Hole [ct26608]
      BINGHAM McCUTCHEN LLP
      One State Street
      Hartford, CT 06103
      Tel: (860) 240-2700
      Fax: (860) 240-2818
      His Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 24th day of October, 2006, to the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

_____
Brian R. Hole