# EXHIBIT E

CTDOCS/1651792.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : PRISONER |
| | : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| Plaintiff, | : |
| V. | : |
| | : |
| LARRY LYNCH & WILLIAM KAMINSKI | : |
| | : |
| Defendants. | : NOVEMBER 23, 2004 |

**LOCAL RULE 56 STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Local Rules of Civil Procedure, the defendants Larry E. Lynch and William J. Kaminski respectfully offer the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment.

1. On February 29, 2000, the defendants were both members of the New Milford Police Department. Complaint, ¶¶ 2-3; Answer, ¶¶ 2-3.

2. On that date, plaintiff Howard J. Gombert, Jr. lived at 322A Aspetuck Ridge Road, New Milford, Connecticut, with his girlfriend "J" and their minor daughter.[1] Deposition of Howard J. Gombert, Jr. of 8/4/04 (hereinafter "Pl.'s Dep. Tr.") at 14 (Exhibit A).

---

[1] Pursuant to Connecticut General Statutes §54-86e, the plaintiff's ex-girlfriend will be referred to only as "J," since she was the victim of a sex crime that the plaintiff was convicted of committing.

380589

3.  The plaintiff and J had lived at that address for approximately two and a half years. Id. at 61.

4.  J moved into the apartment approximately two weeks before the plaintiff did and she paid the rent. Id. at 97.

5.  On the morning of February 29, 2000, the plaintiff went to Court for a motor vehicle offense. Id. at 26, 29.

6.  After Court, the plaintiff got high on cocaine. Id. at 33.

7.  On that date, at approximately 11:16 a.m., Officer Kaminski arrived at New Milford Hospital regarding a domestic violence complaint made by J involving assault and sexual assault. Affidavit of William J. Kaminski of 11/23/04 ("Kaminski Aff."), ¶4 (Exhibit B).

8.  J complained to Officer Kaminski that the plaintiff had sexually assaulted her on Sunday, February 27, 2000. Id., ¶5.

9.  J complained to Officer Kaminski that the plaintiff had bitten the nipple of her left breast hard enough to draw blood. Id., ¶6.

10. J had a blackened right eye. Id., ¶7.

11. Dr. Fred Lohse, the attending ER physician, and Kathleen Woods, R.N., examined the J and completed a sex crimes kit. Id., ¶8.

380589

2

12. The kit (Evidence # 00-98-PR) was sealed by Nurse Woods and was taken as evidence. Id., ¶9.

13. J was photographed showing the injuries she suffered. Id., ¶10.

14. Officer Kaminski took a handwritten detailed statement from J while at the emergency room. Id., ¶11.

15. A more detailed statement was later taken by Investigator Larry Lynch and Officer Wheeler at the New Milford Police Department. Id., ¶12.

16. It was determined later that day at the New Milford Police Department that the plaintiff would be arrested for sexual assault, based on the complaint made by J and the physical evidence that she had been assaulted. Id., ¶13.

17. At approximately 5:46 p.m., on February 29, 2000, Officer Kaminski, Sgt. Duda, Sgt. Buckley, Officer Marino and Officer Nunnink traveled to 322A Aspetuck Ridge Road, New Milford, and arrested Mr. Gombert. Id., ¶14.

18. Mr. Gombert was confronted by the police outside 322A Aspetuck Ridge Road. Pl.'s Dep. Tr. at 30.

19. He fled on foot but was captured. Kaminski Aff., ¶16.

20. The plaintiff was charged with sexual assault in a cohabiting relationship in violation of Connecticut General Statutes § 53a-70b; risk of injury to a minor in violation of Connecticut

380589

3

General Statutes § 53-21; and assault in violation of Connecticut General Statutes § 53a-61. Kaminski Aff., ¶18.

21.  The plaintiff admitted to the police that he bit J on her breast. Pl.'s Dep. Tr. at 24.

22.  The plaintiff has admitted that he previously threatened to kill J, but claims that he didn't mean it and only spoke in anger. Id. at 126.

