UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT,  : NO. 3:01CV1913(DSJ)
    Plaintiff, :
 :
vs. :
 :
LARRY LYNCH and WILLIAM KAMINSKI : OCTOBER 24, 2006
    Defendants. :

### AFFIDAVIT OF WILLIAM J. KAMINSKI

I, WILLIAM J. KAMINSKI, do hereby depose and swear that:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I make this affidavit based upon my own personal knowledge and observations as well as information received from credible witnesses.

3. At all times relevant to the complaint in this action, I was a member of the New Milford Police Department ("NMPD") acting in my capacity as a member of the NMPD.

4. On February 29, 2000, after the plaintiff was taken into custody his bail was set at $500,000.

5. The plaintiff was not able to post the $500,000 bond set on February 29, 2000.

6. Because of his incarceration, the plaintiff never returned to the Residence after being arrested at approximately 5:46 p.m. on February 29, 2000.

7. On February 29, 2000, after the plaintiff was taken into custody, the residence at 322A Aspetuck Ridge Road, New Milford, CT (hereinafter "the Residence") was considered to be a crime scene by the NMPD.

8. The crime being investigated was the sexual assault complaint made by a female who will be referred to as "J" in order to meet the requirements of Connecticut General Statutes §54-86d.

9. On the evening of February 29, 2000, after I assisted with the processing of the plaintiff at police headquarters, I returned to the Residence and stood watch to preserve the crime scene.

10. On the evening of February 29, 2000, I stood watch at the Residence from the time I left the NMPD after processing the plaintiff until approximately 2:30 a.m. on March 1, 2000.

11. On March 1, 2000, at approximately 2:30 a.m., NMPD Officer Jerome Dombrowski relieved me and took over watch duty at the Residence.

12. On March 1, 2000, from approximately 2:30 a.m. until approximately 2:30 p.m. (12 hours), Officer Dombrowski stood watch at the Residence to preserve the crime scene.

13. On March 1, 2000, at approximately 2:30 p.m., I returned to the Residence and relieved Officer Dombroski.

14. On March 1, 2000, from approximately 2:30 p.m. until approximately 8:00 p.m., I again stood watch at the Residence to preserve the crime scene.

15. During the more than twenty-four hours after the plaintiff's arrest that it took to obtain the Search Warrant, took steps to preserve the crime scene. This included observation of the Residence.

16. Officers Dombrowski and I were the primary officers who watched the Residence during that time frame.

17. I did not enter the Residence until after the Search Warrant was obtained and executed on the evening of March 1, 2000.

18.  No evidence was examined or seized from the Residence until after Investigator Lynch arrived with the Crime Scene Van and the Search Warrant on the evening of March 1, 2000.

19.  On March 1, 2000, starting at approximately 8:00 p.m., Investigator Lynch, Officer Wheeler, and I conducted a search of the Residence pursuant to the Warrant and pursuant to the consent form signed by J.

20.  On March 2, 2000, at approximately 1:00 a.m. we completed our search of the Residence and our inventory of the items seized.

21.  At the conclusion of the search, we ensured that the Residence was secure.

22.  Investigator Lynch concluded that it was his responsibility to safeguard the items that were in the Firebird because they appeared to have some value.

23.  We could see the items in the Firebird in plain view through the open rear hatch.

24.  Rather than leave the items in the Firebird, where they could be stolen, Investigator Lynch took them to the NNPD Evidence/Property room for safekeeping.

25. The foregoing is true and accurate to the best of my personal knowledge and belief.

*/s/ W.J. Kaminski*
WILLIAM J. KAMINSKI

Subscribed and sworn to before me, this 23rd day of October, 2006.

MARIANNE ARANCIO STILSON
*Notary Public*
MY COMMISSION EXPIRES FEB. 28, 2009

*/s/ Marianne Arancio Stilson*
Notary Public / Commissioner of the Superior Court