UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD J. GOMBERT, | : DOCKET NO: 3:01CV1913(DJS) |
|     Plaintiff | : |
| | : |
| v. | : |
| | : |
| LARRY LYNCH and WILLIAM KAMINSKI, | : |
|     Defendants | : NOVEMBER 6, 2006 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY

The defendants Larry Lynch and William Kaminski respectfully object to the plaintiff's Motion to Reopen Discovery, dated October 23, 2006. The Motion to Reopen Discovery should be denied because the Court has allowed the filing of Cross Motions for Summary Judgment, filed on October 24, 2006 (the "Cross Motions") that may obviate the need for the requested discovery. Further, in the event this action survives the pending Cross Motions, the discovery deadline in this action expired more than two years ago after the plaintiff engaged in extensive discovery. Any additional discovery should be limited to the narrow issue, if any, remaining after the Court rules on the Cross Motions. It should also be reciprocal.

I.      **Factual Background:**

The plaintiff commenced this action on October 9, 2001, alleging various claims under 42 U.S.C. § 1983 arising from his arrest for raping and assaulting his then-girlfriend.  The plaintiff successfully conducted this protracted litigation pro se, even surviving a Motion for Summary Judgment on the narrow issue that remains in this action.

The plaintiff also propounded multiple discovery requests upon the defendants, including seventy-five requests to admit, two sets of interrogatories that well exceeded the limit set by Rule 33(a) of the Federal Rules of Civil Procedure, and other "motions for discovery."  The defendants responded to the plaintiff's discovery and provided him with various documents, including police reports and photographs.  The discovery deadline in this action expired on August 14, 2004.

On April 27, 2006, the Court appointed pro bono counsel for the plaintiff.  The defendants provided plaintiff's counsel with a copy of the discovery materials that had already been exchanged between the parties.

On October 3, 2006, based upon the previously conducted discovery, the plaintiff obtained permission to file a Motion for Summary Judgment and the Court allowed the defendants to renew their Cross Motion for Summary Judgment.  See Order of 10/3/06, Doc. # 90.  On October 24, 2006, with the Court's permission, the parties filed their Cross Motions, which may be dispositive.  On October 23, 2006, the day before filing the Cross Motions, the plaintiff filed his Motion to Reopen Discovery.  Until the Cross Motions are decided, engaging in costly and duplicative discovery will accomplish nothing but a waste of judicial resources.

## II.    **Argument:**

The only issue remaining, subject to the pending Cross Motions, is the narrow question regarding whether the alleged seizure of items from the plaintiff's car on March 1, 2000 was proper, and whether the defendants are entitled to qualified immunity.  See Ruling on Cross Motions for Summary Judgment of 2/15/05, at 11.  There are only two individual defendants and no Monell type claims against any municipal agency.

Furthermore, in the event that the defendants' Cross Motion is granted, the discovery becomes moot.

As the plaintiff has noted, a court does indeed enjoy considerable discretion to direct pre-trial discovery.  See Cruden v. Bank of New York, 957 F.2d 961, 972 (2d. Cir. 1992). However, the cases relied upon by the plaintiff all involve a trial court reopening discovery for a limited purpose.  The plaintiff was unable to cite a case from the Second Circuit, or from any Circuit, where a trial court allowed a party to essentially start discovery anew, without regard to the extensive written discovery already performed.

For example, in Childers v. Slater, the court allowed the reopening of discovery after the appointment of counsel for only a certain number of depositions. 197 F.R.D. 185, 189 (D.D.C. 2000).  The court had originally ordered that the plaintiff could conduct ten depositions, but she had only conducted two by the expiration of the discovery deadline.  Id. As a result, the court concluded that the additional depositions placed no additional burden on the defendants.  Id. Moreover, the plaintiff in Childers requested depositions that

were "'limited in scope [and] narrowly tailored to meet her need for trial preparation . . .'" Id. at n.7; see also Haywood v. Koehler, 78 F.3d 101, 105 (2d. Cir. 1996) (affirming a district court's allowance of "only limited discovery" by appointed counsel who entered the case after the discovery deadline).

The plaintiff in the present action has included no such limiting condition in his Motion, and simply seeks to reopen all discovery.  If the Subpoena duces tecum and Supplemental Interrogatories served upon the defendants without leave of court are an indication of the type of discovery plaintiff intends to pursue should his Motion be granted, he does not intend to limit his request to ones "limited in scope, narrowly tailored to meet [his] need for trial preparation . . ." Id.

The defendants in this action, two New Milford police officers, have been involved in this litigation for years. They have complied with the numerous discovery requests made within the court-ordered discovery period.  It is inequitable, and unnecessary, for the plaintiff to essentially start discovery from the beginning and further prolong the burden and

expense that this action has imposed on the defendants. Especially given the fact that the defendants have been forced to respond to a second Motion for Summary Judgment filed by the plaintiff when the case was being readied for trial – was, in fact, on the eve of trial.  The plaintiff's scorched earth tactics should not be allowed.

**III.    Conclusion:**

For the foregoing reasons, the defendants Larry Lynch and William Kaminski respectfully request that the Court deny the plaintiff's Motion to Reopen Discovery.

LARRY LYNCH and WILLIAM KAMINSKI


BY:    /SS/
       James N. Tallberg
       Federal Bar No.: ct17849
       Karsten & Dorman, LLC
       29 South Main Street
       West Hartford, CT 06107
       Their Attorney
       860-521-4800
       jtallberg@karstendorman.com

## CERTIFICATION

I hereby certify that on November 6, 2006 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/SS/_____
        James N. Tallberg