UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT<br>Plaintiff, | :<br>:<br>: Civil Action No.<br>: 3:01 CV 1913 (DJS)<br>:<br>:<br>: November 7, 2006 |
| v. | |
| LARRY LYNCH and WILLIAM KAMINSKI<br>Defendants. | |

### AFFIDAVIT OF KATE K. SIMON IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 56(f) IN RESPONSE TO DEFEDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

The undersigned, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am an attorney with Bingham McCutchen LLP ("Bingham"), counsel to Plaintiff Howard John Gombert ("Gombert" or the "Plaintiff") and have personal knowledge of the facts set forth herein.

3. This Affidavit is submitted in support of Plaintiff's Motion Pursuant to Fed.R.Civ.P. 56(f) in Response to Defendants' Renewed Motion for Summary Judgment (the "Rule 56(f) Motion") filed herewith. By the Rule 56(f) Motion, Gombert requests the denial of the Defendants' Renewed Motion for Summary Judgment dated October 24, 2006 (the "Renewed Motion") or, alternatively, a sixty (60) day extension of time from the Court's decision on the Rule 56(f) Motion within which to conduct needed discovery and prepare his papers in opposition to the Renewed Motion.

CTDOCS/1675710.1

4.  Gombert filed the operative complaint in this case on or about March 12, 2003, alleging claims against the Defendants under 42 U.S.C. § 1983 arising from the Defendants' warrantless search and seizure of Gombert's property. After filing two failed motions to dismiss -- one for insufficiency of process and one for failure to state a claim -- the Defendants filed an Answer and Special Defenses on July 2, 2004. The only defenses the Defendants pled were failure to state a claim upon which relief may be granted and qualified immunity.[1]

5.  Until June 2006, Gombert, an individual without any formal legal training, represented himself *pro se* in this action and successfully survived summary judgment as to certain of his claims. At that point, this Court appointed certain Bingham attorneys as *pro bono* counsel to Gombert. The formal discovery deadline in this case expired well in advance of Bingham's appointment.

6.  Due to the Plaintiff's confinement at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, and frequent relocations, he was not able to maintain organized files regarding his case. Because of this, Bingham requested that Defendants permit an independent, outside copy service to make a copy of the discovery requests and responses served to date, at Bingham's expense, and immediately return the documents. Despite Bingham's repeated requests for this professional courtesy and efforts to minimize any inconvenience to the Defendants, the Defendants did not respond to Bingham until July 7, 2006, at which point Bingham immediately arranged to obtain a copy of the discovery. Bingham did not receive a substantially complete copy of the discovery in this matter until September, 2006.

---

[1] The Defendants' Answer and Special Defenses sets forth three affirmative defenses; however, the second and third affirmative defenses both concern elements of qualified immunity.

7.   Following Bingham's analysis of the discovery, it became apparent that discovery was not adequately developed for the Plaintiff to take his case to trial. As the formal discovery period in this case expired prior to Bingham's appointment, Plaintiff initiated discussions with the Defendants that resulted in an informal agreement to allow additional discovery consensually without a court order, including the Defendants' depositions, which had never been taken, and the issuance of a subpoena for the production of records directed to the New Milford Police Department (the "NMPD").

8.   Accordingly, (a) on September 11, 2006, Gombert served the subpoena on the NMPD requesting, among other things, the NMPD's policies and procedure manuals, a complete copy of Gombert's police file, and all documents relating to Gombert and/or his property;[2] (b) on September 22, 2006, Gombert noticed the Defendants' depositions;[3] and (c) on September 22, 2006, Gombert served the Defendants with supplemental interrogatories seeking information, including, among other things, information regarding the individuals who were involved with the warrantless search and seizure of Gombert's property and all facts concerning the handling of the seized property.[4] The Defendants and the NMPD have failed to comply with any of the requested discovery.

---

[2] A true and complete copy of the September 11, 2006 subpoena served on the NMPD is attached hereto as <u>Exhibit A</u> and made a part hereof.

[3] A true and complete copy of the Notices of Deposition, dated September 22, 2006, served on the Defendants are attached hereto as <u>Exhibit B</u> and made a part hereof.

[4] A true and complete copy of the Supplemental Interrogatories, dated September 22, 2006 served on the Defendants are attached hereto as <u>Exhibit C</u> and made a part hereof.

3

CTDOCS/1675710.1

9. Notwithstanding the parties' agreement to allow additional discovery, on September 25, 2006, Defendants' counsel, acting on behalf of the Defendants and the NMPD, moved to quash the subpoena served on the NMPD (the "Motion to Quash"). Notably, the Defendants argued in the Motion to Quash that the NMPD's policies and procedures are not subject to discovery because they are irrelevant to the issues in this case and are not likely to lead to the discovery of admissible evidence. Motion to Quash at 8-9. Consequently, in addition to opposing the Motion to Quash, on October 23, 2006, the Plaintiff moved the Court for a formal order extending the discovery for a limited period of sixty (60) days from the date of the entry of the Court's order to allow him to complete necessary additional discovery. The Plaintiff's Motion to Reopen Discovery (Doc. No. 96) is pending before this Court.

10. On October 24, 2006, in adherence to the schedule set by the Court, the parties simultaneously filed cross motions for summary judgment. Gombert's motion seeks summary judgment on basis that his car was searched by the Defendants without a warrant and in violation of his Fourth Amendment rights. Gombert's motion also refutes the defenses previously raised by the Defendants and/or articulated in the Court's prior summary judgment ruling; namely, Gombert argues that his property was not in "plain view" when the Defendants seized it and that the Defendants are not entitled to qualified immunity.

