# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR.<br>Plaintiff,<br><br>v.<br><br>LARRY LYNCH AND WILLIAM KAMINSKI<br>Defendants. | CIVIL ACTON NO.:<br>3:01 CV 1913 (DJS)<br><br><br>SEPTEMBER 22, 2006 |

## PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, the Plaintiff, Howard John Gombert, Jr. (the "Plaintiff" or "Mr. Gombert"), hereby respectfully requests that the Defendants Larry Lynch and William Kaminski (each a "Defendant" herein) each answer the following Interrogatories separately and in writing, under oath, within thirty (30) days after the date of service of these Interrogatories.

## INSTRUCTIONS

1.  These requests shall be deemed continuing so as to require supplemental responses if the Defendant acquire any additional information or documents between the time a response is served and the time of trial.

2.  In responding to these requests, each Defendant shall furnish all information available to him at the time of his response, including information in the possession, custody or control of his agents or representatives. These requests also seek non-privileged information in the possession, custody or control of the Defendant's attorneys.

CTDOCS/1670146.2

3. Where the name or identity of a person is requested, state the full name, home address and business address of that person, if known.

4. All terms defined below are used throughout these requests in the precise manner in which they have been defined and are to be consistently so interpreted. Some terms are specially defined so as to have a broader meaning herein than they may have in general usage and, accordingly, responses will be inadequate if they do not take into account the special sense in which terms such as "document," "identify," "in connection," "relating to," and other defined terms are defined and used.

5. Unless otherwise indicated, the Interrogatories seek information dated, generated, and/or transmitted from February 1, 2000 through the date of the Defendant's compliance.

## DEFINITIONS

1. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. Identify (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

3. Identify (with respect to documents). When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its

general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

4. Identify (with respect to events) means to provide a detailed description of the event, including the (i) date; (ii) parties involved; and (iii) detailed description of what happened.

5. Person or Individual. The terms "person" or "individual" are defined as any natural person or any business, legal or governmental entity or association.

6. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. All/Each. The terms "all" and "each" shall both be construed as all and each.

8. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request for production all responses that might otherwise be considered outside its scope.

10. The term "any" shall mean "any and all."

11. "Correspondence" includes, but is not limited to, any letter, telegram, telex, facsimile, notice, message, memorandum, electronic mail message, or other written communication or transcription or notes of a communication.

12. The term "evidence" shall mean providing, indicating, showing or tending to show, or probative of the existence or nature of.

13. The term "with respect to," "relating to" or "which relates to" a given subject shall mean any document that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject including, but not limited to, documents concerning the presentation of other documents.

14. "Communication" shall mean every manner or means of disclosure, transfer, and exchange of information, and every disclosure, transfer, and exchange of information, including, but not limited to, any disclosure, transfer, and exchange of information made orally or in writing, in person or by telephone, by other electronic or mechanical means, mail, personal delivery, or otherwise. "Communication" includes any internal communications such as notes, memoranda, correspondence, or other documents prepared by or for any person for his, her, or its files or other internal use.

15. "You" and "Your" shall mean the Defendant and his heirs, assigns, agents, representatives, counsel and all persons acting or purporting to act on his behalf.

16. Complaint. "Complaint" shall mean the Plaintiff's Amended Complaint filed on or about March 12, 2003.

17. Destroyed Property. "Destroyed Property" shall mean Property (as defined herein) seized from the Pontiac Firebird (as defined herein) and that was destroyed or discarded in any manner by the New Milford Police Department or any other governmental agency or department.

18. Undestroyed Property. "Undestroyed Property" shall mean Property seized from the Pontiac Firebird (as defined herein) that was or is subject to any court order directing the destruction of such Property by the New Milford Police Department, or any other governmental agency or department, but that has not been destroyed.

19. Returned Property. "Returned Property" shall mean Property seized from the Pontiac Firebird (as defined herein) that was returned or released to Howard John Gombert or his representative, agent, counsel or any other person acting or purporting to act on his behalf.

20. Released Property. "Released Property" shall mean Property seized from the Pontiac Firebird (as defined herein) that is not Destroyed Property or Returned Property that was released by the NMPD (as defined herein) to any individual.

21. Seized. "Seized" shall mean to take, collect, retrieve, gather, hold, or take control of.

22. Firebird. "Firebird" shall mean a certain Pontiac Firebird which bore a Connecticut Registration 234NSS and was registered to Howard John Gombert on or about March 1, 2000.

