UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD JOHN GOMBERT, JR., Plaintiff | : | CIVIL ACTION NO. 3:01CV1913(DJS) |
| v. | : | |
| LARRY LYNCH and WILLIAM KAMINSKI, Defendants | : | NOVEMBER 7, 2006 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. Introduction

The defendants Larry Lynch and William Kaminski respectfully submit this Memorandum in Opposition to the plaintiff's Motion for Partial Summary Judgment, dated October 24, 2006. First, the defendants incorporate herein by reference all of the arguments and factual assertions set forth in their Renewed Motion for Summary Judgment, and supporting documents, filed on October 24, 2006 (hereinafter the "Cross Motion"). The granting of the defendants' Cross Motion necessarily requires denial of the plaintiff's motion.

In addition, by way of reply, the plaintiff's motion should be denied for three principal reasons: (1) plaintiff has failed to present any evidence that would show he is entitled to judgment as a matter of law and has failed to controvert the undisputed facts established by the defendants' Cross Motion; (2) plaintiff has failed to establish that each defendant was directly and personally responsible for the alleged conduct, and that the alleged conduct was the proximate cause of an injury; and (3) plaintiff has wholly misconstrued the "safekeeping" or "community caretaking" exception to the warrant requirement and has set forth an argument on the "plain view doctrine" that is irrelevant. For these, and the reasons more fully set forth below, the plaintiff's motion should be denied.[1]

[1] The defendants' qualified immunity defense is fully briefed in the defendants' Cross Motion, incorporated herein, and is not restated here. Rather, by way of reply, this Memorandum is focused upon deficiencies in the plaintiff's motion.

## II. Argument

### A. The Plaintiff Has Failed To Present Any Evidence That Would Show He is Entitled To Judgment as a Matter Of Law and Has Failed To Controvert the Undisputed Facts Established by the Defendants' Renewed Motion for Summary Judgment

As the movant, the plaintiff bears the burden of establishing that, based upon the undisputed facts, he is entitled to summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). Yet, despite bearing this heavy burden, the plaintiff submitted a Local Rule 56(a) Statement of Facts asserting just 9 facts. See Plaintiff's Local Rule 56(a)(1) Statement of Facts of 10/24/06, ¶¶ 1-9 ("Pl.'s Statement of Facts"). Plaintiff submitted not a shred of admissible evidence in support of his motion except, curiously, the affidavit of his counsel verifying the authenticity of the pleadings that are already on file in this matter. Based upon this complete lack of evidentiary foundation, the plaintiff's motion must be denied.

The Court's Ruling on Cross Motions For Summary Judgment, dated February 15, 2005 (the "Ruling on Cross Motions"), identified a narrow factual dispute that precluded a ruling on the plaintiff's Fourth Amendment claim regarding removal of property from his automobile, a 1984 white Pontiac Firebird (the "Firebird"), which was located at 322A Aspetuck Ridge Road, New Milford (the "Residence"). The specific factual dispute was whether, on March 1, 2000, when New Milford Police Department ("NMPD") officers executed a search warrant at the plaintiff's residence, the rear hatch of the Firebird was open, as the defendants asserted, or closed, as the plaintiff claimed.

Since the plaintiff has failed to introduce any evidence in support of his motion, and because he has admitted that on the evening of March 1, 2000, he was incarcerated and not present at the Residence, he is unable to controvert the defendant's recollection of what transpired. Pl.'s Statement of Facts, ¶6 (admitting that he was not present). Based upon those undisputed facts, the plaintiff cannot prevail.

Having failed to present any evidence regarding the condition of the Firebird on the evening of March 1, 2000, and early morning hours of March 2, 2000, the plaintiff has removed from contention the factual dispute that prevented this case from being decided on the first Cross Motions for Summary Judgment. Accordingly, judgment must enter in favor of the defendants.

**B. The Plaintiff Has Failed To Establish That Each Defendant Was Directly and Personally Responsible For the Alleged Conduct and That the Alleged Conduct Was the Proximate Cause of an Injury**

It is well settled that, in order to hold a defendant liable under 42 U.S.C. §1983, "[a] plaintiff must establish that each defendant was directly and personally responsible for the alleged conduct and that the conduct was a proximate cause of her injury." Phoenix v. Reddish, 175 F.Supp.2d 215, 218 (D.Conn. 2001) citing Snider v. Dylag, 188 F.3d 51, 54 (2d Cir. 1999); see also Wright v. Smith, 21 F.3d 496, 501-02 (2d Cir.

1994).[2]

Repeatedly throughout his motion, the plaintiff has lumped Investigators Lynch and Kaminski together, without any evidentiary support, and has argued that the collective "defendants" should be held liable for some perceived wrong. For example, the plaintiff has argued that "Defendants released a necklace to the Carmel, New York police department. . ." Plaintiff's Memorandum of Law in Support of His Motion for Partial Summary Judgment, at 4 ("Pl.'s Mem.) (the "Necklace").

The plaintiff has further argued that, "the [N]ecklace must have been in one of the bags or boxes unlawfully seized from Gombert's car on March 1, which the Defendants did not have a warrant to search." Pl.'s Mem., at 4. This assertion about the Necklace, like the rest of the plaintiff's motion, is

---

[2] At the summary judgment stage, a plaintiff must meet this burden of demonstrating personal involvement by submitting admissible evidence showing that each defendant either "directly participated in the infraction," or by pursuing a theory of supervisory official liability. Smith, 21 F.3d at 323. Investigators Lynch and Kaminski are not supervisors and the plaintiff has not alleged a theory of supervisory liability, so the plaintiff must try to prove that each defendant directly participated in the alleged conduct.

not supported by any admissible evidence. It is rank speculation, misguided and incorrect.

