UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT : | |
|     Plaintiff, : | |
| : | Civil Action No. |
| v. : | 3:01 CV 1913 (DJS) |
| : | |
| LARRY LYNCH and WILLIAM KAMINSKI : | |
|     Defendants. : | January 19, 2007 |

**PLAINTIFF'S LOCAL RULE 56(a)(2) COUNTERSTATEMENT OF FACTS**

Pursuant to Local Rule of Civil Procedure 56(a)(2), Plaintiff, Howard J. Gombert ("Gombert") submits this counterstatement of facts in opposition to Defendants' Renewed Motion for Summary Judgment dated October 24, 2006 (the "Renewed Motion"), and the Local Rule 56 Statement (the "Statement") filed contemporaneously therewith.

At the outset, Gombert moves to strike the Statement in its entirety because it is merely a regurgitation of the entire facts section in the Renewed Motion. The Statement is supposed to be "a concise statement of each *material* fact as to which the moving party contends there is *no genuine issue of material fact*," not a dumping ground for every purported fact in the case. Loc. R. 56(a)(1) (emphasis added). For example, that Gombert pled guilty to sexual assault charges certainly is not "material" to whether Defendants violated Gombert's constitutional rights by conducting a warrantless search and seizure of items in Gombert's car. Statement at ¶ 8. Although it makes their life easier, Defendants' copy and paste job is completely inefficient and defeats the purpose of the rule. It therefore should be stricken by the Court.

I.   **FACTS ALREADY ADMITTED BY THE PLAINTIFF**

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted that Gombert was arrested at 322A Aspetuck Ridge Road in New Milford, Connecticut on February 29, 2000.

6.   Admitted that Gombert was on his property when he was arrested.

7.   Admitted.

8.   Admitted.

9.   Admitted that Defendants obtained a warrant and consent to search Gombert's house but Gombert avers that the warrant and consent to search speak for themselves.

10.  Denied because it is undisputed that Defendants' search of the house and cars on the property began on March 1, 2000, and continued into the morning hours of March 2, 2000. (Kaminski 11/30/06 Deposition Transcript ("Kaminski Dep. Tr.") at 121).[1]

11.  Denied. This paragraph contains a conclusion of law, not a statement of fact, and thus the truth of this statement is for the Court or jury to decide.

12.  Gombert admits that the items taken from his Pontiac Firebird ("Firebird") eventually were placed in the New Milford Police Department's Evidence Room but he denies the

---

[1] The various deposition transcripts and exhibits cited herein are attached as exhibits to the Affidavit of Brian R. Hole in Support of Plaintiffs' Opposition to Defendants' Renewed Motion for Summary Judgment filed contemporaneously herewith.

CTDOCS/1681525.1                               2

remaining allegations in Paragraph 12.  Defendants' documents and testimony, disclosed subsequent to the parties' first cross-motions for summary judgment, reveal that the items taken from the Firebird actually were being held as evidence, not safekeeping.  (Lynch Dep. Tr. at 53-55).

13. Denied that the items removed from the Firebird were being held for safekeeping. (Lynch Dep. Tr. at 53-55).  Gombert further avers that the search warrant dated May 8, 2000, speaks for itself.

14. Admitted that the "evidence" Defendants "seized" from the Firebird on March 1 and 2, 2000, was released to Litchfield State's Attorney's Office.

15. Admitted that Defendants released at least two videotapes to the Litchfield State's Attorney's Office.

16. Admitted.

17. Gombert admits only that some of the "evidence seized from the Plaintiff" was destroyed.

18. Admitted that Defendants took Gombert's pornography collection, among other of his property.

19. Denied.  Gombert is acutely aware that Defendants removed his bags and cases from the Firebird.

20. Admitted that J gave away and sold some of his belongings that had not already been seized by the NMPD.  This statement of fact is irrelevant.

21.     Admitted that Gombert sued J regarding property that had not already been seized by the NMPD. This statement of fact is irrelevant.

