```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

HOWARD JOHN GOMBERT, JR.,:    CIVIL ACTION NO. 3:01CV1913(DJS)
     Plaintiff         :
                       :
v.                     :
                       :
LARRY LYNCH and WILLIAM :
KAMINSKI,              :
     Defendants        :    FEBRUARY 8, 2007
```

### DEFENDANTS' LOCAL RULE 56(a)2 STATEMENT

Pursuant to Local Rule 56(a)(1) and (2), defendants Larry Lynch and William Kaminski respectfully submit this Response to the Plaintiff's Supplemental Local Rule 56(a)1 Statement dated January 19, 2007.  Also set forth below is the Defendants' statement of Disputed Issues of Material Fact pursuant to Local Rule 56(a)(2), regarding the Plaintiff's Renewed Motion for Summary Judgment.

### RESPONSE TO PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

1.  Admitted in part.  Denied insofar as the Firebird was "in its usual spot in the driveway."  The defendants do not have personal knowledge as to where the plaintiff usually parked the Firebird, and J.'s deposition testimony does not support this

assertion.  Deposition of J. ("J. Dep. Tr."), attached hereto as Exhibit C, at 44.

2.   Admitted in part.  Denied insofar as J.'s deposition testimony was that she did not return to the house on February 29, 2000.  J. Dep. Tr. at 45.

3.   Admitted.

4.   Denied.  Investigator Lynch and Investigator Kaminski did not meet with J. and a detective from the Carmel Police Department on February 29, 2000.  Deposition of William Kaminski ("Kaminski Dep. Tr."), attached hereto as Exhibit B, at 86-87, 117; Deposition of Larry Lynch ("Lynch Dep. Tr."), attached hereto as Exhibit A, at 87.

5.   Denied.  Investigator Lynch and Investigator Kaminski were unaware of any investigation of the plaintiff being conducted by the Carmel, New York Police Department on February 29, 2000 and on March 1-2, 2000, when they were executing the search warrant.  Id.; Deposition of James Mullin ("Mullin Dep. Tr."), attached hereto as Exhibit D, at 75.

6.   Denied.  Investigator Lynch and Investigator Kaminski did not meet with J. and a detective from the Carmel Police

Department on February 29, 2000. Kaminski Dep. Tr. at 86-87, 117; Lynch Dep. Tr. at 87.

    7. Admitted in part, denied insofar as it implies that the defendants were aware of Carmel, New York's investigation of the plaintiff on February 29, 2000 and during the execution of the search warrant on March 1, 2000. Id.

    8. Admitted insofar as J.'s deposition testimony was that she spent the night of February 29, 2000 at a hotel. Denied insofar as her deposition testimony was that the police transported her to the hotel. J. Dep. Tr. at 15.

    9. Admitted, with the clarification that the plaintiff was arrested at 5:46 p.m. on February 29, 2000. Affidavit of William Kaminski of 11/23/04, ¶ 14 (Exhibit B to Defendants' 11/23/04 Motion for Summary Judgment).

    10. Admitted.

    11. Denied. Investigator Kaminski witnessed the plaintiff being captured. Kaminski Dep. Tr. at 93.

    12. Admitted in part, denied that Kaminski "has never seen" a higher bail set in a sexual assault case. Investigator

Kaminski testified at his deposition that he does not specifically recall a higher bail. Id. at 112.

13. Admitted.

14. Admitted only insofar as Investigator Kaminski did not have a warrant. One of the purposes for viewing the Firebird was to ensure no weapons were present. Id. at 129-30.

15. Admitted only that Investigator Kaminski collected information and transmitted it to Investigative Services for purposes of obtaining a search warrant. Denied that he transmitted a "detailed description of the Firebird and its contents." Id. at 204-05.

16. Admitted.

17. Denied. Lynch Dep. Tr. at 223.

18. Admitted that Investigator Lynch spoke with ASA Guy Wolf while preparing his application for a search warrant. Denied that Investigator Lynch spoke with ASA Guy Wolf about the Firebird. As to the claim that "State's Attorney Wolf's advice regarding the bags was to 'seize them but don't look in them", that claim is denied. Investigator Lynch does not recall that conversation. Id. at 221.

19. Admitted.

20. Admitted.

21. Admitted in part. Items were removed from the car for safekeeping, not pursuant to an investigatory seizure. Kaminski Dep. Tr. at 136; Lynch Dep. Tr. at 177-78.

22. Admitted in part, denied insofar as the description of the particulars of the search warrant is incomplete. Exhibit J to Plaintiff's Opposition to Defendants' Renewed Motion for Summary Judgment ("Pl.'s Opp."), dated January 19, 2007.

