Gombert v. Lynch

COPY

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------------)
HOWARD JOHN GOMBERT, JR.,          )
                                   )
     Plaintiff,                    ) Civil Action No.
                                   )
          vs.                      ) 3:01 CV 1913 (DJS)
                                   )
LARRY LYNCH AND WILLIAM KAMINSKI,  )
                                   )
     Defendants.                   )
----------------------------------)
```

DEPOSITION OF:  LARRY E. LYNCH

DATE:  DECEMBER 5, 2006

HELD AT:
BINGHAM McCUTCHEN, LLP
ONE STATE STREET
HARTFORD, CONNECTICUT
- - -

Reporter:  Sandra V. Semevolos, RMR, CRR, LSR #74

BRANDON SMITH REPORTING SERVICE
(800) 852-4589

44 Capitol Avenue              Six Landmark Square
Hartford, Ct. 06106            Stamford, Ct. 06901
(860) 549-1850                 (203) 316-8591

Gombert v. Lynch

12/5/2006                                                          Larry Lynch

Page 21

1    Q.    So the property would go directly from the

2 crime scene van into the evidence room; is that right?

3    A.    Yes.

4    Q.    And you returned to the New Milford Police

5 Department on March 2, 2000; is that correct?

6    A.    I would believe so.

7    Q.    Do you recall whether -- strike that.

8          Property was removed from the residence at

9 that address and property was also removed from the

10 Firebird that was at the address; is that correct?

11    A.    Correct.

12    Q.    Do you recall whether that property was

13 collected and placed into the evidence room together?

14    A.    That I don't recall.

15    Q.    Is there any reason why property collected

16 on the same day, such as that collected on March 1

17 and 2, 2000, would not be placed in the property room

18 together?

19    A.    I would say more than likely not.

20    Q.    Can you think of a reason why it might not

21 be placed in the evidence room together?

22    A.    Well, if I didn't get actual possession of

23 it and another officer had it, I wouldn't do anything

24 with it or be able to do anything with it.

25    Q.    But your recollection of the events on

Gombert v. Lynch

1 when you returned with the property?

2    A.    Not always.

3    Q.    What would be a reason for not entering the

4 property into the computer system immediately?

5    A.    Time, being able to do it.

6    Q.    Do you recall whether you entered the

7 property removed from the Aspetuck Ridge address and

8 the Firebird into the computer system?

9            MR. TALLBERG:  Objection.  Asked and

10 answered.

11    A.    I'm sure there is some type of documentation

12 to answer the question that you are asking me.

13            MR. HOLE:  You may have one of these

14 already.  It looks like it's Mullin number 12.

15            MR. TALLBERG:  Okay.

16 BY MR. HOLE:

17    Q.    I'm handing you what was previously marked

18 as Exhibit Mullin 12 for identification.  If you

19 wouldn't mind taking a look at that document, please.

20 It's a document that has in the bottom right-hand

21 corner the characters NMPD 00799 on the first page and

22 on the last page NMPD 00801.  The document consists of

23 three pages, and it's entitled "New Milford Police

24 Department Incident Report, Incident Number 00-167-0F,

25 Call Number 00-2824."

1    Q.    And that stamp says "Evidence transferred,

2 date entered evidence room," and does it say a date

3 when the property was entered into the evidence room?

4    A.    It says "3/9/2000."

5    Q.    And by whom was it entered?

6    A.    It would have been entered by me.

7    Q.    Investigator Lynch?

8    A.    Investigator Lynch, yes.

9    Q.    Can you explain where this property was

10 between the date it was seized, which it says it was

11 3/1/2000, and the date this document states that it

12 was entered into the evidence room on 3/9/2000?

13    A.    It would have been in the evidence room.

14    Q.    So the property was in the evidence room

15 starting on, let's say, 3/2, when you returned from

16 the property, even though it says here that it didn't

17 enter the evidence room until 3/9/2000?

18    A.    No.  That meant that it went into the drug

19 safe.

20    Q.    So when it says "Date entered evidence

21 room," it really means date entered drug safe?

22    A.    That's what that date on 3/9 there is, went

23 into the drug safe.

24    Q.    You'll recall earlier we were looking at

25 Mullin Exhibit 12, and you said that the date

Gombert v. Lynch

12/5/2006                                                    Larry Lynch

Page 48

1    A.    I have to protect the evidence, yes.

2 BY MR. HOLE:

3    Q.    I understand that you have to protect the

4 evidence, but there are two codes in this system; is

5 that correct?

