```
                                                                    1


 1   CR00-0110385S              :   SUPERIOR COURT OF CONNECTICUT

 2   STATE OF CONNECTICUT       :   JUDICIAL DISTRICT OF DANBURY

 3                              :

 4   VS                         :   AT DANBURY

 5   HOWARD GOMBERT             :

 6        DEFENDANT             :   FEBRUARY 27, 2002

 7

 8

 9   B E F O R E:     THE HONORABLE GARY WHITE, JUDGE

10

11

12   A P P E A R A N C E S:

13

14

15

16              ATTORNEY WARREN MURRAY, ESQ.

17              Assistant State's Attorney
                for the State of Connecticut
18

19              ATTORNEY ROSEMARIE CHAPDELAINE, ESQ.

20              Representing the Defendant

21

22

23

24

25

26                                        Deirdre Clement
                                          Court Monitor
27
```

1

1  OFFICER LARRY LYNCH,

2           New Milford Police Department, having been duly

3  sworn testified as follows:

4           THE COURT:  You can sit down, sir.

5           Go ahead, Mr. Murray

6  DIRECT EXAMINATION BY MR. MURRAY:

7       Q   Officer Lynch, you work for the New Milford Police

8  Department?

9       A   Correct.

10      Q   Did there come a time around February 2000 where

11 you investigated a sexual assault complaint made by Jane

12 Gunderman?

13      A   Yes.

14      Q   The complaint was Howard Gombert; correct?

15      A   Yes.

16      Q   Did you seize items when were in his motor vehicle?

17      A   Yes, I did.

18      Q   And did you seize some photographs?

19      A   Yes.

20      Q   Did you seize the vehicle?

21      A   No.

22      Q   Where was the vehicle initially?

23      A   At the residence.

24      Q   And did you obtain a search warrant for it?

25      A   Yes.

26      Q   Do you know when that search warrant was obtained?

27      A   February 2000.

                                                                2

    1       Q    And you got the contents of his car including those

    2  photographs pursuant to that search warrant; correct?

    3       A    Yes.

    4       Q    Did you seize the car before you got the search

    5  warrant?

    6       A    No.

    7            MR. MURRAY:  I have nothing else on that

    8       point.

    9            THE COURT:  So, officer, the time you

   10       seized the car and looked to impound the

   11       photographs you, had a search warrant?

   12            THE WITNESS:  We had a search.

   13            THE COURT:  Okay.

   14            THE WITNESS:  For the residence.

   15            THE COURT:  You want to ask any

   16       questions?

   17            MS. CHAPDELAINE:  Just to point out to

   18       the Court, Your Honor --

   19            THE COURT:  Do you have questions?

   20  CROSS-EXAMINATION BY MS. CHAPDELAINE:

   21       Q    Do you know the date you got the search warrant?

   22       A    The day?

   23       Q    Yes.

   24       A    February 29, 2000.

   25       Q    And do you know when you searched the vehicle?

   26       A    When we got it, the date of the --

   27            THE COURT:  Same day?

3

```
 1              THE WITNESS:  Same day.
 2   BY MS. CHAPDELAINE:
 3       Q    Did you impound the car?
 4       A    No.
 5       Q    You left that car where it was?
 6       A    Correct.
 7       Q    You just took the contents of the vehicle?
 8       A    Correct.
 9       Q    And that was on 2/29/00?
10       A    I'm not really not sure on that date.
11              THE COURT:  Well, we have the sealed
12   search warrant right here.  Let's just take a
13   look at it.  The search warrant is dated
14   September 22, 2000.  You want to take a look at
15   it.
16              MR. MURRAY:  This is not the --
17              THE COURT:  That's different search
18   warrant?
19              MR. MURRAY:  Yes.
20              THE COURT:  Okay.  Officer, I think you
21   said it was February --
22              THE WITNESS:  February 29, 2000.
23              THE COURT:  29th.
24              THE WITNESS:  The date of the incident;
25   right.
26              THE COURT:  All right.  So that's a
27   different search warrant.
```

