UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, <br><br> Plaintiff, <br><br> v. <br><br> LARRY LYNCH and WILLIAM KAMINSKI, <br><br> Defendants. | CIVIL ACTION NO. <br> 3:01 CV 1913 (DJS) <br><br><br> APRIL 10, 2008 |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Pursuant to Federal Rule of Civil Procedure 54(d)(2), Plaintiff, Howard J. Gombert ("Mr. Gombert"), hereby moves for attorneys' fees. In support hereof, Mr. Gombert states as follows:

(1) On March 28, 2008, the Court entered a partial judgment (the "Partial Judgment") in Mr. Gombert's favor and against Defendants Larry Lynch and William Kaminski ("Defendants") on Mr. Gombert's claim under 42 U.S.C. § 1983 as set forth in Count II of Mr. Gombert's complaint. As more fully articulated in the Partial Judgment and associated Memorandum of Decision and Order, this Court has now held that the Defendants violated Mr. Gombert's rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by conducting an illegal search and seizure of Mr. Gombert's personal property from his vehicle.

A/72498914.1

(2) 42 U.S.C. § 1988 states, in pertinent part:

> In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

Mr. Gombert is the "prevailing party" in this action because of his success in obtaining the Partial Judgment. Specifically, this Court has already held that the Defendants' conduct violated Mr. Gombert's rights under § 1983.

(3) The undersigned counsel was appointed by the Court and appeared as Mr. Gombert's counsel on June 8, 2006. Since that date, and to the present, Mr. Gombert has incurred approximately $347,650.12 in attorneys' fees and costs. This amount will increase through future proceedings to establish Mr. Gombert's damages. Mr. Gombert will supplement this motion for attorneys' fees with the final amount of his fees and costs after this Court enters judgment in the damages phase of this case, and will, in accordance with any Court order, support that motion with appropriate evidence.

WHEREFORE, Mr. Gombert respectfully moves the Court for an award of attorneys' fees and costs in connection with the Partial Judgment.

Respectfully Submitted,

PLAINTIFF,
HOWARD JOHN GOMBERT

Ben M. Krowicki [ct06153]
ben.krowicki@bingham.com
Sara R. Simeonidis [ct25566]
sara.simeonidis@bingham.com
Brian R. Hole [ct26608]
brian.hole@bingham.com
**BINGHAM MCCUTCHEN LLP**
One State Street
Hartford, CT 06103-3178
(860) 240-2700
His Attorneys

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 10th day of April, 2008, to the following counsel of record:

James N. Tallberg, Esq.
Karsten Dorman & Tallberg, LLC
8 Lowell Road
West Hartford, CT 06119

_____
Brian R. Hole