UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, JR.,: | PRISONER |
| Plaintiff  : | CIVIL ACTION NO. 3:01CV1913(DJS) |
| v.  : | |
| LARRY LYNCH and WILLIAM  : | |
| KAMINSKI,  : | |
| Defendants  : | APRIL 24, 2008 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Pursuant to Federal Rule of Civil Procedure 54(d), Defendants Larry Lynch and William Kaminski object to the plaintiff's motion for attorneys' fees, dated April 10, 2008. Because the plaintiff is not a prevailing party, he has failed to submit any breakdown or documentation in support of his fee claim and his request for attorneys' fees is grossly excessive and patently unreasonable, the plaintiff's astonishing request for attorneys' fees of $347,650.12 should be denied.

**I.   ARGUMENT**

**A.   The Plaintiff Is Not A Prevailing Party Under 42 U.S.C. § 1988**

In order to recover attorneys' fees under 42 U.S.C. § 1988, the plaintiff must be a prevailing party within the meaning of that statute. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A plaintiff may be considered a prevailing party only if he

succeeds on any significant issue in litigation which achieves some of the benefit the he sought in bringing the suit.  Id.

The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Farrar v. Hobby, 506 U.S. 103, 111 (1992).  No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment against the defendants.  Id. at 113.  To qualify as a prevailing party, the plaintiff must have obtained at least some relief on the merits of his claim.  Id. at 111.

A judgment for damages in any amount, whether compensatory or nominal, modifies the defendants' behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.  Id. at 113.  Without a judgment for some amount of damages, the plaintiff only has "the moral satisfaction [that] results from any favorable statement of law," which does not bestow prevailing party status.  Id. at 112.

Here, the plaintiff has obtained a partial judgment against the defendants as to liability only.  The plaintiff has not been awarded any damages, and therefore lacks any enforceable

judgment.  See id. at 111 (to be considered a prevailing party, the plaintiff must obtain an enforceable judgment which directly benefits him at the time of the judgment).  As the plaintiff consequently cannot be considered a prevailing party, his motion must be denied.

### B.  The Plaintiff Has Failed To Establish An Entitlement To Attorneys' Fees

Even if the plaintiff could be considered a prevailing party at this stage, which Farrar makes clear he cannot, his motion is unaccompanied by any documentation supporting his representation that he has incurred attorneys' fees and costs of $347,650.12 from June 8, 2006 to date.  As the fee applicant, the plaintiff bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended and hourly rates.  Hensley, 461 U.S. at 437.  Further, the party seeking an award of fees must submit evidence supporting the hours worked and rates claimed.  Id. at 433.  Where the movant's documentation of hours and rates is inadequate, the court may reduce the award accordingly.  Id.

Here the plaintiff has failed to even identify the hourly rates of his attorneys, nor has he specified how many hours were expended in this matter.  Even assuming *arguendo* that the

plaintiff could be considered a prevailing party at this point, the plaintiff's failure to support his motion with any evidence whatsoever renders it impossible to determine the reasonableness of the requested fees.

In considering a motion for attorneys' fees, a court is required to determine the reasonable hourly rate for the prevailing party's attorneys' fees, taking into account twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[1] Hensley 461 U.S. at 434 n.9. A recent opinion of the Second Circuit has abandoned the term "lodestar" and substituted "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 06-0086-cv (2d Cir. April 10, 2008) (amended opinion), at * 17-18. In determining the presumptively reasonable fee, the court must, bearing in mind all of the relevant variables, including the Johnson factors, determine the hourly rate that a

---

[1] The twelve Johnson factors are:(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

reasonable, paying client would be willing to pay. Id. at *17. The district court should exclude from the fee calculation hours that were not "reasonably expended." Hensley, 461 U.S. at 434. In that vein, counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary. Id. at 433.

Further, the plaintiff's pursuit of damages will not necessarily entitle him to the full amount of attorneys' fees requested, or indeed any fees at all. "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared with the amount sought." Farrar, 506 U.S at 114. Further, the degree of success is crucial to determining the appropriate amount of fees. Id.

