UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD JOHN GOMBERT, <br><br> Plaintiff, <br><br> v. <br><br> LARRY LYNCH and WILLIAM KAMINSKI, <br><br> Defendants. | CIVIL ACTION NO. <br> 3:01 CV 1913 (DJS) <br><br><br> MAY 2, 2008 |

### REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

On April 10, 2008, Plaintiff, Howard J. Gombert ("Mr. Gombert"), moved for attorneys' fees pursuant to Rule 54(d) because the partial judgment the Court entered in his favor on March 28, 2008 (the "Partial Judgment") met the definition of a "judgment" set forth in Rule 54. Fed. R. Civ. P. 54(a) (defining "judgment" to include "any order from which an appeal lies."). The Partial Judgment was a Rule 54 judgment because Defendants could have immediately appealed the Court's decision that Defendants were not entitled to qualified immunity for their unlawful search and seizure of Mr. Gombert's car and property. *E.g., Scott v. Harris*, 127 S. Ct. 1769, 1774, n. 11 (2007) ("[W]e have held that an order denying qualified immunity is immediately appealable even though it is interlocutory"). However, the time for Defendants to appeal the Partial Judgment expired on April 28, 2008, *see* Fed. R. App. P. 4(a)(1)(A) (providing a 30 day deadline for filing a notice of appeal), and they have waived their appellate rights with respect to the issues decided in the Partial Judgment. 10 *Moore's Federal Practice*, § 54.153[1] (3d ed. 2008) ("Notwithstanding a

A/72522069.1

timely motion for attorney's fees, a timely notice of appeal must be filed in order to preserve any ground for error in the judgment on the merits."). The case is therefore ready to proceed to trial on Mr. Gombert's damages, and, for that reason, Mr. Gombert consents to the Court staying adjudication of Mr. Gombert's motion for attorneys' fees until a full and final judgment is entered in Mr. Gombert's favor for compensatory and punitive damages. At that time, and at the direction of the Court, Mr. Gombert will support his motion for attorneys' fees with an appropriate evidentiary submission.[1]

Respectfully Submitted,

PLAINTIFF, HOWARD JOHN GOMBERT

*(signature)*

Ben M. Krowicki [ct06153]
ben.krowicki@bingham.com
Sara R. Simeonidis [ct25566]
sara.simeonidis@bingham.com
Brian R. Hole [ct26608]
brian.hole@bingham.com
**BINGHAM MCCUTCHEN LLP**
One State Street
Hartford, CT 06103-3178
(860) 240-2700
His Attorneys

---

[1] In Defendants' Objection to Plaintiff's Motion for Attorneys' Fees, Defendants argue that Mr. Gombert's motion for fees should be denied because he failed to support it with evidence. This argument ignores the proper procedure for seeking fees: "A fee movant need not, and indeed should not, submit copious evidentiary materials designed to prove the right to a fee or the amount of the fee. Those evidentiary materials should be submitted only as directed by the court." 10 *Moore's Federal Practice*, § 54.154 (3d ed. 2008).

- 3 -

## CERTIFICATION

      I hereby certify that a true and accurate copy of the foregoing was sent via the Court's electronic notification system or by first class U.S. mail, postage prepaid, on this 2nd day of May, 2008, to the following counsel of record:

James N. Tallberg, Esq.
Karsten Dorman & Tallberg, LLC
8 Lowell Road
West Hartford, CT 06119

_____
Brian R. Hole