23.  The plaintiff pleaded guilty under the Alford doctrine to the charges against him. Pl.'s Dep. Tr. at 12.

24.  Officer Kaminski transported the plaintiff from 322A Aspetuck Ridge Road to New Milford Police Headquarters and then he returned to 322A Aspetuck Ridge Road to safeguard the house until a search warrant could be obtained to search the residence and seize evidence. Kaminski Aff., ¶20.

25.  On March 1, 2000, the day after the plaintiff was arrested, the police obtained a search warrant and consent from J and searched the plaintiff's house. Pl.'s Dep. Tr. at 81-82; see also Affidavit of Larry E. Lynch of 11/23/04 ("Lynch Aff."), ¶ 14 (Exhibit C).

26.  A listing of the property that was seized is contained in Incident Report No. 00-167-OF, attached to Officer Kaminski's Affidavit as Exhibit B1. Kaminski Aff., ¶23

27.  After March 1, 2000, the plaintiff's case was handled by the Detective Division and Officer Kaminski had no further involvement. Id., ¶24.

380589

4

28. While the plaintiff was incarcerated on the charges arising from his February 29, 2000 arrest, he was charged with other crimes arising from an incident that occurred in July 1999. Pl.'s Dep. Tr. at 75-76; see also State v. Gombert, 80 Conn. App. 477 (2003) cert. denied, State v. Gombert, 267 Conn. 915 (2004).

29. In that other action, the plaintiff was convicted of attempt to commit sexual assault in the first degree in violation of General Statutes § 53a-49(a)(2); risk of injury to a child in violation of General Statutes § 53-21(a)(2); and threatening in violation of General Statutes § 53a-62. State v. Gombert, 80 Conn. App. 477 (2003).

30. A copy of the Consent to Search Form signed by J, dated March 1, 2000, is attached to Officer Lynch's Affidavit as Exhibit C1. Lynch Aff., ¶15.

31. A copy of the Search Warrant, dated March 1, 2000, is attached to Officer Lynch's Affidavit as Exhibit C1. Id., ¶16.

32. The evidence seized was photographed and catalogued. Lynch Aff., ¶17.

33. A listing of the evidence seized from 322A Aspetuck Ridge Road, New Milford, on March 1, 2000, is attached to Officer Lynch's Affidavit as Exhibit C1. Id., ¶17.

34. Among the evidence seized were items that were in plain view in a motor vehicle bearing Connecticut Registration No. 234NSS, a white Pontiac Firebird, registered to the plaintiff. Id., ¶18.

380589

35.     The vehicle was in the driveway of 322A Aspetuck Ridge Road with the hood up and the rear hatch opened. Id., ¶19.

36.     The Police seized from the vehicle the following: one black sports cam bag; one maroon premier collection bag with brown trim, one brown leather bag with Winston rodeo awards label; one Bradlees shopping bag; one brown strongbox; one gray briefcase; one black nylon case ("Case Logic"); and one gray/black Jordash travel type bag. Id., ¶20.

37.     These items were placed in the New Milford Police Evidence Room for safe keeping because the plaintiff was incarcerated and the victim, J, had elected not to stay at the residence. Id., ¶21.

38.     While the plaintiff was incarcerated on the charges arising from his February 29, 2000 arrest, he also was a suspect in a case of a missing woman named in New York whose first name was Robin. Id., ¶22; see also Pl.'s Dep. Tr. at 77-78.

39.     An investigator from the Carmel, New York Police Department visited the New Milford Police Department, seeking their cooperation in the investigation of the missing woman. Lynch Aff., ¶23.

40.     On or about March 3, 2000, and on other occasions, members of the Carmel Police Department contacted members of the New Milford Police Department, seeking evidence and information regarding their missing person case. Id., ¶24.

380589

6

41.   A Possessed Property Receipt for a necklace seized from the plaintiff's belongings that was released from the New Milford Police Department to the Carmel Police Department, as part of their investigation of their missing person case, is attached to Officer Lynch's Affidavit as Exhibit C4. Id., ¶25.

42.   On or about April 17, 2000, J made a new complaint that she was missing gold jewelry and other items of personal property. Id., ¶26.