11. In their summary judgment papers submitted in support of the Renewed Motion, Defendants assert, among other things, a purported exception to the warrant requirement for "safekeeping" or "community caretaking." The Defendants' never raised this exception in their Answer and Special Defenses dated June 30, 2004, as required by Fed.R.Civ.P. 8(c) or in their previous motion for summary judgment. The cases that the Defendants cite in support of their

"safekeeping" theory are clear that safekeeping-type searches are permissible only if, among other things, they are conducted pursuant to standardized police procedures.[5] *See* Defs. Mem. at 18 (citing *Colorado v. Bertine*, 479 U.S. 367 (1987); *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976); *Cady v. Dombrowski*, 413 U.S. 433 (1973)).

12.  Gombert has explicitly sought the NMPD's policies and procedures manuals from the Defendants and the NMPD, but they have refused to produce them. Indeed, just over one month ago, the Defendants filed their Motion to Quash seeking to prevent Gombert from discovering, among other things, the NMPD's policies and procedures related to searching, seizing, and inventorying property claiming that they were irrelevant. Motion to Quash at 8-9. The Defendants stated that:

> The police policies and training procedures in place on the date of the plaintiff's arrest is [sic] February 2000, and any subsequent changes to those procedures, <u>are not relevant to the issue remaining for trial</u>; namely, the conduct of the two individual defendants on March 1, 2000 and whether that conduct can sustain the plaintiff's Fourth Amendment search and seizure claim.

*Id.* at 9 (emphasis added).

13.  Gombert seeks denial of the Renewed Motion or, alternatively, a continuance to conduct limited discovery and to prepare affidavits and opposition papers that will show that there is, at a minimum, a genuine issue of material fact with respect to whether the Defendants followed applicable standardized police procedures in conducting the warrantless search of Gombert's car. Armed with a Court's order authorizing him to take discovery, Gombert intends to:

---

[5] Standardized police procedures are necessary, but are not sufficient by themselves to justify a safekeeping search.

   a. Conduct depositions of each of the Defendants to obtain discovery of information including, but not limited to, the Defendants involvement in the subject warrantless search and seizure, the manner in which the subject search and seizure was conducted, NMPD policies and procedures regarding searches and seizures, the handling of the seized property belonging to Gombert, and the disposition and/or destruction of seized property belonging to Gombert; and

   b. Enforce the supplemental interrogatories that Gombert served on the Defendants on September 22, 2006, seeking information, including, but not limited to, the identity of all individuals who were involved with the warrantless search and seizure of Gombert's property and all facts concerning the handling of the seized property;

   c. Enforce the subpoena duces tecum served by Gombert on the NMPD on September 11, 2006 seeking, among other things, copies of police policies and procedures manuals, a complete copy of Gombert's police file and all information relating to Gombert and/or his property; and

   d. Conduct any other necessary discovery.

14. The discovery described above is of critical importance in developing facts and arguments sufficient to show that, at a minimum, genuine issues of material fact exist as to the defenses asserted by the Defendants for the first time in their Renewed Motion. For example, facts concerning whether the NMPD has standardized policies and procedures governing the conduct at issue in this case and whether the Defendants followed such procedures are essential to responding to the Defendants' newly-asserted defense.

15. Gombert was unaware of the need to conduct discovery relating to the "safekeeping" or "community caretaking" exception until Defendants filed the Renewed Motion.

CTDOCS/1675710.1

Indeed, until fourteen days ago, Gombert had no indication that the Defendants believed their unlawful search and seizure of Gombert's property is excused from the Fourth Amendment's warrant requirement under the Defendants' purported "safekeeping" or "community caretaking" theory. By delaying the assertion of this defense until long after formal discovery has closed and for the over three years that Gombert represented himself *pro se*, the Defendants have deprived Gombert of any opportunity whatsoever to prepare a response to this defense or to conduct any discovery related to it.

16.  Notwithstanding that the Defendants' previously asserted defenses did not directly rely upon the NMPD's policies and procedures materials, Bingham requested such information and all information relating to Gombert, including his complete police file and all materials relating to the events at issue in this litigation, but the Defendants and the NMPD have refused to produce it.

17.  Because Gombert's motion for summary judgment on the issue of liability was predicated on legal, rather than factual, issues, Gombert did not need to conduct additional discovery before filing his summary judgment papers. In contrast, Defendants' Renewed Motion depends upon, among other things, whether the Defendants complied with clearly-established, standardized police policies and procedures that, to date, they have refused to produce to Gombert.

14.  For the reasons stated above, the Renewed Motion should be denied or, at a minimum a continuance should be granted because Gombert cannot present by affidavit facts essential to justify his opposition to Defendants' Renewed Motion without a continuance. A

continuance will afford Gombert the opportunity to conduct the limited discovery requested and prepare its opposition papers.

Dated at Hartford, Connecticut this 7th day of November, 2006.

_____
Kate K. Simon

Subscribed and sworn to before me this
7th day of November, 2006.

_____
~~Notary Public~~/Commissioner of the Superior Court
~~My Commission Expires:~~

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on the 7th day of November, 2006, upon the following counsel of record:

James N. Tallberg, Esq.
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT  06107

_____
Kate K. Simon