23. NMPD. "NMPD" shall mean the New Milford Police Department.

24. Property. "Property" shall mean any items taken, collected or retrieved from the Firebird. The use of the term "Property" herein shall mean all of the Property or any part, portion, or item(s) of the Property as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INTERROGATORIES

1.      Identify the individual(s) who were involved in the seizure of the Property from the Firebird on or about March 1, 2000, including, but not limited to, all individuals that directed that the Property be seized, conducted the seizure of the Property, were present at the time the Property was seized, and transported the Property from the Firebird to the NMPD.

**Response:**


2.      Identify all facts concerning the chain of custody and handling of the Property by the NMPD after it was seized, including, but not limited to, the location of the Property and whether any specific items of the Property were destroyed and/or returned to Mr. Gombert or his representative, agent, counsel or any other person acting or purporting to act on his behalf.

**Response:**


3.      Identify any document cataloguing or inventorying the Property (an "Inventory") and the individual(s) responsible for keeping, holding or maintaining the Inventory.

**Response:**

4. Identify all facts concerning the photographing of the Property by the NMPD, including, but not limited to, who photographed the Property, who directed the photographs be taken, the reason or purpose for photographing the Property, the process used for photographing the Property, where such photographs were located, held or maintained, and the individual(s) responsible for keeping, holding or maintaining the photographs.

**Response:**

5. Identify any and all individuals that accessed or viewed the Property (including individuals to whom Property was shown for any reason) while the Property was in the possession, custody or control of the NMPD and all facts concerning such access or viewing, including, but not limited to, who granted or authorized the access or viewing, why such access or viewing occurred, and identifying any persons present when any such individual(s) accessed or viewed the Property.

**Response:**

6. Identify each and every communication by Mr. Gombert, his representatives, agents, counsel or persons acting or purporting to act on his behalf, regarding the Property, including requests for the return of the Property.

**Response:**

7. Identify all facts and documents concerning the return of any Property to Mr. Gombert, his representatives, agents, counsel or persons acting or purporting to act on his behalf, including, but not limited to, the specific Property that was returned, to whom the Property was returned, when the Property was returned, and who released such Returned Property.

**Response:**

8. Identify the procedure, process or circumstances under which any of the Property was destroyed (including any documents related thereto) including, but not limited to, the individual(s) who sought or requested the destruction of the Property, why destruction was sought, who authorized the destruction, the specific Property that was destroyed or ordered to be destroyed, when the Property was destroyed and individuals who participating in destroying the Property.

**Response:**

9. Identify any and all Undestroyed Property and all facts concerning the refusal, failure or neglect to destroy any such Undestroyed Property, including, but not limited to, the individuals who refused, failed or neglected to destroy any such Undestroyed Property and the reasons therefore, and the location of any such Undestroyed Property from the date of the Order to destroy such Property through the date of your response, and each and every individual to whom such Undestroyed Property was shown, viewed by, or displayed to after the Order to destroy such Undestroyed Property.

**Response:**


10. Identify any and all Released Property and all facts concerning the release of such Released Property including, but not limited to, who received any such Released Property, when it was released, why it was released, who authorized its release, whether the Released Property was returned to the NMPD and, if so, when and its current location.

**Response:**

I, Larry Lynch, hereby certify that I have reviewed the foregoing Interrogatories and my responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____

Larry Lynch

Subscribed and sworn before me this _____ day of _____, 2006.

_____

Notary Public

My Commission Expires:

I, William Kaminski, hereby certify that I have reviewed the foregoing Interrogatories and my responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
William Kaminski

Subscribed and sworn before me this _____ day of _____, 2006.

_____
Notary Public

My Commission Expires:

PLAINTIFF,
HOWARD JOHN GOMBERT, JR.

*Sara Simeonidis*

Ben M. Krowicki [ct06153]
Kate K. Simon [ct23489]
Sara R. Simeonidis [ct25566]
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178
Phone: (860) 240-2700
Fax: (860) 240-2800
Email: ben.krowicki@bingham.com
Email: kate.simon@bingham.com
Email: sara.simeonidis@bingham.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2006, a copy of the foregoing Supplemental Interrogatories were sent via first facsimile and class mail to the following counsel of record:

James Newhall Tallberg, Esq.
Karsen & Dorman LLC
29 South Main Street
West Hartford, Connecticut 06107

_____
Sara R. Simeonidis