A party seeking summary judgment must rely on more than mere speculation or conjecture. Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). In fact, as demonstrated in the defendants' Cross Motion, the Necklace was not in any of the containers removed from the Firebird, but was actually found in J.'s automobile, a red Fiero. Defendants' Local Rule 56(a)(1) Statement of Facts of 10/24/06, ¶¶78-79 ("Def.'s Statement of Facts"). The Necklace was not listed on the inventory of items taken from the Residence or Firebird because it was not found in the Residence or the Firebird. Id., at 83.

Furthermore, neither defendant had a role in the disposition of the Necklace found in the plaintiff's girlfriend's car. Investigator James Mullin was the officer involved with communicating with the Carmel, New York police department regarding their investigation of the plaintiff for the disappearance and suspected death of a teenager in 1995. Id., at ¶84. There is no dispute that, on March 3, 2000,

Investigator Mullin, a non-party to this action, released the Necklace to Carmel police. Affidavit of James Mullin of 10/24/06, ¶¶53-54. It is undisputed that neither defendant released the Necklace to Carmel police. Id. Even if the release of the Necklace could form the basis of a claim, neither defendant can be held liable for that claim.

Similarly, Investigator Lynch was not present at the plaintiff's arrest on February 29, 2000. Defs.' Local Rule 56 St., at ¶5. Investigator Lynch was present, however, at the search on March 1, 2000 and into the early morning hours of March 2, 2000. It is undisputed that Investigator Lynch made the decision to remove the property from the open Firebird for safekeeping. Id., at ¶¶98, 102-104.

Investigator Kaminski participated in the search of the Residence on March 1, 2000, but did not remove property from the Firebird. Id., at ¶¶102-104. Based on these undisputed fact, at the very least, plaintiff cannot establish direct and personal responsibility against Investigator Kaminski regarding the safekeeping of the property in question. Reddish, 175

F.Supp.2d at 218. As a result, the plaintiff is not entitled to summary judgment.

### C. The Plaintiff has Misconstrued the "Safekeeping" or "Community Caretaking" Exception to the Warrant Requirement and has Set Forth an Argument on the "Plain View" Exception That is Irrelevant

The plaintiff has wholly failed to appreciate the defense to the narrow remaining claim presented by Investigators Lynch and Kaminski, which defense is not predicated on the "plain view doctrine." The plaintiff has also misconstrued the Court's prior Ruling on the Cross Motions. For example, the plaintiff has claimed that, "[i]n its Ruling on Cross Motions for Summary Judgment dated February 15, 2005, this Court found that Defendants had unlawfully searched and seized items from Gombert's car on March 1." Pl.'s Mot. for Part. Summ. Judg. of 10/24/06, at 1. This wishful thinking is absurd. Had the Court ruled in plaintiff's favor and found a constitutional violation there would be no need for the Cross Motions that were filed on October 24, 2006.

The plaintiff's singular focus on the "plain view doctrine" manifests itself in the inexplicable claim that the defendants raised the "plain view doctrine" as a special defense. The plaintiff has specifically argued that:

> Defendants' second affirmative defense is that their warrantless search and seizure of Gombert's property on March 1 was justified under the plain view doctrine.

Pl.'s Mem., at 5.

The defendants' Second Affirmative Defense does not reference the "plain view doctrine" and actually reads as follows:

> SECOND AFFIRMATIVE DEFENSE: The actions and conduct of the Defendants, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from all liability therefore."

Def.'s Answer of 6/30/04.[3]

The plaintiff apparently misread the Court's Ruling on the Cross Motions and the defendants' Answer and Affirmative

---

[3] The defendants' Second Affirmative Defense specifically raised qualified immunity, which is an affirmative defense. There is no requirement that an exception to the warrant requirement be raised as an affirmative defense.

Defenses. Similarly, the plaintiff misunderstood the defendants' legal argument regarding the "safekeeping" exception to the warrant requirement.

The defendants' Answer does not mention the "plain view doctrine" and the defendants have never argued that they removed the property under the "plain view doctrine." Investigator Lynch has consistently made the factual observation that the items were in "plain view" in the open rear hatch of the Firebird. See Affidavit of Larry Lynch of 10/24/06, ¶48; see also Lynch Aff. in Support of Search Warrant. Investigator Lynch has also consistently maintained that he removed the property for "safekeeping." The plaintiff, in fact, has acknowledged that Investigator Lynch took the items from the Firebird for safekeeping, but the plaintiff has failed to appreciate the implication of that fact. Pl.'s Mem., at 12.

In sum, the plaintiff's memorandum, focused almost entirely on the "plain view doctrine," misses the mark by a

mile and is not relevant. For this additional reason, the plaintiff's motion must be denied.

**IV. Conclusion**

For the foregoing reasons, the defendants Larry Lynch and William Kaminski respectfully request that the Court deny the plaintiff's Motion for Partial Summary Judgment and grant their Renewed Motion for Summary Judgment.

DEFENDANTS,
LARRY LYNCH and WILLIAM KAMINSKI

BY /SS/

James N. Tallberg
Federal Bar No.: ct17849
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107
Their Attorney
Tel. 860-521-4800
Fax. 860-521-7500
jtallberg@karstendorman.com

**CERTIFICATION**

I hereby certify that, on November 7, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/SS/
James N. Tallberg