## II     FACTS ALREADY DEEMED UNDISPUTED BY THE COURT

22.     Admitted.

23.     Admitted.

24.     Admitted although Gombert avers that the April 2000 consent to search speaks for itself.

25.     Admitted although Gombert avers that the April 2000 consent to search speaks for itself.

26.     Admitted that Defendants obtained a warrant dated May 8, 2000, authorizing them to search the bags taken during the "warrantless search on March 1, 2000," but denied that Defendants removed that property from the car for safekeeping. That statement is a conclusion of law to which no response is required and it is for the Court or jury to decide.

## III.     ADDITIONAL UNDISPUTED FACTS

27.     Admitted, but Gombert avers that this is not a "material" statement of fact and thus it should not be in the Statement.

28.     Denied. Defendants' citation to their self-serving affidavits does not make a fact "undisputed," especially in light of Kaminski's testimony that he never saw Gombert flee. (Kaminski Dep. Tr. at 92-93, 151).

29.     Admitted.

30.     Admitted.

31. Admitted.

32. Admitted.

33. Gombert lacks sufficient knowledge or information regarding this purported statement of fact and thus he leaves Defendants to their proof.

34. Gombert admits that Defendants were investigating the alleged sexual assault on J, but he avers that Defendants also were investigating Gombert for other crimes on February 29, 2000 through March 2, 2000, including without limitation the disappearance of Robin Murphy in Carmel, New York. (J. Dep. Tr. at 34).

35. Admitted that an officer stood watch but Gombert lacks sufficient knowledge or information regarding Defendants' characterization of 322A Aspetuck Ridge Road as being a "crime scene" and he therefore leaves Defendants to their proof of this purportedly "material" fact.

36. Admitted that Kaminski returned to the property on February 29, 2000, but Gombert lacks sufficient knowledge or information regarding Defendants' characterization of 322A Aspetuck Ridge Road as being a "crime scene" and he therefore leaves Defendants to their proof.

37. Admitted.

38. Admitted.

39. Admitted that Officer Dombrowski stood watch, but Gombert lacks sufficient knowledge or information regarding Defendants' characterization of 322A Aspetuck Ridge Road as being a "crime scene" and he therefore leaves Defendants to their proof.

40. Admitted.

41. Admitted that Kaminski stood watch, but Gombert lacks sufficient knowledge or information regarding Defendants' characterization of 322A Aspetuck Ridge Road as being a "crime scene" and he therefore leaves Defendants to their proof.

42. Admitted that Lynch and Investigator Mullin "continued" their investigation of Gombert on March 1, 2000.

43. Admitted.

44. Admitted, but Gombert avers that J's interview statement speaks for itself.

45. Admitted, but Gombert avers that the consent to search form speaks for itself.

46. Admitted that Lynch spoke with ASA Guy Wolf about obtaining evidence from the Residence but Gombert further avers that Lynch and ASA Guy Wolf also discussed a search and seizure of items from the Firebird on March 1, 2000. (Lynch Dep. Tr. at 218-19).

47. Admitted, but Gombert further avers that ASA Guy Wolf also counseled Lynch to "seize them, but don't look in them" when discussing the bags and cases located in the Firebird on March 1, 2000. (Lynch Dep. Tr. at 217).

48. Admitted, but Gombert avers that any warrant application speaks for itself.

49. Admitted, but Gombert avers that any warrant application speaks for itself.

50. Admitted.

51. Admitted.

52. Admitted, except that Gombert lacks sufficient knowledge or information regarding Defendants' characterization of 322A Aspetuck Ridge Road as being a "crime scene" and he therefore leaves Defendants to their proof.

53. Admitted.

54. Admitted that Kaminski did not "enter the Residence," but Kaminski did observe the property on February 29, 2000, including looking into the Firebird for things of evidentiary value. (Kaminski Dep. Tr. at 128-29).

55. Admitted.

56. Admitted that Lynch arrived in the crime scene van.

57. Admitted.

58. Gombert lacks sufficient knowledge or information regarding this purported "material" statement of fact and thus he leaves Defendants to their proof.