23. Admitted.

24. Admitted in part, denied insofar as the description of the particulars of the consent to search is incomplete. Exhibit K to Pl.'s Opp.

25. Denied. Lynch Dep. Tr. at 157.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied as stated. Defendants admit only that items were removed from the Firebird after the search of the house and

that they did not have a warrant for the Firebird. Items were removed from the Firebird for safekeeping, not pursuant to an investigatory search and seizure. Kaminski Dep. Tr. at 136; Lynch Dep. Tr. at 177-78. Also, although her credibility is at issue, J. has claimed that she removed items from the Firebird on March 1, 2000. J. Dep. Tr. at 24-25.

    31. Denied. Kaminski Dep. Tr. at 130-31, 171.

    32. Denied. Kaminski Dep. Tr. at 86-87, 117; Lynch Dep. Tr. at 87, 169.

    33. Denied. Kaminski Dep. Tr. at 86-87, 117; Lynch Dep. Tr. at 87; Mullin Dep. Tr. at 123.

    34. Denied. Kaminski Dep. Tr. at 139; Lynch Dep. Tr. at 207-09.

    35. Admitted that Investigator Lynch came into possession of the items in the Firebird. Lynch Dep. Tr. at 16, 171-72. Denied insofar as Investigator Kaminski does not recall personally removing items from the Firebird. Kaminski Dep. Tr. at 132. Also, although her credibility is at issue, J. has claimed that she removed items from the Firebird on March 1, 2000. J. Dep. Tr. at 24-25.

36. Admitted that Investigator Kaminski and Investigator Lynch did not look inside the bags removed from the Firebird. Denied that Investigator Kaminski has a recollection of removing items from the Firebird. Denied that customary practice in 2000 "would have been to inspect any items taken into custody for safekeeping." Investigator Kaminski actually testified that the current policy is to open containers taken for safekeeping, but that he was not sure what the policy in 2000 was. Kaminski Dep. Tr. at 154-55.

37. Admitted.

38. Admitted.

39. Denied. Kaminski Dep. Tr. at 160-61; Lynch Dep. Tr. at 179, 237; Mullin Dep. Tr. at 174.

40. Admitted in part. Denied as to the characterization "warrantless search." J. pointed out a necklace located in the Fiero, which was her car, and an officer took that necklace.

41. Denied. Kaminski Dep. Tr. at 87; Lynch Dep. Tr. at 87.

42. Admitted that the necklace was not connected to the plaintiff's sexual assault on J. Denied that Investigator Lynch

testified that the necklace was connected to the Carmel, New York investigation. Lynch Dep. Tr. at 200-202.

    43. Admitted only that Lynch photographed the necklace. Denied that Lynch seized the necklace. Id. at 213.

    44. Admitted that the items from the Firebird were placed into the crime scene van and transported to NMPD headquarters. Denied insofar as the defendants have no specific recollection of moving the items from the Firebird to the crime scene van. Kaminski Dep. Tr. at 132; Lynch Dep. Tr. at 16, 171-72.

    45. Denied. Kaminski Dep. Tr. at 80-81; Lynch Dep. Tr. at 20-23.

    46. Admitted.

    47. Admitted.

    48. Admitted.

    49. Denied as stated. Investigator Kaminski's opinion on an acceptable time frame is irrelevant, immaterial and inadmissible. Kaminski Dep. Tr. at 82.

    50. Denied. Investigator Lynch testified that the property was in the evidence room between March 1, 2000 and March 9, 2000. Lynch Dep. Tr. at 41.

51.  Admitted only insofar as the necklace was not logged into the computer and that it was released by Investigator Mullin to the Carmel Police.  Denied that the necklace was improperly seized, rather it was in J.'s car where the plaintiff had no expectation of privacy.  Lynch Dep. Tr. at 85-86; J. Dep. Tr. at 16-17.

52.  Admitted, however the fact is incomplete as it excludes Investigator Lynch's testimony that he reversed the coding when logging the items into the computer system, giving items taken for safekeeping an "evidence" designation and items taken as evidence a "held for safekeeping" designation.  Lynch Dep. Tr. at 61-63.

53.  Admitted, however the fact is incomplete as it excludes further testimony that items designated as evidence can also be held for safekeeping.  Id. at 47-48.

54.  Denied.  One reason why property held for safekeeping could be listed as evidence is that the computer operator mistakenly miscoded the property.  Id. at 62.