6              MR. TALLBERG:  Objection to form.

7 BY MR. HOLE:

8    Q.    At least two codes in the system.

9    A.    There are a number of codes.

10   Q.    Right.  And when you choose "evidence"

11 instead of choosing "safekeeping," does that mean that

12 evidence is not being held for safekeeping?

13             MR. TALLBERG:  Object to the form.

14   A.    No.  Evidence is -- anything going in the

15 evidence room has got to be protected and secured.

16             MR. TALLBERG:  Are you looking for

17 Kaminski 4?

18             MR. HOLE:  I'm not sure.  I just want

19 to make sure.

20 BY MR. HOLE:

21   Q.    I'm going to hand you what was previously

22 marked as Kaminski number 4.  If you could take a look

23 at that document, please.

24             Do you recognize this document?

25   A.    I've seen it before.

Gombert v. Lynch

12/5/2006                                                     Larry Lynch

Page 61

1  me to look at indicates "Investigation," so, you know,

2  it changes.

3     Q.    And you are referring to Lynch 3 when you

4  say "one of the boxes" checked --

5     A.    And also, you've got the same thing, when

6  you asked me the two investigations in Mullin 19.

7     Q.    So Mullin 19 and Lynch 3 are checked as --

8     A.    Investigations.  And that could be further

9  evaluation of what's going on.

10    Q.    Are you aware of any report like Mullin 12

11 or Kaminski 4 in which the items listed in 18 through

12 25 have a status of something other than evidence?

13    A.    Run that by me again.

14    Q.    Sure.  Are you aware of any reports, like

15 the one in Mullin 12 and the one in Kaminski 4, that

16 type of report, in which the items in Kaminski 4 with

17 the numbers 18 through 25 have a status of something

18 other than evidence?

19    A.    Not that I recall.

20         MR. TALLBERG:  Can we take our break

21 now?

22         MR. HOLE:  Yes, sure.  That's fine.

23    (Recess taken from 11:34 a.m. to 11:39 a.m.)

24         MR. TALLBERG:  Actually, was there

25 something that you wanted to clarify on the record?

Gombert v. Lynch

12/5/2006                                                          Larry Lynch

Page 62

1                THE WITNESS:  Well, going back to these

2 codings --

3 BY MR. HOLE:

4      Q.    Which codings are you referring to?

5      A.    In the "held for safekeeping."

6      Q.    In Kaminski 4?

7      A.    Yes.  It almost appears that this should be

8 reversed.  This should be marked for evidence after

9 the search warrant and the held for safekeeping is

10 before this.

11      Q.    When you say "before this" --

12      A.    The items taken out of the car at the time

13 were being held for safekeeping.  When I ultimately

14 opened this up, after the search warrant, it was more

15 inclined to lean towards an evidence coding, which

16 could be a mistake.

17      Q.    Let me see if I can clarify it a little bit.

18 In Kaminski 4, you are referring to items number 18

19 through 25 and then separately referring to the items

20 26 through the end, and you are suggesting that the

21 items 18 through 25 should have the code "held for

22 safekeeping," and the items 26 through the end should

23 have the code "evidence?"

24      A.    Yes.

25      Q.    But on Kaminski 4, which is dated 6/26/2003,

Gombert v. Lynch

1 the items 26 through the end have the status "held for

2 safekeeping," is that right?

3     A.     It appears that I could have entered that as

4 a mistake.  That could have been a mistake.

5     Q.     And the items number 26 through the end have

6 an entry date of 5/12/2000; is that right?

7     A.     Where are we dealing here?

8     Q.     On Kaminski 4, items 26 to the end.

9               MR. TALLBERG:  Object to the form.

10 Some have other dates.

11 BY MR. HOLE:

12     Q.     Let's deal with item number 26.  Do you see

13 a date under item number 26?

14     A.     I see a date, yes.

15     Q.     The date is 5/12/2000?

16     A.     Yes.

17     Q.     And the date of this report is 6/26/2003; is

18 that right?

19     A.     Well, that would be printed.

20     Q.     Right.  It was printed on 6/26/2003?

21     A.     Correct.

22     Q.     If you look at Mullin 19, which I believe we

23 looked at earlier and you said that the items listed

24 on that form are the items that were removed from the

25 Firebird.