4

1           All right.  Anything else?  Did you want
2      to do ask any other questions?
3  BY MS. CHAPDELAINE:
4      Q    Did you have a search warrant for the house?
5      A    Yes.
6      Q    And what was that search warrant dated for?
7      A    I don't know.
8      Q    Did you search the house the same day you searched
9  the car?
10     A    Yes.
11     Q    And you had two separate search warrants?
12     A    One search warrant.
13     Q    And that was for the premises?
14     A    The premises.
15     Q    Did you have a search warrant for the car?
16     A    No.
17     Q    But you went through the car anyway?
18     A    Well, it was open in plane view.
19     Q    A few minutes ago, officer, you testified you had a
20 search warrant for the vehicle, do you remember testifying to
21 that?
22     A    Well, I think if you could read it back to me.
23     Q    You had one search warrant dated for 2/29/00;
24 correct?
25     A    I believe so.
26     Q    That search warrant was for the home, the premises?
27     A    For the premises.

5

1  Q  It did not include exterior buildings, motor
2  vehicles, motor houses or anything else; correct?
3  A  I don't recall what the affidavit said.
4      MS. CHAPDELAINE:  Nothing further.
5      THE COURT:  All right.  Do you want any
6  further argument?
7      MS. CHAPDELAINE:  Yes, Your Honor
8      THE COURT:  Okay.  Briefly.
9      MS. CHAPDELAINE:  Your Honor, apparently
10 there is no search warrant for that were taken.
11 So for this officer to be put on the stand by
12 the State of Connecticut when it has a
13 reasonable belief at this stage that there was
14 no search warrant for the vehicle and those
15 items were taken illegally seized.  Maybe I
16 don't know what the --
17     THE COURT:  Well, I don't know whether
18 they were illegally seized or not.
19     MS. CHAPDELAINE:  I think it's a
20 collateral issue.  I think it is outrageous to
21 bring it into this case.  I think the photos
22 have already been marked.  I think it's
23 extrinsic evidence of a violation --
24     THE COURT:  Do you want to say anything
25 else, Mr. Murray.
26     MR. MURRAY:  Yes.  It's not clear that
27 the officer is certain of the dates.  I believe

6

```
 1        it would take just a short period of time to
 2        get a faxed copy the search warrant, and
 3        perhaps we can clarify the issue.
 4             THE COURT:  All right.  What I'm going to
 5        do, I'm going to just grant the motion in it's
 6        entirety because this just creates side issues,
 7        and as I said about the nude photos the
 8        prejudice impact is greater than the probative
 9        value.  The 6 -- the 10 photos were admitted
10        into evidence by stipulation are there.  They
11        speak for themselves.  As I indicated earlier I
12        don't see any real prejudice in the officer
13        testifying that he seized the items from the
14        defendant's car, but it appears even testimony
15        of that is going to lead into side issues
16        whether he had a warrant for the house, when he
17        had a warrant for the car, whether this is
18        prejudice to Mr. Gombert, and it's a side
19        street we need not go down because I don't
20        think it's worth it.  So I'm granting the
21        motion.
22
23
24
25
26
27
```

```
                                                                    7

1    CR00-0110385S            :    SUPERIOR COURT OF CONNECTICUT

2    STATE OF CONNECTICUT     :    JUDICIAL DISTRICT OF DANBURY

3                             :

4    VS                       :    AT DANBURY

5    HOWARD GOMBERT           :

6         DEFENDANT           :    FEBRUARY 27, 2002

7

8

9

10                      C E R T I F I C A T E

11

12

13

14        I, Deirdre M. Clement, Court Monitor for the

15   Superior Court, Fairfield County, State of Connecticut, do

16   hereby certify that the foregoing is a true and accurate

17   transcription of the tape recorded proceedings had in the

18   above-entitled case.

19        ~~Dated this 1st day of April 2002, in Danbury,~~

20   Connecticut.

21

22
                                    _____
23
                                    Deirdre M. Clement
24
                                    Court Monitor
25

26

27
```