Here, the plaintiff's complaint alleges two violations of his right to equal protection under the Fourteenth Amendment, a violation of his right to a reasonable bond under the Eighth Amendment and a violation his right to be free of unreasonable searches and seizures under the Fourth Amendment. Complaint, Counts I-III. In his request for relief, the plaintiff requests

$70,000 in compensatory damages for loss of property and $1,000,000 in punitive damages. Complaint, Request for Relief. The plaintiff's success, therefore, is quite limited: he has succeeded on only one claim out of four in his complaint and has not been awarded any of the relief he sought.

Indeed, by its ruling of February 15, 2005, the Court granted summary judgment in favor of the defendants on the plaintiff's claim that his right to equal protection under the law had been violated by the defendants' failure to arrest the mother of his child, known as J. in this litigation. Gombert v. Lynch, 2005 WL 356770, * 3-4 (D. Conn. 2005). The Court also granted summary judgment in favor of the defendants on the plaintiff's claim that the May 8, 2000 warrant for the search of the contents of the bags removed from the car was invalid. Id. at *4-5.[2]

Where a plaintiff has achieved only limited or partial success, the number of hours reasonably expended on the litigation as a whole may be an excessive amount. Hensley, 461

---

[2] After the defendants filed a motion to dismiss in response to the plaintiff's Complaint, Gombert responded to the motion to dismiss by recharacterizing his claims as an Eighth and Fourteenth Amendment equal protection claim and two Fourth Amendment claims for the removal of items from his car and the validity of the May 8, 2000 warrant. Gombert v. Lynch, supra, at *3.

U.S. at 436.  Indeed, the reasonable fee in such a case is "often no fee at all."  Farrar, 506 U.S at 115.  That is precisely the case with this matter – the plaintiff is not entitled to any fee award.

The plaintiff represents that he has incurred approximately $347,650.12 in attorneys' fees and costs since June 8, 2006.  Since the plaintiff has no compensatory or special damages, it is difficult to imagine how this shocking fee claim could ever be considered reasonable.  It is either grossly exaggerated or patently unreasonable.  In either case, it should be denied.

Reviewing several recent fee award decisions, reasonable hourly rates for civil rights attorneys range from $125 per hour to $400 per hour, depending on the years of experience and level of expertise of the attorneys involved.  See, e.g., Pappas v. Watson & Wyatt & Co., 2008 WL 45385 (D. Conn. 2008) (finding a range of hourly rates of $225 to $400 per hour reasonable, depending on the years of experience for each of the attorneys involved in the case); Mr. & Mrs. M. v. Ridgefield Bd. of Educ., 2008 WL 926518, *2 (D. Conn. 2008) (finding a rate of $125 per hour reasonable for a 2004 law school graduate for work performed in 2006-2007).

Again, as the plaintiff has not indicated what hourly rates he used to calculate the amount he is requesting, even assuming that $250.00 per hour is a reasonable rate, plaintiff's attorneys apparently spent approximately 1,390 hours on this case. Although the plaintiff has declined to elucidate precisely what apparently necessitated more than one thousand hours of his attorneys' time, the amount requested is grossly excessive for a fairly straightforward Fourth Amendment claim.

The plaintiff, in failing to provide any documentation to support his motion, has failed to establish that he is entitled to attorneys' fees. Further, the lack of documentation renders the determination of a presumptively reasonable fee impossible. The importance of documenting the hours spent and the hourly rates used to calculate the request for fees is illuminated by this motion, where one can only speculate how plaintiff's counsel spent 1,390 hours on this matter.

## II. CONCLUSION

For the foregoing reasons, the plaintiff's motion for attorneys' fees should be denied.

```
                                    DEFENDANTS,
                                    LARRY LYNCH and WILLIAM KAMINSKI
                                    BY  /S/
                                      James N. Tallberg
                                      Federal Bar No.: ct17849
                                      Karsten, Dorman & Tallberg, LLC
                                      8 Lowell Road
                                      West Hartford, CT 06119
                                      Tel. 860-233-5600
                                      Fax. 860-233-5800
                                      jtallberg@kdtlaw.com
```

## **CERTIFICATION**

I hereby certify that, on April 24, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

```
                                    /SS/
                                    James N. Tallberg
```