43.   On or about April 17, 2000, J signed an additional Consent to Search form, allowing the police to take evidence from her house that they believed may have been evidence of additional crimes committed by the plaintiff. Id., ¶27.

44.   A copy of the Consent to Search form signed by S, dated April 17, 2000, is attached to Officer Lynch's Affidavit as Exhibit C5. Id., ¶28.

45.   J complained that she believed the plaintiff had stolen her gold jewelry and that she believed it was among the items taken by the police from the plaintiff's vehicle for safekeeping when the plaintiff was arrested. Id., ¶29.

46.   On May 9, 2000, Officer Lynch sought and obtained a second search warrant in order to conduct a search of the aforementioned strongbox, briefcase and other bags of evidence that were taken from the plaintiff's vehicle for safekeeping. Id., ¶30.

380589

47.	A copy of the May 9, 2000 Search Warrant is attached to Officer Lynch's Affidavit as Exhibit C6. Id., ¶31.

48.	A copy of the Evidence Seizure Form, dated May 9, 2000, which catalogues the evidence the police gathered, is attached to Officer Lynch's Affidavit as Exhibit C7. Id., ¶32.

49.	The police did not provide the plaintiff with a receipt for the evidence that was seized because the search warrants were sealed and he was incarcerated. Id., ¶33.

50.	Because the plaintiff was incarcerated and was under suspicion of having committed additional sex crimes, it was difficult to arrange for the disposition of his property. Id., ¶36.

51.	On July 2, 2001, evidence seized from the plaintiff consisting primarily of pornographic videotapes and photographs was released by the New Milford Police Department to the Litchfield State's Attorney's Office. Id., ¶37.

52.	A copy of the Possessed Property Receipt, dated July 2, 2001, is attached to Officer Lynch's Affidavit as Exhibit C8. Id., ¶37.

53.	On July 6, 2001, two videotapes were released by the New Milford Police Department to the Litchfield State's Attorney's Office. Id., ¶38.

54.	A copy of the Possessed Property Receipt, dated July 6, 2001, is attached to Officer Lynch's Affidavit as Exhibit C9. Id., ¶38.

380589

55. On April 7, 2003, assorted pornographic magazines and photo albums seized from the plaintiff were released by the New Milford Police Department to the Litchfield State's Attorney's Office. Id., ¶39.

56. A copy of the Possessed Property Receipt, dated April 7, 2003, is attached to Officer Lynch's Affidavit as Exhibit C10. Id., ¶39.

57. Some of the evidence seized from the plaintiff, including pornographic photos and videos, was destroyed pursuant to orders of the criminal court. Id., ¶40.

58. Other property was returned to the plaintiff, although it was difficult to arrange since he was incarcerated. Id., ¶41.

59. A copy of the Court's Order (DiPentima, J.) dated May 6, 2003, and signed September 24, 2003, is attached to Officer Lynch's Affidavit as Exhibit C11. Id., ¶42.

60. A copy of the Possessed Property Receipt, signed by the plaintiff's representative, Lou Panico, dated March 31, 2004, is attached to Officer Lynch's Affidavit as Exhibit C12. Id., ¶43.

61. The Litchfield State's Attorney, Jim Fletcher, filed motions in Court regarding the disposition of the plaintiff's property. J also claimed that some of the seized property was hers. This complicated the release of the plaintiff's property but, at all times, Officer Lynch tried his best to comply with the Court's orders regarding the disposition of the plaintiff's property. Id., ¶44.

380589

9

62. Since the filing of this action, all of the plaintiff's property has been released, except one camera. Pl.'s Dep. Tr. at 99. Id., ¶45.

63. That camera was reported stolen by the plaintiff's landlord, Angelo Selino, and was returned to Mr. Selino after he proved to the police that he was the rightful owner. Id., ¶46.

64. A copy of Officer Lynch's memorandum, dated April 17, 2001, regarding Mr. Selino's claim to the camera, is attached to Officer Lynch's Affidavit as Exhibit C13. Id., ¶47.

65. The plaintiff has testified that he would have allowed the police to search without a warrant because he had nothing to hide. Pl.'s Dep. Tr. at 84.