59. Admitted only that Gombert was not at the Residence after his arrest on February 29, 2000. The remainder of this paragraph is argument, not a statement of fact, which requires no response.

60. Admitted.

61. Denied. J drove her red Pontiac Fiero to the Residence on March 1, 2000. (J Dep. Tr. at 29).

62. Admitted only that J stated that she planned to leave the Residence on March 2, 2000.

63. Admitted.

64. Gombert lacks sufficient knowledge or information regarding this purported "material" statement of fact and thus he leaves Defendants to their proof.

65. Denied. Defendants went to the Firebird because "it [was] a crime scene, so [they] wanted to examine [the Firebird] before [they] left" in order to determine whether there was "evidence of a crime" inside the car. (Kaminski Dep. Tr. at 130-31).

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted that the Firebird was "closed up" when the NMPD arrived to arrest him.

70. Denied. J did not show Defendants the Firebird, they went to it for investigative purposes. (Kaminski Dep. Tr. at 130-31). Gombert testified that he left the Firebird hatch closed on February 29, 2000, and thus the only people who could have opened it are Defendants. (Pl. Dep. Tr. at 53). Furthermore, the Court has already held that whether the Firebird's hatch and hood were open or closed presents a triable issue of fact that is not "undisputed" as Defendants now contend. (Ruling on Cross-Motions for Summary Judgment dated February 15, 2005 (the "Ruling") at 10). This haphazard designation of allegedly "undisputed" facts demonstrates why the entire Statement should be stricken as requested above.

71. Admitted.

72. Admitted.

73. Admitted only that Exhibits D.1 and D.2 are photographs that Lynch avers were taken on March 1, 2000.

74. Admitted.

75. Admitted.

76. Admitted only that two bags can be seen in Exhibit D.2.

77. Denied. Gombert testified that the Firebird hatch was closed on February 29, 2000. (Pl. Dep. Tr. at 53). He has also submitted an affidavit to the same effect. Furthermore, the Court has already held that whether the Firebird's hatch and hood were open or closed presents a triable issue of fact that is not "undisputed" as Defendants now contend. Ruling at 10. This haphazard designation of allegedly "undisputed" facts demonstrates why the entire Statement should be stricken as requested above.

78. Admitted that Lynch photographed the Fiero and J was driving the Fiero but her purported ownership of the car is in dispute but is not material to the cross-motions for summary judgment.

79. Denied. J testified that the Necklace was not hanging from the Fiero's rearview mirror when she arrived at the Residence on March 1, 2000. (J Dep. Tr. at 29).

80. Admitted only that Exhibits D.3 is a photograph that Lynch avers was taken on March 1, 2000.

81. Admitted only that Exhibits D.4 is a photograph that Lynch avers was taken on March 1, 2000. Gombert denies that the photograph is of the pentagram necklace that the Carmel police were looking for. (J. Dep. Tr. 29-30).

82. Admitted only that Exhibits D.5 is a photograph that Lynch avers was taken on March 1, 2000. Gombert denies that the photograph is of the pentagram necklace that the Carmel police were looking for and that the necklace in Exhibit D.5 was taken from the Fiero. (J. Dep. Tr. 29-30).

83.  Denied. Mullin testified that documentation should have been made regarding any property taken from the Residence, the Firebird, or the Fiero, including the Necklace. (Mullin Dep. Tr. at 109).

84.  Admitted only that Mullin, among others, spoke with officers from the Carmel police department on or before February 29, 2000, and continued to cooperate with Carmel for a significant period of time thereafter. (J Dep. Tr. At 34; Mullin Dep. Tr. At 115).

85.  Admitted.

86.  This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

87.  This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

88.  This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

89.  This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

90. This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

91. This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

92. This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

93. This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

94. Gombert admits only that officers from the Carmel police department came to the NMPD as early as February 29, 2000, to meet with J.  (J Dep. Tr. at 54-55, 68-69).