55.  Admitted.

56. Admitted except as marking the property as lost or found. Investigator Lynch's testimony was that there is only one designation called "lost and found" not that he could have marked the property "lost" or "found". Id. at 64.

57. Denied. Investigator Kaminski was not involved in the April 17, 2000 search. Kaminski Dep. Tr. at 164. Investigator Lynch was involved in the search, but does not recall whether he seized any property. Lynch Dep. Tr. at 129. The plaintiff provides no evidentiary support for the assertion that "they never logged those items [seized on April 17] into the NMPD's computer system or created any documentation of the seizure."

58. Admitted.

59. Denied insofar as Investigator Lynch does not recall whether he photographed any or all of the property during the inventory on May 9, 2000. Denied that NMPD policies required him to do so. Lynch Dep. Tr. at 113-14.

60. Denied insofar as the roll call room is open to "anyone" at the NMPD. Mullin Dep. Tr. at 144.

61. Admitted.

     62.  Denied insofar as the notation means that the item has been given to the Connecticut State Police before May 9, 2000. Lynch Dep. Tr. at 119.

     63.  Denied as stated.  Investigator Lynch completed an inventory of the items in the bags taken from the Firebird.  The inventory returned to the court pursuant to the May 8, 2000 search warrant, which is a separate document, listed only some of the items.  Investigator Lynch does not recall why not all of the items in the bags were listed on the inventory returned to the court.  Lynch Dep. Tr. at 111-12.  However, the inventory returned to the court listed the jewelry taken from the bags and Investigator Lynch had applied for the search warrant specifically to search for stolen jewelry that was suspected to be in the bags.  Affidavit and Application for Search and Seizure Warrant dated May 8, 2000 and Inventory returned to the court dated June 1, 2000, Exhibit E to Pl.'s Opp.

     64.  Admitted that the plaintiff authorized L. Panico to retrieve his property.

     65.  Admitted that the plaintiff sent correspondence to Investigator Lynch regarding his property.  Denied that the

plaintiff sent six letters to Investigator Lynch.  Denied that the plaintiff sent correspondence regarding his property to Investigator Kaminski.  Exhibit N to Pl.'s Opp.

     66.   Denied that Investigator Kaminski received correspondence from the plaintiff regarding his property. Kaminski Dep. Tr. at 34; Exhibit N to Pl.'s Opp.  Denied that Investigator Lynch "refused" to return the property.  Lynch Dep. Tr. at 132-34.

     67.   Admitted as to Investigator Lynch.  Denied as to Investigator Kaminski.  Kaminski Dep. Tr. at 164.

     68.   Denied as to Investigator Kaminski.  Kaminski Dep. Tr. at 164.  Admitted in part as to Investigator Lynch, denied that Investigator Lynch showed property to the New York State Police or the Putnam County Sheriff's Office.  Denied as to the characterization of "Gombert's property" when only some items were shown to the named individuals or agencies.  Lynch Dep. Tr. at 105-06.

     69.   Denied as to Investigator Kaminski.  Kaminski Dep. Tr. at 164.  Admitted in part as to Investigator Lynch, denied

that property was released to the Danbury State's Attorney's Office.

70. Denied that defendants released any property to the Carmel police department. Kaminski Dep. Tr. at 164; Lynch Dep. Tr. at 86-87. Denied that Investigator Kaminski allowed Carmel police officers to view the plaintiff's property. Kaminski Dep. Tr. at 164. Admitted insofar as Investigator Lynch testified that "it was possible" that Carmel police officers viewed some of the plaintiff's property. Lynch Dep. Tr. at 106.

71. Admitted in part, denied that Investigator Lynch retained responsibility for the property once it was released.

72. Admitted.

73. Admitted.

74. Admitted insofar as the policies state: "As a general rule, a search should seldom be conducted without a search warrant, if time and circumstances permit obtaining one."

75. Admitted that the NMPD policies and procedures in effect in 2000 set forth circumstances where officers could conduct warrantless searches and seizures.

```
                              DEFENDANTS,
                              LARRY LYNCH and WILLIAM KAMINSKI


                              BY   /SS/
                                 James N. Tallberg
                                 Federal Bar No.: ct17849
                                 Karsten, Dorman
                                  & Tallberg, LLC
                                 8 Lowell Road
                                 West Hartford, CT 06119
                                 Their Attorney
                                 Tel. 860-233-5600
                                 Fax. 860-233-5800
                                 jtallberg@karstendorman.com
```

## **CERTIFICATION**

I hereby certify that, on February 8, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

```
                              /SS/
                              James N. Tallberg
```