66. The plaintiff claims that the police took his pornography collection. Id. at 94.

67. The plaintiff does not know what property the police took. Id. at 96.

68. The plaintiff claims that, after he was incarcerated, J gave away and sold his belongings. Id. at 57.

69. The plaintiff has sued J for allegedly disposing of his personal belongings. Id. at 61-62.

70. The plaintiff does not claim that the police took his leather coat, chair, or certain books. Id. at 61-63.

71. The plaintiff was upset that pornographic tapes that were his fathers, and which his son had viewed, were taken from his car. Id. at 45.

380589

10

72.   The plaintiff does not challenge his arrest in this action. Id. at 117.

> DEFENDANTS,
> LARRY LYNCH AND WILLIAM KAMINSKI
>
> By: _____
> JAMES N. TALLBERG, ESQ.
> Federal Bar Number Ct17849
> UPDIKE, KELLY & SPELLACY, P.C.
> One State St., P.O. Box 231277
> Hartford, CT 06123-1277
> Tel. No. (860) 548-2600
> jtallberg@uks.com

380589

11

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing, was mailed in the United States mail, First Class, postage prepaid this 23rd day of November 2004, to the following pro se party.

Howard John Gombert, Jr. #108050
c/o MacDougall-Walker Correctional Facility
1153 East Street South
Suffield, CT 06080

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

380589

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : PRISONER |
| | : CIVIL ACTION NO. 3:01CV1913(DJS)(TPS) |
| Plaintiff, | : |
| V. | : |
| | : |
| LARRY LYNCH & WILLIAM KAMINSKI | : |
| | : |
| Defendants. | : NOVEMBER 23, 2004 |

### NOTICE OF MANUAL FILING

Please take notice that Defendants, Larry Lynch and William Kaminski have manually filed the following document or thing:

Defendants' Exhibits in Support of Motion for Summary Judgment

This document has not been filed electronically because

[ ]   the document or thing cannot be converted to an electronic format
[X]   the electronic file size of the document exceeds 1.5 megabytes
[ ]   the document or thing is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
[ ]   Plaintiff/Defendant is excused from filing this document or thing by Court order.

The document or thing has been manually served on all parties.

380897

RESPECTFULLY SUBMITTED,

DEFENDANTS,
LARRY LYNCH AND WILLIAM KAMINSKI

By: _____
JAMES N. TALLBERG, ESQ.
Federal Bar Number Ct17849
UPDIKE, KELLY & SPELLACY, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277
Tel. No. (860) 548-2600
jtallberg@uks.com

380897

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing, was mailed in the United States mail, First Class, postage prepaid this 23rd day of November 2004, to the following pro se party.

Howard John Gombert, Jr. #108050
c/o MacDougall-Walker Correctional Facility
1153 East Street South
Suffield, CT 06080

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

380897

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR. | : PRISONER |
| | : CIVIL ACTION NO.3:01CV1913(DJS)(TPS) |
| Plaintiff, | : |
| V. | : |
| | : |
| LARRY LYNCH & WILLIAM KAMINSKI | : |
| | : |
| Defendants. | : NOVEMBER 23, 2004 |

### DEFENDANTS' EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**Exhibit A**   Deposition of Howard John Gombert, Jr. dated 08/04/04

**Exhibit B**   Affidavit of William J. Kaminski dated 11/23/04

    1.   Incident Report No. 00-167-OF, dated 02/29/00

**Exhibit C**   Affidavit of Larry E. Lynch dated 11/23/04

1. Consent to Search dated 03/01/00
2. Search Warrant dated 03/01/00
3. Evidence Seizure Form dated 03/01/00
4. Possessed Property Receipt dated 03/03/00
5. Consent to Search dated 04/17/00
6. Search Warrant dated 05/08/00
7. Evidence Seizure Form dated 05/09/00
8. Possessed Property Receipt dated 07/02/01
9. Possessed Property Receipt dated 07/06/01
10. Possessed Property Receipt dated 04/07/03
11. Order Concerning Release of Property dated 09/24/03
12. Possessed Property Receipt dated 03/31/04
13. Supplement Report dated 04/20/01

380907