95. This statement is not material to the cross-motions for summary judgment and in any event Gombert lacks sufficient information or knowledge regarding this allegation and he therefore leaves Defendants to their proof.

96. Admitted only that the Necklace was released to the Carmel police department on or before March 3, 2000.  Gombert denies that the Necklace was taken from the Fiero.  (J. Dep. Tr. 29-30).

97. Admitted.

98. Admitted only that Lynch, Kaminski, Mullin and Officer Wheeler searched the Residence beginning on March 1, 2000.

99. Admitted only that Lynch, Kaminski, Mullin and Officer Wheeler aver that their search of the Residence was completed at approximately 1:00 a.m. on March 2, 2000.

100. Admitted.

101. This paragraph does not contain a statement of fact, but instead contains allegations regarding Defendants' subjective state of mind. Gombert cannot possibly be expected to admit or deny the allegations in this paragraph and thus he leaves Defendants to their proof.

102. Denied. Lynch wanted to search and remove items from the Firebird because "it [was] a crime scene, so [they] wanted to examine [the Firebird] before [they] left" in order to determine whether there was "evidence of a crime" inside the car. (Kaminski Dep. Tr. at 130-31).

103. Denied. Gombert testified that the Firebird hatch was closed when he left it on February 29, 2000. (Pl. Dep. Tr. at 53). He has also submitted an affidavit to the same effect. Furthermore, the Court has already held that whether the Firebird's hatch and hood were open or closed presents a triable issue of fact that is not "undisputed" as Defendants now contend. Ruling on Cross-Motions for Summary Judgment dated February 15, 2005 (the "Ruling") at 10. This haphazard designation of allegedly "undisputed" facts demonstrates why the entire Statement should be stricken as requested above.

104. Gombert admits only that Defendants removed items from the Firebird on March 1 and 2, 2000. Gombert denies that the items were taken for "safekeeping" as this allegation is a conclusion of law that is for the Court or the jury to decide.

105. Admitted.

106. Gombert admits only that the search warrant dated May 8, 2000, speaks for itself. Gombert denies that Defendants took the items from the Firebird for "safekeeping" as this allegation is a conclusion of law that is for the Court or the jury to decide. Defendant also denies that Defendants did not look into the bags and cases taken from Firebird until on or after May 8, 2000. Lynch testified that some of the items contained in those case had already been given to the Connecticut State Police before he searched them pursuant to the May 8 warrant and thus Lynch must have searched the bags and cases prior to May 8, 2000. (Lynch Dep. Tr. at 118).

107. Admitted only that Gombert sued J for stealing property other than that taken by Defendants.

108. Gombert avers that the documents named in this paragraph speak for themselves.

109. Admitted only that Defendants did not provide Gombert with a receipt from the property they unlawfully took from him.

110. Gombert denies that Defendants took the items from the Firebird for "safekeeping" as this allegation is a conclusion of law that is for the Court or the jury to decide.

111. Denied. As Defendants admit, much of Gombert's property was destroyed and thus it was not returned to him. (Defs. Opposition to Summary Judgment dated 10/24/06). Defendants also admit that they distributed a significant amount of Gombert's property, including his

personal film, to other law enforcement agencies and that property never was returned to

Defendants or to Gombert.  (Lynch Dep. Tr. at 83).


                    THE PLAINTIFF,
                    HOWARD JOHN GOMBERT


By:___/s/_____
   Ben M. Krowicki [ct06153]
   Sara R. Simeonidis [ct25566]
   Brian R. Hole [ct26608]
   BINGHAM McCUTCHEN LLP
   One State Street
   Hartford, CT 06103
   Tel:  (860) 240-2700
   Fax:  (860) 240-2818
   His Attorneys

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 19th day of January, 2007, to the following counsel of record:

James N. Tallberg, Esq.
Karsten, Dorman & Tallberg, LLC
8 Lowell Road
West Hartford, CT 06119

_____/s/_____
Brian R. Hole